# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ASSESSMENT TECHNOLOGIES
INSTITUTE, L.L.C., et al.,

      Plaintiffs,

v.

CATHY PARKES, d/b/a LEVEL UP RN,

      Defendant.

Case No. 2:19-CV-02514-JAR-KGG

## ORDER

This matter is before the Court on Defendant Cathy Parkes' Motion for Extension of Time (Doc. 30) to file Memorandum in Opposition to Plaintiff Assessment Technologies Institute, LLC, (ATI)'s Motion for Preliminary Injunction (Doc. 13). ATI does not oppose the motion.[1]

Defendant's response deadline for the Preliminary Injunction Motion was October 10, 2019. But Defendant filed the Response on October 11, 2019, two hours after the midnight filing deadline. On October 11, Defendant filed its Memorandum in Opposition at 12:01 a.m., associated exhibits at 12:45 a.m., and Amended Memorandum in Opposition at 1:50 a.m. At 2:22 a.m., Defendant filed a Motion for Extension of Time now before the Court.[2] In its Motion, Defendant requested a 120-minute extension of time to encompass the three filings.

A party must file a motion to extend time "before the specified time expires."[3] Because the time for filing a response had expired, Defendant was not entitled to seek an extension of

---

[1] Doc. 32.

[2] Doc. 30.

[3] D. Kan. Rule 6.1(a).

1

time under D. Kan. Rule 6.1(a). Instead, Defendant should have sought leave to file a response out of time, which required Defendant to (1) file a concise statement of the leave sought, (2) attach the proposed document, and (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.[4] Defendant incorrectly filed a motion for extension of time in lieu of a motion for leave to file out of time given that the deadline to file a response had already passed. The applicable standard when a party fails to file a responsive pleading within the time specified is excusable neglect, not good cause.[5]

Excusable neglect is an equitable determination, taking into account all relevant circumstances surrounding the party's failure to timely file including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay, which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[6]

Here, the Court finds Defendant's conduct meets the excusable neglect standard. Because the motion is unopposed, and the Defendant missed the Deadline by less than two hours, the Court finds there is no prejudice to ATI. The length of delay was brief: Defendant's Memorandum in Opposition to ATI's Motion for Preliminary Injunction was due on October 10, and all relevant documents were filed within two hours of the deadline. The Court is also satisfied that the motion was made in good faith because Defendant seeks only an extension to include its filings made within two hours of the deadline, and is amenable to extending ATI's reply deadline by 24 hours.

---

[4] D. Kan. Rule 15.1(a).

[5] D. Kan. Rule 7.4(b).

[6] *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234–35 (D. Kan. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L. P.*, 507 U.S. 380, 391–92 (1993)).

Finally, although it was within reasonable control of Defendant to file by the October 10 deadline, the Court is lenient in analyzing this element because the motion is uncontested. Defendant cites "technical filing difficulties" that took longer than expected to upload given that the documents contained "a number of graphic exhibits" that made it "impossible to get the full filing in by midnight."[7]  The Court disagrees that the time it takes to file documents that contain graphics makes it "impossible" to comply with deadlines and encourages Defendant in the future to account for the time it takes to upload documents to comply with filing deadlines.  Similarly, that Defendant received an error message in generating its final table of authorities and table of contents for its brief is not outside Defendant's reasonable control to ensure its word processor is properly operating to timely comply with filing deadlines.  Yet, the Court is satisfied that a California wildfire that threatened a paralegal working on behalf of Defendant with evacuation is outside the reasonable control of Defendant.

Thus, in considering all relevant circumstances surrounding the party's failure to timely file its Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, the Court deems Defendant's conduct excusable neglect, and grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Cathy Parkes' Motion for Extension of Time (Doc. 30), which the Court construes as a Motion for Leave to File Out of Time, is GRANTED.  Defendant's Memorandum in Opposition (Doc. 27) filed on October 11, 2019, is deemed timely.  Plaintiff ATI shall have an additional day to file the reply brief now due on October 18, 2019.

---

[7] Doc. 30.

**IT IS SO ORDERED.**

Dated: October 18, 2019

**s/ Julie A. Robinson**
**United States District Judge**
