# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASSESSMENT TECHNOLOGIES
INSTITUTE, L.L.C.,

    Plaintiff,

v.

CATHY PARKES, d/b/a LEVEL UP RN,

    Defendant.

Case No. 2:19-CV-02514-JAR-KGG

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Assessment Technologies Institute ("ATI")'s Motion for Clarification or Reconsideration Concerning the Scope of Preliminary Injunctive Relief as to Defendant Cathy Parkes' YouTube Videos (Doc. 61). ATI seeks reconsideration of the Court's December 9, 2019 Order where the Court granted some, but not all, of ATI's requested preliminary injunctive relief. This matter is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies ATI's motion to reconsider, but grants its alternative request for clarification of the scope of the Court's December 9, 2019 Order.

**I.    Background**

The Court incorporates by reference the relevant background information set forth in its December 9, 2019 Memorandum and Order granting in part ATI's motion for preliminary injunction, and supplements that background information as follows.

In its December 9, 2019 Order, the Court granted in part ATI's motion for preliminary injunction. The Court enjoined Parkes from selling or distributing seven of her nine study card decks, to wit: Community Health Nursing, Maternal Newborn Nursing, Mental Health Nursing,

Nursing Fundamentals, Nursing Leadership, Nutrition for Nursing, and Pediatric Nursing.[1] The Court found that ATI had met its burden of showing a likelihood of success on its claim that these seven study card decks infringed ATI's copyrights.

The Court also ordered Parkes to remove a total of nineteen videos from three of her YouTube playlists[2] and enjoined Parkes from sharing or viewing them on other platforms. The nineteen enjoined videos are (1) Maternal Newborn (OB) Nursing videos 2, 5, 6, 8, 10 and 12 in Doc. 38-1 at 2–19; (2) Medical Surgical Nursing videos 2, 4, 14, 20, 22, 25, 26, and 34 in Doc. 38-1 at 2–19; and (3) Nursing Pharmacology videos 4, 8, 17, 20, and 39 in Doc. 38-1 at 2–19. The Court found that ATI met its burden of showing a likelihood of success on its claim that these nineteen videos misappropriated ATI's trade secrets.

## II. ATI's Motion for Clarification or Reconsideration

ATI urges the Court to clarify or reconsider its order based on what ATI asserts is an oversight. The Court's order found that ATI met its burden of showing a likelihood that nineteen of the videos misappropriated ATI's trade secrets. But the Court's order did not address whether ATI met its burden of showing a likelihood that these nineteen videos infringed ATI's copyrights. Nor did the Court's order address whether ATI met its burden of showing a likelihood that all of the videos in the seven video playlists that correspond to the seven infringing study card decks also infringed ATI's copyright.[3]

---

[1] The Court did not enjoin the two remaining study card decks—Medical Surgical Nursing and Pharmacology—because ATI did not show substantial similarities between the decks and corresponding ATI Review Modules necessary to show it was likely to succeed on the merits of copyright infringement.

[2] Parkes had posted nine YouTube video playlists at issue; the Court did not enjoin any of the videos on six of these playlists.

[3] ATI does not ask the Court to reconsider whether the Medical Surgical Nursing and Pharmacology video playlists likely infringe on ATI's copyrights. These two video playlists correspond to the two study card decks that were not enjoined.

2

Thus, ATI asks the Court to reconsider or clarify its ruling with respect to its copyright infringement claim on the videos in seven of Parkes' nine video playlists, including the nineteen videos that the Court found likely misappropriated ATI's trade secrets. These seven video playlists are: Community Health Nursing, Maternal Newborn Nursing, Mental Health Nursing, Nursing Fundamentals, Nursing Leadership, Nutrition for Nursing, and Pediatric Nursing.

## III. Legal Standard

Under D. Kan. Rule 7.3, a motion to reconsider must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[4] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[5] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[6] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[7] Whether to grant a motion to reconsider is left to the court's discretion.[8]

## IV. Discussion

ATI does not assert that there has been an intervening change in controlling law, nor new evidence. Rather, ATI apparently seeks reconsideration based on the need to correct clear error, or alternatively, seeks clarification of the Court's order. Because the Court's order did not

---

[4] D. Kan. R. 7.3(b).

