# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASSESSMENT TECHNOLOGIES
INSTITUTE, L.L.C.,

    **Plaintiff,**

v.

CATHY PARKES, D/B/A LEVEL UP RN,

    **Defendant.**

Case No. 2:19-CV-2514-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Assessment Technologies Institute ("ATI")'s Motion to Redact Transcript re Portions of Preliminary Injunction Hearing Transcript (Docs. 78 & 80). On November 12, 2019, the Court heard evidence and argument on ATI's Motion for Preliminary Injunction.[1] On December 9, 2019, the Court issued a memorandum and order granting in part and denying in part ATI's preliminary injunction motion.[2] Portions of the order were publicly redacted[3] and an unredacted version of the order was filed under seal.[4] ATI now moves to redact portions of the official transcript from the November 12, 2019 preliminary injunction hearing.[5] The Court expedited briefing on this motion. Because no response or reply was filed and the expedited deadlines have passed, this motion is ripe for decision and the Court is prepared to rule. As described more fully below, the Court grants in part and denies in part Defendant's motion to redact.

---

[1] Doc. 13.

[2] Doc. 59.

[3] Doc. 63.

[4] Doc. 59.

[5] Doc 78.

**I.     Legal Standard**

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[6] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[7] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[8] "The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[9]

**II.    Discussion**

ATI seeks to redact portions of the publicly available preliminary injunction transcript that contain largely the same information the Court has previously granted leave to redact in earlier filings in this case. Specifically, ATI seeks to redact its trade secrets that appear in the transcript in the form of questions, test items, and answers found in ATI's exams intended for nursing school examinations and preparation for nursing licensure examinations. Additionally, ATI seeks to redact details of its business relationships, including the identities of its customers. The only material ATI now seeks to redact that it was not previously granted leave to redact is testimony explaining the structure of an ATI multiple choice exam question[10] and testimony regarding ATI's protocol for re-using exam questions in different years' exams.[11] For reasons

---

[6] *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).

[7] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[8] *Id.*; *see also United States v. Apperson*, Nos. 14-3069, 14-3070, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016).

[9] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

[10] Doc. 76-1 at 91–91.

[11] *Id.* at 94.

discussed below, ATI's motion to file the preliminary injunction transcript under seal, and make a redacted version of the transcript publicly available, is granted in part and denied in part.

### A. Trade Secrets

ATI seeks to redact testimony regarding ATI exam questions, test items, and answers that constitute confidential trade secrets.[12] Hearing testimony regarding these trade secrets includes verbatim recitations of ATI test questions and answers, and references to Parkes' video transcripts and "Level Up RN" materials that are likely substantially similar to ATI's test material.[13] Such testimony occurred in both parties' opening statements as well as in witness examinations.

ATI argues this information is highly proprietary and of little interest to the public; disclosure of ATI's secure exam information could harm ATI's reputation, and competitive edge. It further argues keeping this information confidential is within the public's interest of ensuring nursing students are adequately trained and prepared to enter the nursing profession and do not merely memorize exam questions and answers.

The Court previously allowed the parties to file documents under seal that contained the same information ATI now seeks to redact. The parties previously agreed to redactions of this same material.[14] Accordingly, the Court also finds it appropriate to file under seal testimony containing ATI's trade secrets. ATI's interest in keeping its exam questions and answers secure,

---

[12] In its December 9, 2019 Order, the Court found ATI's exam questions, test items, and answers constitute trade secrets, some of which were likely misappropriated by Parkes. Doc. 59 at 31–34.

[13] In its December 9, 2019 Order, the Court found that some portions of Parkes' Level Up RN study cards and YouTube videos were likely substantially similar to ATI's materials. Doc. 59 at 25.

[14] "The limited redactions identified by ATI contain information that was previously the subject of orders from the Court granting the parties' motions for leave to file under seal—i.e., information pertaining to ATI's trade secret questions and answers on the ATI Proctored Exams and the identities of certain ATI customer schools whose sensitive business communications are discussed. *See* Dkt. Nos. 18, 40, 41." Doc. 63 at 1–2.

3

for competitive business reasons and upholding the integrity of the nursing profession, outweighs the public's interest in access to these portions of testimony.

### B. Business Information

Next, ATI seeks to redact the names and identifying information of its customers contained in the preliminary injunction transcript. Such identifying testimony includes references to the names of specific nursing schools that are clients of ATI, as well as references to the size or status of ATI's accounts with these clients. Testimony also includes information about contract negotiations with one particular nursing-school client.

ATI argues this testimony poses a threat to ATI's competitive position, the goodwill of its customers, and would give ATI's competitors an unfair advantage. It further argues the public has no compelling interest in the identities of specific ATI clients.

The Court previously granted leave to file under seal references to the names of ATI clients in earlier filings. The Court finds ATI's requested redactions are in line with information for which the Court previously granted leave to file under seal. The proposed redactions are as minimal as possible to protect ATI's valid business interests without infringing on the public's right to access.

### C. Non-substantive Exam Content

ATI seeks to redact two portions of the preliminary injunction hearing transcript that relate to technical administration of their exams. Specifically, ATI seeks to redact testimony that discusses (1) the structure of an ATI multiple choice question[15] and (2) whether and how ATI reuses exam content in exams of different years.[16]

---

[15] Doc. 76-1 at 91–91.

[16] *Id.* at 94.

4

The testimony regarding the structure of ATI's multiple choice questions or "test items" does not contain the same confidential trade secrets or business information as the material discussed above and therefore may not be filed under seal. This portion of the testimony mentions that a test item consists of one correct answer and three incorrect answers. ATI does not argue that this exam question format is unique, and its disclosure does not compromise the security of its exams nor disclose substantive exam questions or answers. Surely, it is not a secret to examinees that they are to select a correct answer from multiple incorrect answer-choices. Accordingly, lines 22–25 on page 90, and line 1 of page 91 may not be filed under seal.

Testimony regarding ATI's use and reuse of exam questions on different years' exams is, however, appropriate to restrict from public access. This testimony discusses ATI's internal operations, business decisions, and exam-creation methods such that it could harm ATI's competitive edge and reputation. It is, thus, appropriate to be filed under seal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Redact Transcript re Portions of Preliminary Injunction Hearing Transcript (Docs. 78 & 80) is **granted in part and denied in part** as explained in this order. The Clerk's office is directed to file the Transcript of Motion for Preliminary Injunction Hearing (Doc. 76) under seal, immediately.

**IT IS FURTHER ORDERED** that the court reporter will publicly file a redacted version of the Transcript of Motion for Preliminary Injunction Hearing in accordance with this order, no later than April 1, 2020.

**IT IS SO ORDERED.**

Dated: March 24, 2020

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE