## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 19-2514-JAR-KGG |
| | ) | |
| CATHY PARKES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER ON
## <u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

Now before the Court is the Motion for Protective Order (Doc. 87) filed by Plaintiff Assessment Technologies Institute ("Plaintiff"). Having reviewed the submissions of the parties, Plaintiffs' motion is **DENIED**.

## <u>BACKGROUND</u>

Plaintiff produces copyright protected educational resources and assessment materials used by nursing schools throughout the United States. It is uncontested in this case that "[n]ursing schools license ATI's proprietary educational content to use in their nursing program curriculum and also use ATI's proprietary tests to evaluate their students' understanding of information and skills that are essential in the nursing profession." (Doc. 1, at 1; Doc. 24, at 1.)

Defendant Cathy Parkes ("Defendant"), who graduated nursing school, contends she "decided to help nursing students master [Plaintiff's] material, first with in-person tutoring sessions, then with free videos, followed by flash cards for purchase." (Doc. 24, at 2.) Plaintiff, on the other hand, alleges that Defendant "has built a business copying ATI's copyrighted works and providing students with answers to ATI's proprietary tests." (Doc. 1, at 2.) Plaintiff continues that Defendant "is improperly making unauthorized use of ATI's copyrighted exams and review materials to teach students enough of the answers on the ATI exams so that students will score well and trick their nursing schools into believing that they have the requisite knowledge to graduate and sit for" the National Council Licensure Examination. (*Id.*, at 2.) Plaintiff brings claims for breach of its terms and conditions, copyright infringement, violation of the Kansas Uniform Trade Secrets Act, violation of the Defend Trade Secrets Act, and unfair competition.

The District Court previously granted in part Plaintiff's request for a preliminary injunction, wherein Plaintiff asked the Court to enjoin Defendant "from continuing to sell nursing-education study cards and placing nursing-education videos on YouTube or elsewhere that infringe on [Plaintiff's] copyrights and/or misappropriate [its] trade secrets in breach of its contracts with [Defendant]." (Doc. 59, sealed, at 1.) Plaintiff also sought for Defendant to "be ordered to remove certain nursing-education videos from YouTube." (*Id.*)

## ANALYSIS

The present motion initially raises three issues that Plaintiff contends the parties were unable to resolve during the meet-and-confer process prior to the filing of the motion:  "(1) the appropriate scope of Attorneys' Eyes Only (AEO) protection; (2) whether one ATI in-house lawyer may have access to AEO information produced in this case; and (3) whether a party should be given a short amount of time to object before the other party can provide AEO information to an expert or consultant."  (Doc. 88, at 1.)  Plaintiff argues that "[t]he provisions set forth in [its] Proposed PO are necessary and appropriate in order to protect [its] trade-secret and highly confidential information from being improperly disclosed to, and possibly misused by, Defendant… ."  (*Id.*)

Defendant responds that Plaintiff "inexplicably failed to disclose to this Court that the parties resolved all issues except the issue of whether [Defendant] should be required to waive its right to challenge, at a later time, [Plaintiff's] designation of Attorneys' Eyes Only ("AEO") documents."  (Doc. 95, at 1.) According to Defendant, comparing the two competing proposed Protective Orders indicates that only the following sentence, **in bold**, from Section 3 of the proposed orders is in dispute:

> Such information shall be limited to (i) Plaintiff's
> proctored exams that Plaintiff claims are trade secrets,
> (ii) Plaintiff's practice exams that Plaintiff claims were
> not already seen by Defendant, (iii) the parties' financial

> information, and (iv) other information stipulated by the
> parties to be treated as Attorneys' Eyes Only
> Information.  **By agreeing to this provision, neither
> party waives its right to later assert that any
> information designated as Attorneys' Eyes Only
> should instead be declassified or changed to
> CONFIDENTIAL, not Attorneys' Eyes Only**.

(Doc. 95-2, at 14.)  Plaintiff contends that the bolded sentence above should

instead read:

> By agreeing to this provision, neither party waives its
> right to later assert that any information designated as
> Attorneys' Eyes Only *under the foregoing categories
> (iii) or (iv)* should instead be declassified or changed to
> CONFIDENTIAL, not Attorneys' Eyes Only.

(Doc. 95-1, at 13 (Plaintiff's requested changes in bold italics).)

Defendant responds that she has "already agreed that the protective order

should have a provision allowing ATI to designate as AEO its proctored and

practice exams," as encompassed in sections (i) and (ii), *supra*.  (Doc. 95, at 3.)

Thus, the only issue remaining is whether Defendant "should be precluded from

seeking to declassify those tests at a later point, if [she] determines that, in fact,

those documents are already publicly available or the designation of those

documents as AEO prevents [her] from defending herself."  (*Id*.)  Defendant

continues that all of Plaintiff's arguments as to

> why there is no reason to declassify those documents are
> irrelevant arguments at this time because [Defendant] has
> not requested the Court to declassify the documents yet,
> and [she] may never seek declassification.  If [she] does

> seek declassification in the future, she will, at that time, present an appropriate basis for doing so, and [Plaintiff] will have the opportunity to make its responsive arguments at that time.

(*Id*.)

Plaintiff disagrees with Defendant's summary of the remaining issues and replies that the Court must resolve:

> (1) whether [Defendant] should be precluded from challenging AEO designations as to [Plaintiff's] Proctored Exams and any [of Plaintiff's] Practice Exams that she has never seen before; and (2) whether one [of Plaintiff's] in-house counsel responsible for litigation decision-making should be permitted to access [Defendant's] AEO materials.

