# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASSESSMENT TECHNOLOGIES )
INSTITUTE, LLC, )
               Plaintiff, )
)
v. )   Case No.: 19-2514-JAR-KGG
)
CATHY PARKES, )
)
               Defendant. )
_____)

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now before the Court is the Motion for Protective Order/Motion to Quash Deposition of Becky Pontes (Doc. 120) filed by Plaintiff Assessment Technologies Institute ("Plaintiff"). Having reviewed the submissions of the parties, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

**A.    General Background.**

Plaintiff produces copyright protected educational resources and assessment materials used by nursing schools throughout the United States. It is uncontested in this case that "[n]ursing schools license ATI's proprietary educational content to use in their nursing program curriculum and also use ATI's proprietary tests to

1

evaluate their students' understanding of information and skills that are essential in the nursing profession." (Doc. 1, at 1; Doc. 24, at 1.)

Defendant Cathy Parkes ("Defendant"), who graduated nursing school, contends she "decided to help nursing students master [Plaintiff's] material, first with in-person tutoring sessions, then with free videos, followed by flash cards for purchase." (Doc. 24, at 2.) Plaintiff, on the other hand, alleges that Defendant "has built a business copying ATI's copyrighted works and providing students with answers to ATI's proprietary tests." (Doc. 1, at 2.) Plaintiff continues that Defendant "is improperly making unauthorized use of ATI's copyrighted exams and review materials to teach students enough of the answers on the ATI exams so that students will score well and trick their nursing schools into believing that they have the requisite knowledge to graduate and sit for" the National Council Licensure Examination. (*Id*., at 2.) Plaintiff brings claims for breach of its terms and conditions, copyright infringement, violation of the Kansas Uniform Trade Secrets Act, violation of the Defend Trade Secrets Act, and unfair competition.

The District Court previously granted in part Plaintiff's request for a preliminary injunction, wherein Plaintiff asked the Court to enjoin Defendant "from continuing to sell nursing-education study cards and placing nursing-education videos on YouTube or elsewhere that infringe on [Plaintiff's] copyrights and/or misappropriate [its] trade secrets in breach of its contracts with

[Defendant]."  (Doc. 59, sealed, at 1.)  Plaintiff also sought for Defendant to "be ordered to remove certain nursing-education videos from YouTube."  (*Id.*)

## B.   Facts Relevant to Present Motion.

In the present motion, Plaintiff seeks intervention from the Court relating to the deposition of Becky Pontes.  Plaintiff seeks a protective order pursuant to Fed.R.Civ.P. 26(c)(1)(B) contending that the deposition that was noticed for August 4, 2020, should not occur until a mutually agreed upon date.  (Doc. 120.)  Plaintiff argues that

> [i]n an effort to obtain the deposition of Ms. Pontes before providing the deposition of William Parkes, a key third-party witness, Parkes unilaterally noticed the deposition of Becky Pontes.  Parkes' counsel failed to meet and confer with ATI to see whether Ms. Pontes was available on August 4, 2020 prior to filing the Notice, as required under the Court's Deposition Guidelines.

(Doc. 120, at 3.)

Defense counsel counters that it <u>did</u> make reasonable efforts to confer on the scheduling of depositions.  (Doc. 121, at 2.)  Defendant continues that "the only reason [Plaintiff] has given for refusing to make Ms. Pontes available for a deposition is because [Plaintiff] wants to depose [two third-party witnesses, William Parkes and Chief Digital Advisors, LLC ('CDA')] first."  (*Id.*)  Defendant continues that Plaintiff "has no right to demand that a third party be deposed before

it makes its own witness available for a deposition, and [Plaintiff] has pointed to no rule or precedent that would allow it to make such a demand." (*Id.*)

The Court finds that Defendant made reasonable efforts to confer prior to noticing the deposition. This argument by Plaintiff is disregarded. Further, Defendant is correct that there is no rule or precedent giving a party the right to demand depositions or discovery in a certain order. Rule 26(d)(3) of the Federal Rules of Civil Procedure relates to the sequence of discovery. The rule specifically states that

> [u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery.

Fed.R.Civ.P. 26(d)(3).

As noted by the parties in their briefing, they participated in a telephone conference with the undersigned Magistrate Judge on July 29, 2020, to discuss this issue. The telephone conference did not resolve the dispute, but the Court specifically instructed the parties as to Rule 26, *supra*, and stated there was no legal precedent for a party to demand depositions in a particular sequence. The Court informed the parties that if it was left to decide the issue, it may have to

resort to the concept of chance and potentially decide the order of the depositions by coin-flip.  Despite this, the parties were unable to reach an agreement and Plaintiff has sought the Court's assistance on this issue.

As such, the Court orders that the following depositions **occur in this sequence**:  1) Becky Pontes; 2) William Parkes; 3) the 30(b)(6) deposition of CDA; and 4) Dr. Gorham.[1]  Further, the depositions **must be completed in three consecutive days and must occur by September 18, 2020**.  The depositions may occur by teleconference or videoconference if necessary.  As such, Plaintiff's motion (Doc. 120) is **GRANTED in part** and **DENIED in part** as set forth herein.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order/Motion to Quash (Doc. 120) is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

Dated this 14th day of August, 2020, at Wichita, Kansas.

          s/ KENNETH G. GALE
          HON. KENNETH G. GALE
          U.S. MAGISTRATE JUDGE

---

[1]  The parties may opt out of this sequence of depositions **by mutual agreement only**.