**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C,** | |
| **Plaintiff,** | |
| v. | **Case No. 19-2514-JAR-KGG** |
| **CATHY PARKES d/b/a LEVEL UP RN,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Assessment Technologies Institute, Inc.'s Motion to Enforce Preliminary Injunction Order and for Contempt (Doc. 125). The motion is fully briefed, and the Court conducted a hearing by teleconference on October 7, 2020. The Court has considered the briefing, the evidence and argument presented at the hearing, and Defendant Cathy Parkes' Declaration.[1] For the reasons explained below, the Court denies Plaintiff's motion.

**I.     Background**

Plaintiff Assessment Technologies Institute, LLC ("ATI") developed and sells a package of nursing-education products that includes review materials, assessment and remediation methodology, practice examinations, actual proctored examinations, and myriad other study tools including electronic flash cards and various types of video presentation. In late 2017, Defendant Cathy Parkes began offering YouTube videos under the name Level Up RN that discussed some of ATI's material. ATI claims in this lawsuit that Parkes' YouTube videos

---

[1] Doc. 138.

infringe on its copyrights and misappropriate its trade secrets by revealing in a coded fashion what test questions and answers students would encounter on ATI proctored examinations.  In 2018, Parkes began selling study flash cards.  ATI claims in this lawsuit that these study cards infringe its copyrighted Review Modules.  ATI further claims that Parkes breached her contract with ATI, entered into back when she was a nursing student and purchased ATI materials, agreeing to ATI's terms and conditions to not use or disclose ATI's materials directly or derivatively.

On December 9, 2019, this Court granted ATI's motion for preliminary injunction as to seven out of nine study flash card "decks" Parkes sold and several of Parkes' YouTube videos.[2]  As part of its preliminary injunction analysis, the Court ruled that ATI was likely to succeed on the merits of her copyright infringement claim as to the enjoined study card materials.[3]  A copyright infringement claim requires a showing of copying, which is generally shown "by establishing that Defendant had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material."[4]  The Court found that Parkes' study decks correspond in name, number, and subject matter to each of ATI's Review Modules.  The Court also found that Parkes' study cards are similar in structure to ATI's Review Modules—ATI has nine Review Modules, and Parkes has nine corresponding study decks.  And the Court found that Parkes' units within each study deck and the organization of those units track with the units in ATI's Review Modules.

---

[2] Doc. 59.

[3] *Id.* at 23–30; *see, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." ).

[4] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996)).

In addition, the Court found substantial similarities between the study cards' original content.  Specifically, the Court focused on "conceptual examples" Parkes used in her study cards to illustrate certain nursing concepts which were the same as unique examples that ATI used in its study materials.  For instance, the Court noted Parkes' example of a father who loses his job and subsequently destroys his child's toy to demonstrate "displacement," the exact illustration of "displacement" offered by ATI.  The Court also noted that Parkes used ATI's example of a man bringing his wife flowers following an instance of domestic abuse under the same "undoing" subheading in the same Mental Health study card deck.

Although the Court discussed these similarities in the Preliminary Injunction ("PI") Order, it did not conduct a card-by-card comparison.  Indeed, ATI did not submit all of the study cards for comparison.  Instead, ATI submitted and the Court relied on "examples of verbatim, rephrased, or reworded content" for each of the seven study card decks that the Court enjoined.  One of these study card decks was "Nursing Fundamentals," which corresponded with ATI's "RN Fundamentals" Review Module.  In support of its PI motion, ATI submitted eight examples of similarities between Parkes' Nursing Fundamentals study cards and ATI's "RN Fundamentals" study cards, which the Court cited in support of its finding that there were instances of verbatim, rephrased, or reworded content with respect to that study deck.[5]

Despite ultimately enjoining Parkes from selling or distributing the seven study card decks after finding a likelihood of success on the merits of ATI's copyright infringement claim, the Court made clear that "Defendant is not enjoined from creating other, non-infringing nursing material."[6]  In March 2020, Parkes released a new set of study cards called Health Assessment

---

[5] Doc. 59 at 9 n.15, 29 n.71 (citing Doc. 34-25 at 51–58).

[6] *Id.* at 43.

Flashcards for Nursing Students ("Health Assessment"). Upon review, ATI determined that 27 of the 64 cards in this "original" deck were substantially similar to the cards in Parkes' Nursing Fundamentals deck enjoined by the PI Order. ATI demanded that Parkes stop selling and distributing the Health Assessment study cards. After requesting and receiving examples of what ATI contended to be infringing, Parkes revised eleven of the original study cards identified by ATI as infringing.

Parkes sold the original Health Assessment study card deck from at least March 2020 through July 30, 2020. ATI maintains that 27 of the 64 cards in this deck violate the PI Order because they use verbatim, rephrased, or reworded content copied from ATI. Moreover, ATI contends that the revised cards also violate the PI Order because they made only minimal changes to the original violative deck. Specifically, ATI identifies the following 27 Health Assessment study cards in the original and revised decks as violative: 1, 3–8, 15–16, 31–37, 39–43, 51, 56, 58, 60–61, and 63.

