# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514-JAR-KGG |

## PLAINTIFF'S MOTION TO COMPEL INSURANCE-RELATED DOCUMENTS

Plaintiff Assessment Technologies Institute, L.L.C. ("Plaintiff" or "ATI") respectfully requests that the Court issue an order compelling Defendant Cathy Parkes d/b/a Level Up RN ("Defendant" or "Parkes") to produce her communications with insurance companies related to this litigation. In particular, ATI is seeking communications between Defendant and two separate insurance companies: (1) the Hartford Financial Services Group, Inc. ("The Hartford") and (2) the Hanover Insurance Group ("Hanover").

Defendant is improperly withholding these documents on privilege grounds, including a purported insurer-insured privilege and the work-product doctrine. Defendant's privilege assertions should be rejected, and she should be ordered to produce all communications with the insurance companies related to this litigation.

The Hartford.  In 2019, Defendant, through her husband Bill Parkes, made a claim to The Hartford for insurance coverage for this litigation. In attempting to seek coverage, Mr. Parkes made statements to The Hartford relevant to the claims and defenses in this case. In particular, Mr. Parkes forwarded a communication that he had previously had with an ATI employee named

Rebecca Pontes and made representations to The Hartford about the scope of his his pre-litigation communications with ATI. Defendant is relying on Mr. Parkes' testimony about pre-litigation communications to assert that ATI somehow waived or is estopped from bringing all of its claims in this case. The Hartford denied Defendant's insurance claim and has never agreed to insure or indemnify Defendant for this case. Under such circumstances, Defendant has no basis to withhold any communications with The Hartford.

During the parties' discovery call with the Court, Defendant's counsel argued only that communications with The Hartford are protected by the work-product doctrine. However, Defendant's counsel could not identify—and ATI still is not aware of—a single case where a party's communications requesting insurance coverage were protected by the work-product doctrine. In the case of the one communication discussed above, it was authored by Bill Parkes, Defendant's husband, who is not a lawyer. And the communication does not on its face reflect any legal advice. Indeed, it is difficult to understand how Defendant's attempt to claim insurance, a business-related decision, was "prepared in anticipation of litigation or for trial." *AKH Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 688 (D. Kan. 2014). In any event, even if somehow the work-product protection applied to the content of the email, Defendant waived any such protection by including that content in an email to The Hartford, with whom Defendant had no privileged relationship. *See United States v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008) ("Courts will imply waiver when a party claiming the protection has voluntarily disclosed work product to a party not covered by the work-product doctrine.").

Hanover. Defendant, again through her husband Bill Parkes, also sought insurance coverage for this litigation from Hanover (doing business as Citizens Insurance Company of America). In order to make a claim for insurance coverage, Mr. Parkes communicated about this

2

litigation with Hanover, much like he did when requesting insurance coverage from The Hartford.  These communications are relevant for the same reasons discussed, in that Mr. Parkes, on behalf of Defendant, likely made statements to Hanover about Defendant's business, ATI's claims in this case, as well as his pre-suit communications with Ms. Pontes.  Defendant's claims of privilege also do not protect disclosure of these communications between Defendant and Hanover.  For example, contrary to Defendant's assertion, there is no "insurer-insured" privilege under federal or Kansas state law.  *See, e.g.*, *Kemp v. Hudgins*, No. 12-2739-JAR-KGG, 2015 WL 866905, at *4 (D. Kan. Mar. 2, 2015) (stating that the Court was "unable to find a single decision from a Kansas court, state or federal, recognizing the insurer-insured privilege").

Accordingly, ATI respectfully requests that the Court grant its motion to compel and require Defendant to produce her communications with The Hartford and Hanover related to this litigation.

Dated: October 23, 2020

Respectfully submitted,

**STINSON LLP**

/s/ *Robin K. Carlson*
Timothy J. Feathers (KS Bar No. 13567)
Robin K. Carlson (KS Bar No. 21625)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel.: 816-691-2754
Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 24th Floor

3

San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*
*ncostanza@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063
Tel.: 650-752-3100
Fax:  650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
***ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.***