UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514-JAR-KGG |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL
INSURANCE-RELATED DOCUMENTS**

Plaintiff Assessment Technologies Institute, L.L.C. ("Plaintiff" or "ATI") respectfully requests that the Court grant its motion to compel and require Defendant Cathy Parkes d/b/a Level Up RN ("Defendant" or "Parkes") to produce her communications with insurance companies related to this litigation. *See* Doc. Nos. 160, 163-1. ATI's motion should be granted for at least the following reasons.

*First*, in her opposition, Defendant falsely accuses ATI of filing this motion to compel "not to advance the case, but increase the cost of this litigation." Doc. No. 168 at 1. Defendant's assertion is absurd. As the Court is aware, ATI attempted to resolve this issue without filing a motion with the Court. Specifically, ATI participated in a telephonic discovery call with the Court and engaged in numerous meet-and-confer efforts with Defendant's counsel prior to filing this motion. Defendant refused to compromise, forcing ATI to seek the Court's intervention. Defendant produced a number of communications with The Hartford and Hanover only ***after*** ATI filed its motion to compel. In fact, Defendant refused to even provide a privilege log of her withheld communications, as required by the Federal Rules, until after ATI filed its motion. *See*

Doc. No. 168-1.  So, clearly, ATI's motion was not only justified but necessary to force Defendant to comply with her discovery obligations and produce wrongfully withheld documents and a privilege log.  Defendant's own actions—not ATI's—increased the costs to litigate this case for both parties.

*Second*, Defendant incorrectly argues that ATI is attempting to discover "counsel's mental impressions related to this case."  Doc. No. 168 at 1.  ATI does not seek, and has never sought, Defendant's litigation counsel's mental impressions about the case.  The vast majority of Defendant's opposition—arguing why communications between her counsel and Hanover are protected from disclosure, *id.* at 6–15—is therefore simply irrelevant.  Contrary to Defendant's argument, ATI made clear in its moving papers that it was seeking communications about ATI between Bill Parkes, who is not a lawyer, and the two insurance companies he communicated with about the case (i.e., The Hartford and Hanover).  *See, e.g.*, Doc. No. 163-1 at 2 ("In 2019, Defendant, through her husband Bill Parkes, made a claim to The Hartford for insurance coverage for this litigation.  In attempting to seek coverage, Mr. Parkes made statements to The Hartford relevant to the claims and defenses in this case."); *id.* at 4 ("Defendant, again through her husband Bill Parkes, also sought insurance coverage for this litigation from Hanover (doing business as Citizens Insurance Company of America).  In order to make a claim for insurance coverage, Mr. Parkes communicated about this litigation with Hanover, much like he did when requesting insurance coverage from The Hartford.").  In short, Defendant has created a strawman.  ATI is not moving to compel production of defense counsel's mental impressions regarding the litigation.

*Third*, Defendant contends that ATI misrepresented to the Court that Mr. Parkes made inconsistent statements in his sworn deposition testimony and in his email to Juana Paterson, an

2

insurance agent at The Hartford. *See* Doc. No. 168 at 17. Defendant is wrong. As ATI explained in its opening brief, Defendant has taken the position throughout this litigation that, during an October 19, 2018 phone call, ATI employee Becky Pontes told Bill Parkes that ATI had no copyright concerns regarding Defendant's materials; according to Defendant, this conversation supports one or more of her affirmative defenses. *See* Doc. No. 163-1 at 6–7. Indeed, at Ms. Pontes' deposition, Defendant's counsel repeatedly attempted to get Ms. Pontes to admit that she and Mr. Parkes had discussed copyright issues during that call. For example, Defendant's counsel asked Ms. Pontes the following questions, apparently based on Mr. Parkes' notes from the call (Doc. No. 162-6) that Defendant purposely withheld until after Ms. Pontes' deposition:[1]

> Q. Did you say to Mr. Parkes that you didn't see any copyright issues?
>
> A. I don't believe we discussed copyrights at all.
>
> Q. Do you recall one way or the other whether you said to Mr. Parkes that you don't see any copyright issues or words to that effect?
>
> A. We were only discussing trademark issues and the -- my cease and desist letter of October 12th during that conversation. We weren't discussing copyrights.

