IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514-JAR-KGG |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD ADDITIONAL OPINIONS TO EXPERT REPORT OF TRACY COENEN**

### I.   INTRODUCTION.

Plaintiff Assessment Technologies Institute, L.L.C. ("Plaintiff" or "ATI") respectfully requests that the Court grant leave for ATI to include certain opinions in the Second Supplemental Report of ATI's damages expert, Tracy Coenen. The opinions at issue—on Defendant's disgorgement of profits from the sale of non-infringing products—are offered in direct response to the opinions and criticisms offered by Defendant's damages expert, James Harrington, in his rebuttal to Ms. Coenen's initial expert report.

As shown below, there is good cause for permitting ATI to offer the opinion at issue, which essentially amounts to a short reply by Ms. Coenen to the criticism of her initial opinion offered by Defendant's expert in his rebuttal report. As further shown below, Defendant would not be prejudiced if leave is granted.

## II.     FACTUAL BACKGROUND.

### A.     Nature of the Dispute.

ATI is a leading provider of educational content review, online test preparation services, assessments, entrance exams, and remediation and review services. *See* Doc. 14-1 (Lynch Decl.) ¶ 9. ATI's nursing school clients license ATI's proprietary materials for use in their curriculum and use ATI's proprietary exams to evaluate students' understanding of critical subject areas. *Id.* ¶ 11. ATI's proprietary materials include review modules, practice tests to assess students' understanding of specific content areas ("ATI Practice Exams"), and examinations administered in a secure, proctored environment ("ATI Proctored Exams"), among other products. *Id.* ¶¶ 12, 13.

In August 2019, Plaintiff ATI filed its complaint in this case against Defendant to cease Defendant's misuse of ATI's intellectual property. Specifically, Defendant had started a business (initially called "Pass the ATI," and later called "Level Up RN") publishing videos and selling study cards that misused ATI's intellectual property in various ways. *See* Doc. 1. In its complaint, ATI brought two claims under federal law—(1) copyright infringement under the Copyright Act, and (2) misappropriation of trade secrets under the Defend Trade Secrets Act—as well as three claims under Kansas state law—(3) breach of contract, (4) misappropriation of trade secrets under the Kansas Uniform Trade Secrets Act, Kan. Stat. § 60-3320, *et seq.*, and (5) unfair competition under Kansas common law. *Id.* ¶¶ 74–127.

### B.     Expert Reports Regarding Disgorgement of Profits.

The scheduling order provided that the parties had to make expert disclosures on issues where it bears the burden of proof by November 1, 2020, and that rebuttal reports were due by January 4, 2021. Doc. 83 ¶ 2c. As November 1, 2020 was a Sunday, ATI timely served the opening Expert Report of Tracy L. Coenen on the next court day, November 2, 2020.

Declaration of Andrew Ong ("Ong Decl.") ¶ 2. Ms. Coenen supplemented her report on December 21, 2020 to address additional financial information produced by Parkes after service of the initial Coenen Report. *Id.* ¶ 3. In this report, Ms. Coenen also set forth her opinion that, because Defendant built her Level Up RN business and customer base based on her infringement of ATI's copyrights and misappropriation of ATI's trade secrets, ATI should also be entitled to disgorgement of Defendant's profits based on sales of non-infringing study card decks and YouTube videos. *Id.* ¶ 4.

On January 11, 2021, Defendant submitted a rebuttal to Ms. Coenen's report on damages prepared by James Harrington. *Id.* ¶ 5. In his report, among other things, Mr. Harrington responded to Ms. Coenen's opinion regarding disgorgement of Defendant's profits based on sales of non-infringing products. Specifically, Mr. Harrington opined that "Ms. Coenen's disgorgement claim of future profits is speculative as it is not supported by sufficient facts and data and, as such, cannot be relied on in this matter." *Id.* ¶ 6. Mr. Harrington supplemented his damages report on February 4, 2021. *Id.* ¶ 7. Mr. Harrington gave a deposition regarding his opinions on February 9, 2021. Declaration of Robin K. Carlson ("Carlson Decl.") ¶ 2.

The parties entered into a Stipulation for Discovery ("Stipulation") which included a provision allowing Ms. Coenen to supplement her report again to include information as to "the expense calculation included in Mr. Harrington's report." Doc. 211 ¶ 3. The Stipulation further stated, "[t]his agreement shall have no effect on ATI's ability to seek leave from the Court to serve an expert report beyond the scope agreed to here, and shall have no effect on Parkes's ability to oppose or object to ATI's request for leave." *Id.* On February 18, 2021, Ms. Coenen served her Second Supplemental Report and included her reply to Mr. Harrington's criticisms of her opinion on disgorgement of Defendant's profits for sales of non-infringing products. Ong

3

Decl. ¶ 8.

