UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514 |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND THE PRETRIAL ORDER

I. **INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 15(a) and 16(b)(4), Local Rules 7.1 and 15.1, and the Court's February 25, 2021 Minute Order (Doc. No. 245), Plaintiff Assessment Technologies Institute, LLC ("ATI") respectfully seeks leave of Court to amend the Pretrial Order (Doc. No. 234) to supplement its existing copyright infringement and trade secret misappropriation claims against Defendant Cathy Parkes d/b/a Level Up RN's ("Defendant" or "Parkes").[1]

---

[1] ATI has attached a copy of its proposed Amended Pretrial Order ("APO") as Exhibit A to the Declaration of Andrew S. Ong ("Ong Decl.") pursuant to D. Kan. R. 15.1 (a)(2); a redline comparison between the proposed APO and the Court's Pretrial Order is attached as Exhibit B. A Word copy of the proposed APO will be submitted to chambers per D. Kan. R. 5.4.4(e). In this motion, ATI seeks leave of Court to amend the Pretrial Order, rather than its Complaint, given that the Pretrial Order "supersedes all pleadings and controls the subsequent course of this case." Doc. No. 234 at 1. To the extent the Court prefers that ATI file a proposed amended Complaint in lieu of, or in addition to, the APO, ATI is prepared to do file a proposed amended Complaint consistent with the proposed amendments/allegations set forth in the APO.

Specifically, with respect to the copyright claim, ATI's current claim alleges Parkes infringes ATI's copyrights in its <u>2016</u> Review Modules.  ATI seeks to amend this claim to also allege infringement of ATI's copyrights in its <u>2013</u> Review Modules based on recently produced discovery and deposition testimony from Parkes.  With respect to the trade secret claim, ATI's current claim alleges Parkes misappropriates ATI's trade secrets by publishing videos telling her viewers what they can expect to see on ATI <u>Proctored</u> Exams.  ATI seeks to amend this claim to also allege misappropriation based on Parkes' recent deposition admissions that she is telling students what they can expect to see on ATI <u>Practice</u> Exams.

ATI's motion is premised on two recent developments in this case: (1) documents withheld by Parkes until November and mid-December 2020 that constitute evidence supporting the proposed amendments described above; and (2) admissions made by Parkes at her December 17, 2020 deposition.

Because these crucial factual developments occurred long after the April 17, 2020 deadline to amend pleadings in this case, and just a few months prior to the close of fact discovery, good cause exists under Rule 16(b)(4) to permit ATI to amend the Pretrial Order for the narrow purpose of supplementing its copyright and trade secret claims based on these new documents and key admissions by Parkes.

ATI's narrow amendment is also proper under Rule 15(a)(2), which requires leave to amend be "freely give leave when justice so requires," as is the case here.  ATI's motion is timely based on Parkes' December 17, 2020 deposition testimony and her November and December 2020 document productions, and Parkes cannot credibly argue either futility or prejudice based on the narrow proposed amendments.

Accordingly, the Court should grant ATI's request for leave to file the Amended Pretrial Order attached as Exhibit A to the Ong Declaration.

## II.   RELEVANT BACKGROUND

The Court is familiar with the litigation history of this matter, so ATI will only briefly summarize the relevant background.

### A.   ATI's Complaint and the Court's Preliminary Injunction Order.

Parkes started her infringing "Pass the ATI" business (which was subsequently changed to "Level Up RN" after ATI sent a trademark infringement cease-and-desist letter to Parkes) in or around November 2017, which subsequently included the creation and publication of the infringing Parkes Videos on her "Pass the ATI" YouTube channel and her sale of the infringing "Pass the ATI" Parkes Study Cards in or around May 2018.  *See* Doc. No. 1 ¶¶ 44–46.  ATI initiated this action against Parkes on August 27, 2019.  In its Complaint, ATI alleged, among other claims and allegations, that (1) the Parkes Study Cards and Videos infringed ATI's copyrights in the 2016 versions of the ATI Review Modules for the nine topics that are tested on the ATI Proctored Exams, and (2) Parkes misappropriated ATI's trade secrets by tipping students to answers on ATI Proctored Exams.  *Id*. ¶¶ 32, 38–72, 85–97, 98–121.