[5] *Id.* (citing Fed. R. App. P. 40(a)(2)).

[6] *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

[7] *BHC Dev., L.C. v. Baily Gaming, Inc.*, 985 F. Supp. 2d 1276, 1295–96 (D. Kan. 2013).

[8] *Coffeyville Res. Refining & Mktg., LLC., v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig*., 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

3

squarely address whether there was a likelihood that the videos had infringed ATI's copyrights, the Court clarifies the order as follows.

The Court's Order did not analyze the copyright infringement claim with respect to the videos. The Court's order only states in that regard,

> Parkes' videos, although largely at issue concerning the misappropriation claim, further point to likelihood of infringement. There is one video playlist for each of the nine Review Modules and Study card decks. Within the nine videos that track with ATI's, Parkes suggests answers to actual ATI exam questions on the same subject as her corresponding video. This alone, perhaps, is not enough to show infringement. Yet, considered alongside the evidence discussed above, it strengthens the Court's finding that substantial similarities are present to demonstrate likelihood of success on ATI's copyright infringement claims.

This language pointed to the organization of the video playlists as additional evidence that the study card decks infringed on ATI's Review Modules. It was not a separate analysis of ATI's claim that the videos infringed its copyrights. In this order the Court separately analyzes ATI's copyright claim on all of the videos in the seven video playlists that correspond with the enjoined seven study card decks. As further discussed below, upon reconsideration, the Court clarifies its finding: the nineteen videos previously enjoined on grounds they likely misappropriate ATI's trade secrets are also enjoined on the ground that they likely infringe on ATI's copyrights. The remaining videos are not enjoined.

A.  **Copyright Infringement Standard**

Copyright infringement requires a claimant to show "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original."[9] A certificate of registration of a copyright is prima facie evidence of the validity of the copyright and facts stated in its certificate.[10] A plaintiff can show copying "by establishing that defendant had access to the

---

[9] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1300 (10th Cir. 2014).

[10] 17 U.S.C. § 410(c).

copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material."[11] Substantial similarities are present where "the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value."[12] "The touchstone of the analysis is the 'overall similarities rather than the minute differences between the two works.'"[13]

**B.     Analysis**

It is undisputed that ATI's Review Modules are copyrighted, and that Parkes accessed the Review Modules. Thus, the only issue for the Court to consider is whether substantial similarities exist between ATI's Review Modules and Parkes' YouTube video playlists such that ATI is likely to succeed on its claim that Parkes' videos infringe on its copyrights.

**1.     Videos Previously Enjoined for Their Likelihood to Misappropriate ATI's Trade Secrets**

The content of the nineteen videos previously enjoined for likelihood to misappropriate ATI's trade secrets are also likely to infringe on ATI's copyrights for the same reasons and based on the same evidence. These nineteen videos have the same organizational structure, and ATI pointed to specific instances of copying in the content of those nineteen videos.[14]

Specifically, ATI pointed to evidence that the names of Parkes' video playlists are the same, or nearly the same as the names of ATI Review Modules.[15] ATI also pointed to evidence

---

[11] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009).

[12] *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996) (citing *Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)).

[13] *Id.* (quoting *Atari*, 672 F.2d at 618).

[14] *See* Doc. 42-2 at 2–19 (sealed).

[15] Doc. 14-10 at 54.

of Parkes' disclosure of specific test questions, which are discussed in detail in the preliminary injunction order.[16] Those disclosures were confined to the Maternal Newborn (OB) Nursing playlist, Medical Surgical Nursing playlist, and Nursing Pharmacology playlist. There, the Court found "Parkes homes in on the correct answer to ATI's test items rather than discussing topics holistically."[17] These specific instances of copying, paired with identical and nearly identical naming conventions rise to the level of substantial similarity.

### 2. Remaining Videos

With respect to the remaining videos in the seven playlists, although the titles are the same or nearly the same as ATI Review Module titles, that alone is insufficient to show substantial similarity. ATI did not show specific instances of copying, through side-by-side comparisons, video transcripts, or otherwise, in the content of these videos.