(*Id*.)  Thus, the Court will analyze these two issues.

## A.      Challenging AEO Designation of Proctored and Practice Exams.

Plaintiff argues that the Court should approve its proposed provision that would prohibit Defendant "from challenging AEO designations for [Plaintiff's] Proctored Exams and … Practice Exams that she has never seen before."  (Doc. 97, at 2.)  Plaintiff contends that disclosure of "these narrowly defined categories of information" would likely cause it "substantial harm" because "(a) [Defendant] has admitted that she is [Plaintiff's] competitor and (b) the Court has found that [Defendant] likely misappropriated [Plaintiff's] trade secrets from its Proctored Exams."  (*Id*.)  Plaintiff contends that Defendant's response brief "does not even try to dispute [Plaintiff's] showing of likely substantial harm."  (*Id*.)  Plaintiff also

argues that it "should not have to risk exposing … additional proprietary and confidential information that [Defendant] has never seen, including trade secrets from [Plaintiff's] Proctored Exams, in order to prove that she misappropriated [Plaintiff's] trade secrets." (Doc. 97, at 2.)

The Court agrees with Defendant that Plaintiff's request to permanently foreclose the potential challenge to AEO designation of the proctored and practice exams is improper and premature "because [Defendant] has not requested the Court to declassify the documents yet, and [she] may never seek declassification." (Doc. 95, at 3.) Further, merely allowing Defendant to challenge the AEO designation does not necessarily mean Defendant will be granted access to the documents. Rather, as stated by Defendant, if she does eventually challenge the classification, Plaintiff "will have the opportunity to make its responsive arguments at that time." (Doc. 95, at 3.)

Without placing specific documents in the context of an appropriate challenge by Defendant, the Court is unwilling to blindly accept Plaintiff's contention that declassification of any and all such documents would automatically cause Plaintiff substantial harm. Clearly, if declassification is requested, Plaintiff will have the opportunity to establish that doing so will cause substantial harm. If and when Plaintiff makes this showing, the declassification would be rejected by the Court and the documents would remain Attorneys Eyes Only. This mechanism

provides Plaintiff with adequate and appropriate protection for documents that have not yet been – and may not even be – sought to be declassified.  This portion of Plaintiff's motion is, therefore, **DENIED**.

**B.      Access to Defendant's AEO Materials By In-House Counsel.**

Plaintiff also contends that whether its in-house counsel would be prohibited from seeing AEO information remains at issue.  (Doc. 97, at 4.)  Plaintiff admits that

> as part of a proposed compromise to avoid this very motion practice, '[Plaintiff] had agreed to remove the provision of the protective order that would allow access to the AEO documents by [its] in-house counsel.'  Doc. No. 95 at 1.  However, as shown in an exhibit that [Defendant] submitted together with her opposition, [Plaintiff's counsel stated that, 'if [Plaintiff] is required to file a motion for entry of a protective order, it intends to ask the Court to permit at least one in-house counsel to access AEO information under the protective order.' Doc. No. 95-1 at 4.  Consistent with this statement, because it was required to file the instant motion, [Plaintiff] is requesting that the Court grant one in-house counsel access to AEO information.

(*Id.*, at 4-5.)

The Court is concerned that Plaintiff was previously willing to agree as to this issue, but now seeks Court intervention simply because Defendant would not agree to all of Plaintiff's other demands.  That stated, the Court acknowledges that it is Defendant's burden "to demonstrate good cause as to why [Plaintiff's] in-house counsel should not be permitted to review her AEO information under the

protections of the protective order." (Doc. 97, at 5 (citing *Layne Christensen v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (citing Fed.R.Civ.P. 26(c)(1)(G)).) "To establish good cause, that party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Layne Christensen*, 271 F.R.D. at 244 (citation omitted).

The Court finds, however, that Defendant has met this burden. Defendant argues that

> [t]he purpose of an AEO order is to prevent competitors from obtaining sensitive data that can be misused, even inadvertently. Outside counsel have a physical distance from clients and have separate computer systems that prevent inadvertent disclosure to business people. [Plaintiff] has not disclosed anything about how its in-house counsel would manage [Defendant's] AEO information to prevent inadvertent disclosure. [Defendant] does not have in-house counsel and she will be handicapped by not being able to review [Plaintiff's] AEO information. Since [Plaintiff] expects [Defendant] to defend herself without the benefit of reviewing [Plaintiff's] AEO information, there is no reason [Plaintiff] cannot, and should not, be under the same restriction.

(Doc. 95, at 5.) The Court finds that Defendant's stated reasons for prohibiting Plaintiff's in-house counsel from reviewing Defendant's AEO information – coupled with Plaintiff's initial agreement to remove the provision allowing access to the documents by its in-house counsel – provides sufficient justification for the

Court to deny Plaintiff's request.  As such, this portion of Plaintiff's motion is

**DENIED**.  The Court will adopt and enter Defendant's proposed Protective Order.


      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective

Order (Doc. 87) is **DENIED**.

      IT IS SO ORDERED.

      Dated this 28th day of April, 2020, at Wichita, Kansas.

                s/ KENNETH GALE
                HON. KENNETH G. GALE
                U.S. MAGISTRATE JUDGE