## II. Discussion

In its motion, ATI asks the Court to find Parkes in contempt for violating the PI Order when she developed and sold her Health Assessment study card deck. ATI asks the Court to enforce the PI Order and impose contempt sanctions as follows: (1) require that Parkes stop selling or distributing her Health Assessment study card deck or, at the very least, stop selling or distributing the 27 cards that are substantially similar to her enjoined Nursing Fundamentals study cards; (2) require that Parkes remove from distribution and stop selling any other materials that are similarly in violation of the Court's PI Order; and (3) award ATI its attorneys' fees and costs associated with bringing this motion. In the reply, ATI further asks the Court to sanction Parkes by requiring disgorgement of any ill-gotten profits.

4

A.     **Standard**

Civil contempt sanctions are considered coercive and are "designed to [either] compel future compliance with a court order," or be compensatory.[7]  To prove civil contempt, ATI must show by clear and convincing evidence that (1) a valid court order existed; (2) Parkes had knowledge of the order; and (3) Parkes disobeyed the order.[8]  If ATI can make this showing, then the burden of production shifts to Parkes to show that she either complied with the PI Order or could not comply with it.[9]  It is undisputed that the PI Order is a valid Court order and that Parkes had knowledge of it.  The parties dispute whether Parkes disobeyed the PI Order by selling the original and revised Health Assessment study card decks.

B.     **Application**

As described above, the Court made clear in the PI Order that Parkes could create non-infringing study material for the nursing exam notwithstanding the injunction as to the specific study card decks and YouTube videos at issue on that motion.  At the outset of its likelihood-of-success analysis the Court found that ATI's Review Modules are a factual compilation; thus, even though nursing facts themselves are not protectable, the manner in which ATI organized and presented these nursing facts is protectable.[10]  The Court found that Parkes "mirrored" ATI's unique presentation of nursing facts: "ATI has curated, digested, and presented information in a unique way while retaining the accuracy of nursing information."[11]  Therefore, the Court found

---

[7] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–29 (1994).

[8] *E.g.*, *Phone Directories Co. v. Clark*, 209 F. App'x 808, 813 (10th Cir. 2006); *FTC v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004).

[9] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

[10] *See Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 350 (1991).

[11] Doc. 59 at 25.

substantial similarity as "evidenced by her study cards' structure, and specific instances of ATI's original content that appear in her study cards."[12]

Only one of Parkes' enjoined study card decks is at issue on this motion—her Nursing Fundamentals deck. Parkes argues that the Heath Assessment study deck is a completely different set of study materials and is not comparable to the compilation enjoined by the Court in the PI Order. Moreover, Parkes urges that the only similarities the Health Assessment study cards have with ATI's study material involve nonprotected nursing facts. The Court addresses these arguments in considering whether ATI has met its burden of demonstrating by clear and convincing evidence that Parkes violated the Court's PI Order by creating and selling the Health Assessment study cards.

### 1. Organization and Structure

In the PI Order, the Court spent considerable time comparing the organization and structure of Parkes' study cards with ATI's Review Modules. Like ATI, Parkes organized her study cards into nine decks, named identically or virtually the same. Like ATI, Parkes' study card decks utilized units, chapters, and subsections for substructure. The Court found that because ATI's "arrangement, structure, and depth of factual information is unique," the fact that Parkes structured her material almost exactly the same way was strong evidence of substantial similarity.[13] Indeed, the Court was mindful that while nursing facts alone are not copyrightable, where the protected material constitutes a factual compilation, such as here, "the copyright is limited to the particular selection or arrangement."[14] As such, the Court did not perform a card-

---

[12] *Id.*

[13] *Id.* at 27.

[14] *Feist Publ'ns*, 499 U.S. at 350–51; *see also Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1103 (10th Cir. 2020).

by-card comparison of ATI's and Parkes' study cards. Instead, the Court noted substantial similarities with the organization and structure of the parties' study card materials as a whole and then pointed to some example of specific instances of copying that further supported substantial similarity. Thus, the Court agrees with Parkes that the linchpin of its prior ruling was its finding that ATI's study cards were a protectable compilation that was arranged, structured, and organized in a unique way.

On this motion, ATI makes no attempt to discuss the overall structure or organization of the Health Assessment study card deck, either as it relates to any other study material Parkes is currently selling, or as it relates to Parkes' previous Nursing Fundamentals deck. And ATI makes no attempt to compare the structure and organization of the Health Assessment study card compilation to its own material. The only evidence offered on structure and organization is from Parkes. In her Declaration, Parkes submits that she decided to present "a more focused review of concrete, essential, and in my opinion, test-worthy concepts" as compared to ATI's more comprehensive approach to study cards.[15] She explains that the Health Assessment deck is a stand-alone product with 64 cards. In contrast, this subject matter is covered in 39 out of 356 pages of ATI's Fundamentals for Nursing Review Module, as part of a subsection called "Health Assessment/Data Collection," that comprises a portion of one out of four total units. Parkes divided her Health Assessment deck into two parts: Part One focuses on assessing the patient and the order in which a nurse should conduct a head-to-toe assessment, and Part Two is a reference guide focusing on the normal and expected findings to the assessment items, along with more detailed information compared to Part One. The idea is that the nursing student will obtain a "big picture of the assessing procedure" in Part One and then "memorize the ranges and

---

[15] Doc. 138 ¶ 10.