\* \* \*

---

[1] As the Court will recall, the parties previously disputed the order in which Ms. Pontes' and Mr. Parkes' depositions should proceed. It is now clear why Defendant fought so hard to have Ms. Pontes deposed first. Defendant wanted to, and did, intentionally withhold Mr. Parkes' notes of the October 19, 2018 call—which are indisputably relevant, were requested, and should have been produced before Ms. Pontes' deposition—until after Ms. Pontes was deposed on September 15, 2020. Defendant knew no later than July 3, 2020, when ATI served subpoenas on Mr. Parkes and Chief Digital Advisors by email to their counsel, Mr. Schwartz, that ATI was requesting that Mr. Parkes produce all documents that he had relating to ATI, which of course include his notes from the call with Ms. Pontes. Further, Mr. Parkes testified under oath at his September 18, 2020 deposition that he had in fact provided that exact document to counsel anywhere from *two to six months* prior. Defendant did not timely produce Mr. Parkes' notes. Instead, defense counsel cross-examined Ms. Pontes at her deposition using the notes and produced the notes shortly after the deposition was over, on September 16, 2020.

> Q. So are you denying that you told Mr. Parkes that you didn't see any copyright issues or are you saying you don't remember one way or the other? . . .
>
> A. I don't recall.

Ex. 1 (9/15/2020 Pontes Dep.) at 45–46.

The email that Mr. Parkes wrote to The Hartford on December 16, 2019, and that Defendant produced only after ATI filed this motion, slams the door on any suggestion or testimony by Mr. Parkes that he and Ms. Pontes discussed copyright infringement issues with Defendant's business on that October 19, 2018 call. In his December 16, 2019 email to The Hartford, trying to secure insurance coverage for this litigation from The Hartford, Mr. Parkes unequivocally states: "This is the last communication we received from ATI last year, showing that the ONLY issues/concerns they raised to us in the past was about trademark confusion." Doc. No. 168-5.

Now that Defendant has been forced to produce Mr. Parkes' email, she is changing her story to try to save Mr. Parkes' credibility. The fact that Defendant's and Mr. Parkes' story has now changed does not mean that ATI made a misrepresentation to the Court.

*Finally*, notwithstanding the production that Defendant made after ATI filed this motion, there are at least two more documents that Defendant is still wrongfully withholding and that she should be required to produce.

First, Defendant continues to withhold a March 2, 2020 email between Mr. Parkes and Stephen Colville at Hanover. Defendant asserts this document—an email between two non-attorneys—is protected from disclosure as work product. *See* Doc. No. 168 at 17. Defendant has the burden of proving that the work product protection applies to this document. *See Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Defendant cannot satisfy her burden. Neither Mr. Parkes nor Mr. Colville is an attorney, and Defendant has not established that either

4

individual was acting at the direction of counsel when communicating with each other; the work product protection therefore does not apply. *See, e.g.*, *United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney[.]"); *Resolution Tr. Corp.*, 73 F.3d at 266 (stating that "the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions"). Indeed, "[s]ome courts have held that absence of an attorney's participation in preparing a document may give rise to a presumption that the work was done in the ordinary course of business and not in anticipation of litigation." *DKNP. L.L.C. v. GMRI, Inc.*, No. 06-CV-686-TCK-PJC, 2007 WL 9782788, at *2 (N.D. Okla. Aug. 8, 2007) (citation omitted). At a minimum, the Court should conduct an *in camera* review of the March 2, 2020 email to determine whether the email is shielded from discovery by the work product protection. Given that no attorneys were present on the communication, it is likely that Mr. Parkes was merely seeking insurance coverage from Hanover, which would not be a protected by the work product doctrine.

The other document is a February 24, 2020 email, again between Mr. Parkes and Mr. Colville at Hanover. Defendant represents that this email also has two attorney invoices attached; to be clear, ATI does not seek discovery of those invoices. However, Defendant's assertion of privilege over the email has the same issues as above—there are no lawyers involved, and Defendant has not established that either Mr. Parkes or Mr. Colville was acting at the direction of counsel. Defendant therefore has not carried her burden of demonstrating that the email is properly protected from disclosure. The Court should also conduct an *in camera* review of the February 24, 2020 email to assess Defendant's privilege claim.

Accordingly, ATI respectfully requests that the Court grant its motion to compel.

Dated: November 20, 2020

Respectfully submitted,

**STINSON LLP**

/s/ *Robin K. Carlson*
Timothy J. Feathers (KS Bar No. 13567)
Robin K. Carlson (KS Bar No. 21625)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel.: 816-691-2754
Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*
*ncostanza@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063
Tel.: 650-752-3100
Fax:  650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
***ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.***