### C. Defendant's Objection to Ms. Coenen's Second Supplemental Report.

Defendant served ATI with Defendant's Objection to the Second Supplemental Report of Tracy Coenen on February 25, 2021. The single-paragraph objection states in relevant part:

> Defendant objects to the portion of the Second Supplemental report concerning profits on non-infringing sales. This Court's Corrected Scheduling Order did not provide for rebuttal reports. However, the parties filed a stipulation in which they agreed that Plaintiff could submit a rebuttal report to respond to Defendant's accounting expert's report relating to the expense calculation. (Doc. No. 211). Ms. Coenen's Second Supplemental Report went beyond discussing expenses by attempting to supplement her prior opinions about profits on non-infringing sales. Her report goes beyond what the parties agreed to in the stipulation, and that portion of her report is untimely.

Exh. 1, Defendant's Objection. No discovery motions have been filed regarding this objection.

### III. ARGUMENT.

#### A. Standard for Leave to Supplement.

Parties have an obligation to supplement an expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties . . . ." Fed. R. Civ. P 26(e). Per Rule 26(a)(3) and 26(e), disclosures are due "at least 90 days before the date set for trial or for the case to be ready for trial" or by a time set by court order. For rebuttal testimony, disclosures are due with 30 days after the other party's disclosure. Rule 26(a)(2)(E) expressly states, "The parties must supplement these disclosures when required under Rule 26(e)."

As anticipated by the Stipulation, ATI now seeks leave to supplement the Coenan expert rebuttal report to include a reply to Defendant's expert's criticism. The district court has wide discretion to establish deadlines in the scheduling order. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Under Fed. R. Civ. P. 6(b), the Court "may, for good cause, extend

4

the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To analyze excusable neglect, courts consider the circumstances, including four factors: (1) prejudice to the non-moving party; (2) the length and effect of any delay on the proceedings; (3) the reasons for the delay and whether it was within the control of the moving party; and (4) whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).

It is common practice "to adjust the schedule as reasonably necessary to allow the parties to prepare their case for trial. The schedule is not the goal, but rather the tool to ensure a fair opportunity for the parties to present their claims and defenses to the court and/or jury." *Seyfang v. DreamHome Restoration, LLC*, No. 2:16-CV-00254-ABJ, 2018 WL 1701970, at *3 (D. Wyo. Apr. 6, 2018) (citing *Sil–Flow, Inc.*, 917 F.2d at 1514) (granting motion for leave to supplement expert report after the deadline where good cause existed to amend and no party would be prejudiced because the supplement was due four months before trial and it touched on a critical matter in lawsuit).

### B.     Defendant Would Not Be Prejudiced by the Proposed Supplementation.

Defendant cannot claim surprise from Ms. Coenen's reply opinion on disgorgement of profits from non-infringing products. Her own accounting witness already offered an opinion on the same topic. Moreover, in the Stipulation filed on January 28, 2021, ATI expressly reserved the right to serve an expert report that included opinions beyond what the parties expressly agreed to. Doc. 211 ¶ 3. The parties also agreed that the Stipulation would not impact whether Parkes could oppose or object to a request for leave. *Id.* The Stipulation clearly telegraphed that ATI intended to offer additional expert testimony.

Defendant Parkes cannot show harm or prejudice if Ms. Coenen's reply testimony on disgorgement of profits is included in her Second Supplemental Report. At the time the Second

Supplemental Report was served, trial was not set to occur until November 9, 2021. *See* Doc. 83 ¶ 4c. Since the service of the report, trial has been moved to April 2022. *See* Doc. 246. More than a year remains until trial in this case, and dispositive motions are now due in June 2021. Parkes has already announced her intent to move to exclude Ms. Coenen's supplemental expert opinion should the Court grant leave. *See* Exh. 2, Email from Steven Schwartz to Andrew Ong dated 2/19/21. To allow Ms. Coenen to supplement her opinion at this stage does not prejudice or harm Defendant. *See, e.g.*, *Murphy for N.E.D. v. United States*, No. 1:17-cv-00384 JAP/JHR, 2018 WL 3405255, at *3–4 (D.N.M. July 12, 2018) (denying motion to exclude untimely supplemental expert report because failure to meet deadline was justified and harmless); *Martin v. Sommerdorf*, No. 1:17-CV-139, 2018 WL 6220210, at *1–2 (D. N.D. Nov. 28, 2018) (granting motion to amend expert designations where pretrial deadlines required adjustment for other reasons); *Yeargain v. Summit Tree Stands, L.L.C.*, No. 1:09CV00170 LMB, 2011 WL 5553717, at *2 (E.D. Mo. Nov. 15, 2011) (allowing supplemental expert report where report can be completed within 30 days).