On September 12, 2019, ATI filed a motion for a preliminary injunction.  *See* Doc. No. 14.  ATI submitted exhibits showing that (1) the Parkes Study Cards copied the selection, organization, and arrangement of nursing information, and other specific ATI-developed content from ATI's 2016 ATI Review Modules (*see* Doc. Nos. 34-7 to 34-25), and (2) the Parkes Videos disclosed answers to specific questions on certain ATI Proctored Exams (*see* Doc. No. 34-28).

Following a full-day evidentiary hearing on November 12, 2019,[2] the Court issued an order granting in part ATI's motion for preliminary injunction, finding that seven out of nine sets of the Parkes Study Card decks likely infringed ATI's copyrights in the 2016 Review Modules and that all of the Parkes Videos identified at Doc. No. 34-28 likely misappropriated ATI's trade secrets in the ATI Proctored Exams. *See* Doc. No. 59.

**B.      Parkes Withholds Key Documents From ATI Until November and December 2020.**

ATI propounded its First Set of Requests for Production and First Set of Interrogatories on February 5, 2020, which included requests for "ALL DOCUMENTS and materials that [Parkes] used or relied on to create the PARKES VIDEOS [and] STUDY CARDS" and a description of all facts and circumstances regarding Parkes creation of her infringing Study Cards and Videos, including the materials she relied on and process she used to create her infringing materials. *See* Ong Decl., Exs. D (RFP Nos. 6–7) and E (Interrogatory Nos. 3–4). Due to the COVID-19 pandemic and an unsuccessful attempt at mediation, the parties agreed to continue certain discovery deadlines. On May 21, 2020, Parkes agreed to produce "<u>all documents and materials</u> that Parkes used or relied upon to create the videos and study cards at issue." *Id.*, Ex. F (5/20/20 email at 7:17 p.m. and 5/21/20 email at 10:38 a.m.) (emphasis added).

On July 31, 2020, Parkes responded to ATI's First Set of Requests for Production and First Set of Interrogatories and admitted that she "made notes alongside highlighted facts [in her ATI Review Modules] with her tricks/hints for remembering the information" and then used her

---

[2] Prior to the preliminary injunction hearing, ATI asked Parkes to sit for a deposition. ATI also asked Parkes to make herself available for cross-examination at the preliminary injunction hearing on November 5, 2019. Parkes refused both requests and did not even attend the preliminary injunction hearing. *See* Ong Decl., Ex. C (excerpts of the transcript of the December 17, 2020 deposition of Cathy Parkes ("Parkes Dep.")) at 28:5-29:23.

ATI Review Modules to create her Study Cards and Videos. *Id.*, Exs. G–H. Notwithstanding these clear admissions that she copied ATI's Review Modules, Parkes did not produce any copies of her ATI Review Modules on July 31, 2020. *Id.* ¶¶ 9, 11, Exs. G, I–J.

Following further meet-and-confer efforts, Parkes produced some—but not all—of her highlighted ATI Review Modules on November 6, 2020. *Id.* ¶ 12, Ex. K. Specifically, Parkes' November 6, 2020 production did not include her ATI Nursing Leadership Review Module (2013 or 2016 versions). *Id.* After further follow up from ATI, Parkes finally produced those documents on December 16, just hours before Parkes' deposition. *Id.* ¶ 13, Ex. L.

C. **At Her December 17, 2020 Deposition, Parkes Admits Using the 2013 ATI Review Modules to Create Her Infringing Study Cards and Videos and Disclosing Confidential Information She Saw on ATI's Practice Exams.**

Parkes was deposed in this case on December 17, 2020. During her deposition, Parkes admitted (1) that she made highlights directly in the 2013 and 2016 ATI Review Modules that she produced in November-December 2020 and then used those highlighted ATI Review Modules to create her infringing Study Cards and Videos, and (2) that she was disclosing information she saw on ATI's Practice Exams in her Videos.