Statements by Parkes and Dr. Coviello also do not show specific instances of copying. Parkes' admission that her videos track with an ATI Review Module, her admission that she encourages viewers to follow along with her study cards as they watch certain videos, and Dr. Coviello's testimony that Parkes' videos track with Parkes' study card decks do not show specific instances of copying. Each of these pieces of evidence offered by ATI is some evidence of structural similarities between the two sets of materials, but does not show specific instances of copying.

Similarly, side-by-side comparisons of Parkes' Maternal Newborn and Mental Health video titles with corresponding ATI Review Module unit structure[18] evidence structural similarities in two of Parkes' playlists, but not specific instances of copying.

---

[16] Doc. 59 at 32–33. (sealed).

[17] Doc. 59 at 33 (sealed).

[18] Doc. 14-10 at 56, 58.

Thus, ATI has not shown the remaining videos are substantially similar to ATI's Review Modules and the Court cannot find they are likely to infringe on ATI's copyrights at this preliminary stage.

### a. Derivative Works Argument

ATI also argues Parkes' videos violate its right as copyright owner of ATI Review Modules to produce derivative works based upon the copyrighted work under 17 U.S.C. § 106(2). A claim of infringement of the copyright holder's exclusive right to produce derivative works still requires a showing of copying.[19] Here, while ATI has demonstrated Parkes accessed the copyrighted material, it still has not made the requisite showing of substantial similarities to show copying as to the remaining videos, as discussed above. Reframing the issue as one of unlawful derivative works does not lower ATI's burden to show likelihood of copying, and accordingly this argument fails.

### b. Public Interest Argument

Finally, ATI points to the Court's finding in its preliminary injunction order that there is a public interest in upholding valid copyrights and that immediate relief is necessary to prevent deterioration of ATI's secure test materials. ATI argues this supports an injunction ordering removal of Parkes' video playlists from YouTube. The Court reiterates the public interest in protecting valid copyrights. Yet, this public interest is not so strong as to diminish the requisite showing of the other prongs of the preliminary injunction test, specifically likelihood of success on the merits. ATI has not satisfied its burden of showing substantial similarities between its Review Modules and Parkes' remaining videos such that the Court can find ATI is likely to succeed on the merits of these claims.

---

[19] *Stan Lee Media,* 774 F.3d at 1300.

## V. Conclusion

The preliminary injunction order remains functionally unchanged; the nineteen videos within three of Parkes' playlists previously enjoined based on their likelihood of misappropriating ATI's trade secrets are enjoined on the additional basis that they are likely to infringe on ATI's copyrights. The remaining videos are not enjoined because ATI failed to show they are substantially similar to ATI's material.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Clarification or Reconsideration Concerning the Scope of Preliminary Injunctive Relief as to Defendant's YouTube Videos (Doc. 61) is **granted in part and denied in part.** The motion to reconsider is denied. The motion to clarify is granted as explained in this order.

**Defendant remains enjoined from selling or distributing** her study card decks on the following subjects: Community Health Nursing, Maternal Newborn Nursing, Mental Health Nursing, Nursing Fundamentals, Nursing Leadership, Nutrition for Nursing, and Pediatric Nursing.

**Further, Defendant remains enjoined from reposting or otherwise sharing the videos the Court ordered Parkes to remove in its December 9, 2019 Order:** Maternal Newborn (OB) Nursing videos indicated as videos 2, 5, 6, 8, 10, and 12 in Doc. 38-1 at 2–19; Medical Surgical Nursing videos indicated as videos 2, 4, 14, 20, 22, 25, 26, and 34 in Doc. 38-1 at 2–19; Nursing Pharmacology videos indicated as videos 4, 8, 17, 20, and 39 in Doc. 38-1 at 2–19.

Defendant may continue to sell her other study card decks and leave the remaining video playlists on YouTube.  Defendant is not enjoined from creating other, non-infringing nursing material.

**IT IS SO ORDERED.**

Dated: January 31, 2020

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             CHIEF UNITED STATES DISTRICT JUDGE