7

indicators through Part Two."[16]  In contrast, ATI combines this information and includes more detail.

Parkes also details the contrasts between her new product and ATI's study material in paragraphs 18–23 of her Declaration.  She explains how the topics and facts she covers are organized differently, how the structure and classification is different, and how the unit/topic levels are different.  This evidence weighs strongly against a finding that the Health Assessment deck is substantially similar either to the enjoined Nursing Fundamentals deck or to ATI's material.

ATI responds that it need not show that the organization and structure of the Health Assessment deck is similar to ATI's product because it is not required to reassert its motion for preliminary injunction and demonstrate it is likely to succeed on the merits as to this new product.  While this may be correct, ATI does have the burden to show by clear and convincing evidence that Parkes violated the Court's PI Order.  That Order specifically permits her to create "other, non-infringing nursing material."[17]  Unsurprisingly, Parkes defends ATI's motion by arguing that her new Health Assessment deck is non-infringing.  Thus, ATI cannot establish contempt by merely asserting that some of Parkes' study cards resemble the enjoined study cards when the basis for the Court's likelihood-of-success finding was that ATI's materials were a protectable compilation and an injunction was warranted because Parkes' materials were organized, structured, and presented in a substantially similar way.  Because the Court identified the compilation, and not the nursing facts themselves, as the protectable expression, its analysis of substantial similarity between the parties' products was limited to ATI's arrangement,

---

[16] *Id.* ¶ 17.
[17] Doc. 59 at 43.

structure and organization as well as some examples of unique and original content.[18]

### 2. Specific Instances of Copying

Nonetheless, ATI focuses its argument on specific instances of copying by arguing that there is substantial similarity between the content of 27 Health Assessment cards and Nursing Fundamentals cards that were enjoined. The Court disagrees that these similarities demonstrate that Parkes violated the PI Order. As described above, the Court explicitly found that nursing facts were not included in ATI's protected expression. Instead, ATI's materials were protectable as a compilation. The Court further found several specific instances where Parkes used the same unique illustrations of nursing facts as ATI used in its material. While the nursing facts themselves are not protectable, the Court found that these original and unique illustrations, coupled with identical structure and organization, was sufficient to show substantial similarity.

ATI's reliance on the similarities between the 27 Health Assessment study cards and Parkes' prior Nursing Fundamentals study cards falls short for several reasons. First, as Parkes' Declaration and exhibits demonstrate, Parkes created a unique "Anatomy of a Flashcard" that is not comparable to her old materials or to ATI's study cards. She includes a quick reference number and "call-outs" for key information and concepts included on the glossy front page, and detailed information with the most important information listed in red on a matte back side that allows for notetaking.[19] ATI presents no evidence of comparable presentation. Second, Parkes submits substantial evidence that the information listed on the 27 study cards about which ATI complains are nonprotectable nursing facts.[20] Third, the Court did not base its decision enjoining the Nursing Fundamentals study card deck on the similarities identified by ATI in this motion.

---

[18] *See Craft Smith*, 969 F.3d at 1101.

[19] Ex. E.

[20] Exs. 5 & D.

9

Again, the Court found ATI's materials to be protectable as a compilation, so the substantial similarity analysis was limited to comparing that protected expression to Parkes' product. The specific examples cited by the Court involved unique illustrations of nursing facts, not examples commonly used in other nursing texts.

Notably, ATI submitted at the PI hearing only eight study cards in support of its contention that the Nursing Fundamentals deck was infringing.[21] Only two of those cards are included in the comparisons submitted on this motion—the study cards covering primary and secondary skin lesions.[22] The Court made no specific findings in the PI Order that these particular study cards were substantially similar to ATI's materials; these two cards were in a series that the Court found included specific examples of copying. The Court now finds that the information in these two cards contain nursing facts, and not protectable material. Unlike the illustrations of nursing facts the Court found to be infringing in the PI Order, Parkes has submitted evidence that the examples of skin lesions found on these cards are the most obvious and common examples of the skin lesions, and that these examples are found in other nursing texts, not just ATI's material. And while the other 25 cards identified by ATI include similar nursing education topics and material as the enjoined deck, those similarities involve lists of nursing facts rather than original protectable illustrations or otherwise original content. And in the absence of evidence showing similar compilation, these examples are not probative that Parkes violated the PI Order.

As described above, ATI has not met its burden of showing by clear and convincing evidence that Parkes violated the Court's PI Order by creating and selling her stand-alone Health

---

[21] Doc. 34-25 at 50–58.

[22] *Compare id.* at 55–56, *with* Ex. 5 at 20–21.

Assessment study deck.  Thus, the Court cannot find Parkes in contempt and ATI's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Assessment Technologies Institute, Inc.'s Motion to Enforce Preliminary Injunction Order and for Contempt (Doc. 125) is **denied**.

**IT IS SO ORDERED.**

Dated: October 15, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