### C. The Length and Effect of Any Delay Is De Minimis.

The parties stipulated to allow ATI to supplement Ms. Coenen's report as of January 28, 2021. Doc. 211 ¶ 3. While that stipulation did not include an agreement to include her disgorgement opinion related to non-infringing parties, it demonstrates that supplementation for other purposes was not considered to have any impact on the proceedings. Because the additional opinion was included in the already-anticipated supplementation, no additional delay exists.

### D. ATI Can Show Good Cause for Any Delay in the Supplementation.

Ms. Coenen's initial opinion regarding Defendant's disgorgement of profits for sales of non-infringement products was disclosed prior to her deposition, and Defendant's counsel cross-examined her regarding that opinion. Ong. Decl. ¶ 9.

On January 28, 2021, the parties agreed in the Stipulation that Ms. Coenen could supplement her report. Doc. 211 ¶ 3. The parties agreed to disagree at that time regarding the scope of the permitted supplementation; however, it is undisputed that Defendant was on notice that ATI intended to include in Ms. Coenen's supplemental report a reply to Mr. Harrington's criticism of her opinion regarding disgorgement of profits for non-infringing products. ATI served the anticipated report and included a one-paragraph reply to Mr. Harrington's criticism of Ms. Coenen's opinion on non-infringing profits as well as his deposition testimony on February 9, 2021. In short, the reason for the delay is simply that the parties could not reach agreement on whether additional supplementation could be included in the final reply report.

There is good cause for permitting Ms. Coenen to submit a short reply to Mr. Harrington's criticism of her opinion regarding disgorgement of profits for non-infringing products. Experts are ordinarily permitted to submit reply reports responding to criticisms of the opinions in their initial reports. *See, e.g.*, *103 Investors I, L.P. v. Square D. Co.*, 372 F.3d 1213, 1217 (10th Cir. 2004) (finding abuse of discretion in excluding untimely rebuttal report where rebuttal did not advance a new negligence theory); *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 53-54 (D. Kan. 1996) (discussing Rule 26(a)(2)(C) as a rule relating to expert rebuttal witnesses). There is no indication that, by omitting an express provision for reply expert reports in the scheduling order in this case the Court intended to prevent experts from replying to criticisms from rebuttal experts. Further, allowing Ms. Coenen's brief reply in her February 18, 2021 report allows for a more fully developed record for purposes of future *Daubert* or other motion practice, and ultimately for trial.[1]

---

[1] Timing did not permit ATI to seek leave to amend before serving Ms. Coenen's February 18, 2021 supplement. Including Ms. Coenen's reply to Mr. Harrington's criticism of her opinion on disgorgement of profits from non-infringing products in her February 18, 2021 report eliminated the inevitable delay that would have occurred if ATI filed a motion for leave first. Instead of

7

### E. ATI Has Acted in Good Faith.

Finally, ATI has acted in good faith with respect to Ms. Coenen's reply to the criticism of Mr. Harrington. It provided the additional opinion along with the anticipated supplement provided for in the Stipulation. The information is responsive to comments from Defendant's own expert witness. ATI is unaware of any evidence to the contrary.

## IV. CONCLUSION.

For the reasons set forth above, ATI respectfully requests that the Court grant leave for ATI to include certain opinions in Ms. Coenen's Second Supplemental Report.

Dated: March 5, 2021

Respectfully submitted,

**STINSON LLP**

/s/ *Robin K. Carlson*
Timothy J. Feathers (KS Bar No. 13567)
Robin K. Carlson (KS Bar No. 21625)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel.: 816-691-2754
Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*

---

waiting for the motion to be fully briefed and ruled on before disclosing the opinion, Defendant received the report only eight days after Mr. Harrington's deposition. This gave Defendant sufficient notice of the reply opinion before *Daubert* motions are due.

*ncostanza@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063
Tel.: 650-752-3100
Fax:  650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
*ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.*

9

165457015