For example, with respect to copying ATI's 2013 Pharmacology Review Module, Parkes admitted as follows:



---

[3] Parkes' highlighted/annotated copies of her 2013 ATI Pharmacology Review Module that she produced in this case were introduced as Exhibit 38 at her December 17, 2020 deposition. *See* Ong Decl., ¶ 16, Ex. O.



Parkes Dep. at 259:9–260:9.  And with respect to copying ATI's 2013 Community Health

Nursing Review Module, Parkes admitted as follows:



*Id.* at 234:16–235:17.  Parkes made the same admissions as to the 2013 and 2016 versions of her

copies of the other ATI Review Modules.[5]

---

[4] Parkes' highlighted copies of her 2013 ATI Community Health Nursing Review Module that she produced in this case were introduced as Exhibit 27 at her December 17, 2020 deposition. *See* Ong Decl., ¶ 17, P.

[5] *See* Parkes Dep. at 148:1–149:24 (further admissions regarding 2013 and 2016 ATI Community Health Nursing Review Module); 170:2–21 (2013 ATI Pharmacology Review

And, for example, with respect to disclosing questions and answers from the ATI Practice Exams in her Videos, when Parkes was presented with a  transcript of her video showing that she tells viewers what they should expect to see on an ATI "Community Health Nursing exam," she admitted she was telling her viewers what she saw on ATI Community Health Practice Exams:



Parkes Dep. at 150:1–23.  Parkes made similar admissions with respect to her other Videos where she tells her viewers what they can expect to see on their ATI exams.[6]

**D.     Following Parkes' Deposition Admissions, and Following Additional Productions by Parkes, ATI Serves Supplemental Interrogatory Responses.**

Following Parkes' December 17, 2020 deposition, Parkes produced hundreds of copies of Parkes Videos that were in Parkes' possession and not made available to ATI until after Parkes'

---

Module); 164:15–166:18 and 242:4–244:24 (2013 and 2016 ATI Medical Surgical Nursing Review Modules); 175:15–176:16 and 235:18–238:2 (2013 and 2016 ATI Nursing Leadership Review Modules); 179:17–182:14 and 255:15–259:1 (2013 and 2016 ATI Nutrition for Nursing Review Module); 184:2–186:21 and 238:3–241:20 (2013 and 2016 Maternal Newborn Nursing Review Module); 229:16–233:13 (2013 and 2016 ATI Nursing Fundamentals Review Modules); 244:25– 248:20 (2013 and 2016 ATI Mental Health Review Module); and 249:10–255:9 (2013 and 2013 Nursing Care of Children Review Modules).

[6] *See* Parkes Dep. at 145:23–147:19, 157:17–159:15, 166:19–167:20, 176:23–179:11, 182:2–183:7, 184:2–186:21, 190:22–196:2 (containing similar admissions from Parkes that her videos disclosed specific content, including questions and/or answers on ATI Practice Exams).

deposition. *See* Ong Decl. ¶ 14, Ex. M. Thereafter, on January 29, 2021, ATI served

supplementary responses to Parkes' Interrogatory Nos. 5–6 (to identify specific instances of

Parkes' misappropriation of ATI trade secrets relating to the ATI Practice Exams) and 7–8 (to

identify the specific 2013 ATI Review Modules that Parkes admitted during her deposition that

she copied, as well her highlighted/annotated copies of the 2013 ATI Review Modules that she

produced leading up to, and including the night before, her deposition). *See id.*, Ex. N.

      At the pretrial conference on February 17, 2021, Parkes objected to the parts of the

proposed pretrial order where ATI described its trade secret misappropriation claim premised on

Parkes' disclosure of information on ATI's Practice Exams on the ground that those claims were

outside of the existing pleadings. *See* Doc. No. 234 at 17 n.2 (sustaining Parkes' objection in

part on the basis that "no motion to amend has been granted" at that time).[7] The Court suggested

ATI would need to move to amend. After ATI notified the Court that it intended to seek leave to

file an amended pretrial order, the Court issued orders requiring ATI to file the instant motion by

March 5, 2021, continuing the dispositive motion deadline from March 5, 2021 to June 7, 2021,

and setting a new trial date for April 5, 2022. *See* Doc. Nos. 245–46.

## III.   <u>LEGAL STANDARD</u>

      When the deadline for amending pleadings set in the scheduling order has passed, the

party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling

order under Rule 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *See*

---

[7] Parkes did not raise any objections in the proposed pretrial order regarding ATI's reliance upon the 2013 Review Modules as a basis for its copyright claim but indicated that she would move to strike such references from ATI's supplemental responses to Interrogatory Nos. 7–8. As Parkes did in fact move to strike ATI's references to the 2013 Review Modules for its copyright claim from those discovery responses (*see* Doc. No. 229), ATI seeks amendment of the Pretrial Order to include the 2013 Review Modules and will concurrently oppose Parkes' motion to strike.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  A motion seeking leave to supplement or add "new claim[s] to the pretrial order [is] the equivalent of asking leave to amend [a] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted 'with due diligence.'"  *Miller v. Union Pac. R.R.*, No. 06-2399-JAR-DJW, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008) (footnote and citation omitted).  "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."  *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2020 WL 2473706, at *3 (D. Kan. May 13, 2020)  (citation and internal quotation marks omitted).  "The 'good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.'"  *Id.* (citation omitted).

Rule 15(a)(2) provides that, once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) also specifies that the court "freely give leave when justice so requires."  *Id.*  "Nonetheless, a court may refuse to grant leave to amend based on 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citation omitted).

Whether to permit an amendment to pleadings is "within the sound discretion" of the Court. *Id.* "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." *Id.* at *4 (citation omitted). Notably, "the Tenth Circuit has recognized that Rule 15 is intended 'to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (citing *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

## IV.   **ARGUMENT**

Here, as shown below, ATI satisfies the requirements for requesting leave to amend under both Rules 16(b)(4) and 15(a).

### A.   **"Good Cause" Exists Under Rule 16(b)(4) to Amend the Pretrial Order.**

ATI satisfies the "good cause" standard under Rule 16(b)(4) for at least two reasons.

*First*, ATI could not have amended its Complaint by April 17, 2020 to supplement its copyright infringement and trade secret claims based on the 2013 Review Modules and the ATI Practice Exams, respectively, because the source of the necessary information—Defendant Cathy Parkes—did not even begin participating in discovery until *months after* that date. Prior to April 17, 2020, Parkes refused to make herself available for a deposition prior to the preliminary injunction hearing and refused to make herself available for cross-examination at the preliminary injunction hearing. *See* Parkes Dep. at 28:5-29:23. Instead, the only testimony Parkes provided prior to April 17, 2020 was her declaration in opposition to ATI's preliminary injunction motion. *See* Doc. No. 28-1. Her declaration does not reveal her use of the 2013 ATI Review Modules to create her infringing Study Cards and Videos and it does not say that Parkes was actually

referring to ATI Practice Exams when she tells viewers of her Videos what they can expect to be tested on their ATI exams.  Rule 16(b)'s good cause requirement is satisfied on this basis alone.

Moreover, following entry of the Court's Order granting in part ATI's preliminary injunction order, the parties agreed to pause the litigation and conduct a mediation.  *See* Doc. No. 103.  Rule 16(b)'s good cause requirement is satisfied on this basis as well.  *See Carefusion*, 2010 WL 4004874, at *4 (finding "good cause" under Rule 16(b), noting that "the Court does not fault Plaintiff for waiting until after the June 9, 2010 mediation to file the motion [as] . . . there would have been no need for amendment if the mediation had proved successful").

*Second*, even though ATI requested it and Parkes agreed in writing to produce it much earlier, Parkes did not actually produce the material that forms the basis for ATI's proposed amendments to its copyright infringement claim until November and December 2020.  And Parkes first admitted at her December 17, 2020 deposition that when she was referring to ATI exams in her videos, she was referring to ATI's Practice Exams and not its Proctored Exams.

Specifically, with respect to ATI's proposed amendment to its copyright claim, Parkes agreed in writing to produce "all documents and materials that [she] used or relied upon to create the videos and study cards at issue" by June 1, 2020.  *See* Ong Decl., Ex. F (5/20/20 email at 7:17 p.m. and 5/21/20 email at 10:38 a.m.) (emphasis added).  But Parkes did not actually produce any copies of her ATI Review Modules until November 6, 2020 (which was an incomplete production) and then again on December 16, 2020 (which was the purportedly complete production) just hours before her deposition on December 17, 2020.  *Id.* ¶¶ 11–12, Exs. K–L.[8]  Then, at her December 17, 2020 deposition, Parkes admitted for the first time that she

---

[8] And, Parkes only eventually produced these documents after repeated requests and meet-and-confer efforts by ATI's counsel.  *See* Ong Decl. ¶¶ 11–13.

used the highlighted/annotated copies of both her 2013 and 2016 ATI Review Modules for seven out of nine sets of her Study Cards and Videos, and used her highlighted/annotated copies of at least her 2013 Review Modules for the other two sets (i.e., Community Health Nursing and Pharmacology). *See* § 2(c) & n.6, *supra*.

With respect to ATI's proposed amendment to its trade secret claim, Parkes did not provide any documents or testimony constituting admissions that she disclosed specific content (i.e., questions and/or answers) on ATI's Practice Exams until her December 17, 2020 deposition. In fact, it was only when Parkes was confronted at her deposition with her own reference in her video as to what ████████████████████████ about on their ████████████████████████ did Parkes admit that she (supposedly) was referring to ████████████████████████ Parkes Dep. at 150:1–23. Surely, permitting Parkes' efforts to escape liability of misappropriating one ATI trade secret (ATI's <u>Proctored</u> Exam questions and answers) by claiming to have actually misappropriated a different ATI trade secret (ATI's <u>Practice</u> Exam questions and answers) would "create a substantial risk of unfairness to" to ATI if it were unable to pursue claims under Parkes' new "defense" theory. *See Walker*, 2020 WL 2473706, at *3.[9]

Courts have found "good cause" to amend under circumstances that are similar to those presented here. *See, e.g.*, *Carefusion*, 2010 WL 4004874, at *3–4 (good cause satisfied when documents substantiating proposed amended claims were produced after deadline to amend and near close of fact discovery, and plaintiff's "reasonable decision to take [a deposition] to put that document into context and to discover more facts that would allow it to determine whether it had

---

[9] To be clear, ATI continues to allege that Parkes was tipping answers to its Proctored Exams, and has developed further evidence in support of that contention too.

a factual and legal basis to bring" the claim did not weigh against a good cause finding); *Quintero v. Leprino Foods Co.*, No. 09-855 LH/ACT, 2010 WL 11618921, at *4 (D.N.M. Dec. 9, 2010) (good cause satisfied when seeking amendment to add new parties three weeks prior to close of fact discovery after new information was uncovered at deposition); *Shields v. U.S. Bank Nat'l Ass'n, ND*, No. 05-2073-CM, 2006 WL 8440801, at *2 (D. Kan. Feb. 6, 2006) (good cause satisfied when plaintiff did not learn, and realize the impact of, facts giving rise to amended claims until four months after deadline to amend, which was approximately one month prior to when motion was filed). So should the Court find here, for ATI.

### B.      ATI's Request To Amend Also Is Justified Under Rule 15(a) Standards.

#### i.      No Undue Delay or Bad Faith by ATI.

As shown above, ATI did not unduly delay in supplementing its interrogatory responses to include additional bases for copyright infringement and trade secret misappropriation based on the 2013 Review Modules and the ATI Practice Exams, respectively. Rather, following a brief pause in the ligation in early 2020 due to the COVID-19 pandemic and a joint desire to explore mediation, Parkes withheld key documents from ATI until November and December 2020 and made significant admissions at her December 17, 2020 deposition justifying ATI's proposed amendments. *See* § 2(c) & n.5, *supra* (identifying Parkes' admissions that she used her highlighted/annotated copies of her 2013 Review Modules to create her Study Cards and Videos); *id.*, n.6 (identifying Parkes' admissions that her videos disclosed specific content, including questions and/or answers on ATI Practice Exams). ATI updated its interrogatory responses approximately one month later (*see* Ong Decl., Ex. N), and then filed this motion within the time period directed by this Court in its February 25, 2021 Order. *See* Doc. No. 245.

However, to the extent Parkes argues ATI delayed in any way in seeking leave to amend the pretrial order to contain these supplemental claims, the Court must "focus[] on the *reason* for

any delay" when "considering the timeliness of a motion to amend." *SOFCO, LLC v. Nat'l Bank of Kansas City*, No. 08-2366-JAR, 2009 WL 3053746, at *19 (D. Kan. Sept. 18, 2009) (emphasis added) (citation omitted). Here, it is clear that any purported delay is attributable to Parkes' intentional withholding of key documents leading up to the eve of her deposition and her attempt to defeat ATI's trade secret misappropriation claim by admitting at her December 17, 2020 deposition that she is giving away questions and answers to ATI's Practice Exams (instead of its Proctored Exams) in her Videos. *See Yurman Design Inc. v. Chaindom Enterprises, Inc.*, No. 99 CIV. 9307 (JFK), 2001 WL 725291, at *4 (S.D.N.Y. June 27, 2001) ("Given the fact that Chaindom had not produced the jewelry for inspection earlier, despite Yurman's requests, the Court finds that Yurman did not unduly delay in filing its motion to amend its Complaint" to add nearly identical copyright infringement claims based on the newly disclosed product); *Minter*, 451 F.3d 1196 at 1207 (overruling district court finding of undue delay and holding that plaintiff's proposed amendment to pretrial order adding new claim three weeks before trial based on "response to [defendant's] late disclosures" did not constitute delay).

Nor can Parkes plausibly argue that ATI's motion for leave to amend the Pretrial Order is in "bad faith" when (i) ATI's proposed amendments are based on Parkes' own admissions at her December 17, 2020 deposition and the documents she produced to ATI shortly before that deposition, (ii) the proposed amendments are narrow and not futile by any stretch of the imagination (as addressed further below), and (iii) any purported delay in filing this motion was caused by Parkes, not ATI.

  ii.   **Parkes Cannot Show That ATI's Proposed Amendments Are Futile.**

The party "asserting futility of amendment[] ha[s] the burden of establishing futility." *Carefusion*, 2010 WL 4004874, at *5 (footnote and citations omitted). Here, Parkes cannot satisfy her burden to show that ATI's proposed amendments are futile.

"A proposed amendment is futile if the amended claim would be subject to dismissal [and in] determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to [Rule] 12(b)(6)." *Id.* (citation omitted). "In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party," here, ATI. *Id.* (citation omitted). "The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (citations omitted). The issue here is '"not whether [ATI] will ultimately prevail, but whether [ATI] is entitled to offer evidence to support the claims.'" *Id.* (quoting *Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007). Thus, the Court may only find ATI's proposed amended claims futile if, "viewing the well-pleaded factual allegations in the proposed [amended pleading] as true and in the light most favorable to [ATI], the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law." *Id.*

Here, Parkes cannot show that ATI's proposed amendment to its copyright infringement claim is futile. The narrow amendment that ATI is proposing, i.e., asserting infringement of ATI's copyrights in its 2013 Review Modules, is based on the new documents and admissions from Parkes discussed above, which clearly establish the elements of copyright infringement with respect to ATI's copyrights in the 2013 Review Modules. *See* APO at 9–10, §4(a)(2); *Sunflower Elec. Power Corp. v. Clyde Bergemann, Inc.*, No. 04-1003-WEB, 2005 WL 1842754, at *12–13 (D. Kan. Aug. 3, 2005) (rejecting futility argument and granting leave to amend pretrial order when amendments established element of proposed new claim).

Copyright infringement requires a claimant to show "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (citations omitted). A certificate of registration of a copyright is prima facie evidence of the validity of the copyright and facts stated in its certificate (*see* 17 U.S.C. § 410(c)), and ATI has already produced the copyright registrations for the 2013 Review Modules at issue. *See* Ong Decl., Ex. N at 20–21, 26–28 (supplemental responses to Interrogatory Nos. 7–8); APO 9–10, § 4(a)(2). Further, as to the second element of copying, Parkes admitted at her deposition to using her highlighted copies (produced to ATI in November and December 2020) to create her infringing Study Cards and Videos. *See* § 2(c), n.6, *supra*.

Parkes also cannot show that ATI's proposed amendment to its trade secret claim is futile. Like ATI's proposed amendment to its copyright infringement claim, ATI's narrow proposed amendment to its trade secret claim is based on Parkes' admissions at her December 17, 2020 deposition where she admits telling her viewers what she saw—and what they can expect to see—on ATI's Practice Exams. *See* APO 6–10, § 4(a)(3). Parkes may try to argue that the ATI Practice Exams are not ATI trade secrets because more ATI students are exposed to them than are exposed to ATI's Proctored Exams, but that is not sufficient to establish futility. Parkes already has conducted extensive discovery regarding ATI's Practice Exams and can make that argument in a motion for summary judgment or elsewhere if she so chooses. In order to access ATI's Practice Exams, Parkes had to accept—and indisputably did accept, on multiple occasions—ATI's terms and conditions which prohibited Parkes from disclosing any content on ATI Practice Exams. *See* Doc. No. 59 at 31. These non-disclosure provisions are especially crucial as they pertain to ATI Practice Exams because ATI's clients use the Practice Exams for

the purpose of evaluating students' knowledge and mastery of key concepts.  *See* Doc. No. 234

at 6.

iii.     **Parkes Will Not Suffer Prejudice if ATI's Narrow Amendments Are Allowed.**

Parkes will suffer no prejudice if ATI is allowed to amend as requested in this motion for

at least three reasons.

*First*, ATI's proposed amendment to its copyright infringement claim is based entirely on

documents and information within Parkes' possession, i.e., (1) her own Study Cards and Videos,

and (2) her own highlighted/annotated copies of the 2013 Review Modules that she used to

create her Study Cards and Videos.  *See* APO 7–10, § 4(a)(2).  Because Parkes admitted that she

used her 2013 Review Modules to create her Study Cards and Videos, she cannot now plausibly

claim prejudice if ATI is permitted to pursue relief based on those admissions.  *See Prince Grp.,*

*Inc. v. MTS Prod.*, No. 95 CIV. 1160(BN), 1998 WL 273099, at *2–4 (S.D.N.Y. May 27, 1998)

(granting motion to amend pretrial order to supplement copyright claim based on newly

discovered facts as "Plaintiff's desire to use the evidence that is already part of the record for

unanticipated factual contentions regarding access is not prejudicial to defendants").

*Second*, knowing that she used ATI's 2013 Review Modules to create her infringing

products (in addition to ATI's 2016 Review Modules), Parkes had the full discovery period to

conduct discovery regarding the substantial similarities between ATI's 2013 Review Modules

and Parkes' infringing Study Cards and Videos.  Instead, Parkes has maintained the same

primary defense to her copyright infringement throughout this litigation:  that Parkes is

supposedly free to copy ATI's materials because those materials contain only "non-

copyrightable nursing facts."  *See, e.g.*, Ong Decl., Ex. Q (Parkes' First Amended Answers to

Plaintiff's First Set of Requests for Admission) at 3–5 (asserting that "[m]ost of the ATI review

modules contain nursing facts that are not copyrightable" and that "she used some non-copyrightable nursing facts and nursing terms contained in ATI's review modules to create Parkes' videos" and "study cards"). So Parkes cannot possibly argue that she would need additional discovery to respond to ATI's amendment asserting infringement of ATI's copyrights in the 2013 Review Modules.

*Third*, ATI's proposed narrow amendment to its trade secret claim also is based entirely on information within Parkes' possession, i.e., (1) ATI Practice Exams that Parkes accessed and that were produced to Parkes prior to the depositions of key ATI witnesses, Mark Williams-Abrams and Dr. Jerry Gorham, and (2) Parkes' admissions at her December 17, 2020 deposition that she disclosed specific content on the ATI Practice Exams in her Videos. *See* APO 6–10, § 4(a)(3). And Parkes does not need further discovery as to whether the ATI Practice Exams constitute trade secrets because she propounded multiple discovery requests and cross-examined ATI witnesses on that specific issue during fact discovery. *See, e.g.*, Ong Decl., Exs. R (ATI produced copies of Practice Exams that Parkes took and identified other Practice Exams made available to students), S (identifying specific ATI Practice Exams, the number of people who took them, the date they were created, and whether answer rationales were provided to students), and T (cross-examination of ATI employee, Dr. Jerry Gorham, regarding Practice Exams).

In sum, Parkes would not be prejudiced if she is required to respond to ATI's narrow proposed amendments, which are based on documents and deposition testimony provided by Parkes herself late in the fact discovery period. *See Yurman*, 2001 WL 725291, at *4; *Sunflower*, 2005 WL 1842754, at *11–14 (granting motion to amend pretrial order to add new claim based in part on " [Defendant's] non-responsive replies to discovery requests" and over prejudice argument given that new claim is so "closely related" to existing claims).

V.      **CONCLUSION**

For the reasons set forth above, ATI respectfully requests that the Court grant its motion

to amend the Pretrial Order.

//

//

Dated: March 5, 2021                    Respectfully submitted,

                                        **STINSON LLP**

                                        /s/ *Robin K. Carlson*
                                        Timothy J. Feathers (KS Bar No. 13567)
                                        Robin K. Carlson (KS Bar No. 21625)
                                        1201 Walnut Street, Suite 2900
                                        Kansas City, MO 64106-2150
                                        Tel.: 816-691-2754
                                        Fax: 816-412-1134
                                        *timothy.feathers@stinson.com*
                                        *robin.carlson@stinson.com*

                                        and

                                        **GOODWIN PROCTER LLP**

                                        Brett M. Schuman *(Admitted Pro Hac Vice)*
                                        Nicholas M. Costanza *(Admitted Pro Hac Vice)*
                                        Three Embarcadero Center, 24th Floor
                                        San Francisco, CA 94111
                                        Tel.: 415-733-6000
                                        Fax: 415-677-9041
                                        *bschuman@goodwinlaw.com*
                                        *ncostanza@goodwinlaw.com*

                                        I. Neel Chatterjee *(Admitted Pro Hac Vice)*
                                        Andrew S. Ong *(Admitted Pro Hac Vice)*
                                        601 Marshall Street
                                        Redwood City, CA 94063
                                        Tel.: 650-752-3100
                                        Fax:  650-853-1038
                                        *nchatterjee@goodwinlaw.com*
                                        *aong@goodwinlaw.com*

*Attorneys for Plaintiff*
*ASSESSMENT TECHNOLOGIES INSTITUTE,*
*L.L.C.*

165471071