UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S SUPPLEMENTAL INTERROGATORY RESPONSES**

**I.    INTRODUCTION**

Defendant Cathy Parkes d/b/a Level Up RN's ("Defendant" or "Parkes") Motion to Strike and Motion to Exclude Related Evidence in connection with ATI's supplemental responses to Defendant's Interrogatory Nos. 5, 7, and 8 ("Motion to Strike" or "Motion")) (*see* Doc. No. 229 (Motion) and 230-1 (Memorandum in Support of Motion)) should be summarily denied.

Plaintiff Assessment Technologies Institute, LLC's ("ATI") supplemental interrogatory responses were clearly timely under Federal Rule of Civil Procedure 26(e). *See, e.g.*, *Cont'l Coal, Inc. v. Cunningham*, Civ. A. No. 06–2122–KHV, 2008 WL 1943954, at *4 (D. Kan. Apr. 28, 2008) (denying motion to strike supplemental interrogatory responses served near close of fact discovery as they provided information "when it became readily available in a quantified amount" and were thus timely under Rule 26(e)); *Ventura v. Kyle*, Civ. No. 12–472 (RHK/AJB), 2013 WL 12145009, at *2 (D. Minn. Feb. 28, 2013) (denying motion to strike supplemental

interrogatory response based on recently discovered evidence and served at the close of discovery); *see also Fair Isaac Corp. v. Fed. Ins. Co.*, Case No. 16-CV-1054 (WMW/DTS), 2021 WL 243607, at *5 (D. Minn. Jan. 20, 2021) (denying motion to strike supplemental interrogatory responses served <u>after</u> close of discovery).  Further, ATI's supplemental interrogatory responses were based on information that Defendant withheld until her December 17, 2020 deposition, and admissions she made during that deposition, so Defendant cannot possibly claim either that ATI unduly delayed in supplementing its prior interrogatory responses or that Defendant was surprised by the supplemental interrogatory responses.  For example, at her December 17, 2020 deposition, Defendant admitted—for the first time in this litigation—that she used her <u>2013</u> ATI Review Modules (in addition to her <u>2016</u> Review Modules) to create her infringing Study Cards and Videos.  Doc. No. 259 at 5–7, n.5.  At her December 17, 2020 deposition, Defendant also admitted—again, for the first time in this litigation—that she is disclosing questions and/or answers to ATI's Practice Exams in her Videos.  *Id*. at 7, n.6.  Defendant cannot credibly claim surprise or prejudice when ATI supplemented its responses to Defendant's Interrogatory Nos. 5, 7, and 8 to add that information.

        Accordingly, the Court should deny Defendant's Motion to Strike.

**II.**    **ARGUMENT**

        There is some overlap between this motion and ATI's co-pending Motion to Amend the Pretrial Order ("Motion to Amend"), Doc. No. 259, to add claims for Defendant's infringement of ATI's copyrights in the 2013 Review Modules and for Defendant's trade secret misappropriation with respect to ATI's Practice Exams.  If the Court grants ATI's Motion to Amend, then this Motion should be denied as moot.

But even if ATI's motion to amend is not granted, its supplemental interrogatory responses should not be stricken as they are both timely under Rule 26(e), as shown below, and contain admissible evidence relevant to ATI's current copyright infringement and trade secret claims. With respect to its copyright infringement claim, evidence supporting Defendant's copying of ATI's 2013 Review Modules is highly probative as to her copying of the nearly identical 2016 Review Modules. *See, e.g., Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1097, n.1–2 (10th Cir. 2020) (allowing copyright infringement claim based on 2016/17 version of the copyrighted day planner to proceed based on alleged copying of the 2015/16 version on the basis that the later version is similar to the prior version); *Young Design, Inc. v. Teletronics Int'l, Inc.*, No. Civ.A. 00-970-A, 2001 WL 35804500, at *12 (E.D. Va. July 31, 2001) (finding for plaintiff on copyright infringement claim based on copying of prior versions of user manual); *Cent. Point Software, Inc. v. Nugent*, 903 F. Supp. 1057, 1060 (E.D. Tex. 1995) (finding copyright infringement of software when defendant copied a different version of that software that was substantially similar to version in plaintiff's claim). And, with respect to ATI's trade secret misappropriation claim, Defendant's admitted misappropriation of ATI's trade secrets in its Practice Exams is probative as to, at a minimum, Defendant's intent and/or motive regarding her misappropriation of ATI's trade secrets in its Proctored Exams. *See, e.g.*, *Universal Engraving Inc. v. Metal Magic Inc.*, Case No. CV 08-1944 PHX RJB, 2011 WL 13070114, at *2 (D. Ariz. July 12, 2011) (denying motion to exclude references to misappropriation of trade secrets outside of current trade secret claim as such evidence is admissible to prove motive or intent as to current trade secret claim).

///

///

A.  **ATI's Supplementation Was Timely Under Rule 26(e).**

ATI's supplemental responses to Interrogatory Nos. 5, 7, and 8 were timely served in accordance with Rule 26(e) on January 29, 2021.

Under Rule 26(e), a "party who has…responded to an interrogatory…must supplement or correct its…response in a timely manner if the party learns that in some material respect the…response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…" Fed. R. Civ. P. 26(e)(1)(A). "[T]imeliness under Rule 26(e)(1)(A) is measured from the date when the facts are discovered, not some nebulous date when counsel first realized that there was some significance to them." *Fair Isaac Corp.*, 2021 WL 243607, at *4 (citation and quotation omitted).  As set forth in ATI's Motion to Amend, Doc. No. 259 § II, ATI's January 29, 2021 supplemental responses to Interrogatory Nos. 5, 7, and 8 included evidence relating to Defendant's infringement of the 2013 ATI Review Modules and misappropriation of trade secrets in ATI's Practice Exams contained and/or derived from documents that Defendant withheld from producing to ATI until November-December 2020 and Defendant's admissions at her December 17, 2020 deposition.  Defendant's argument that ATI should have supplemented sooner is meritless and only further illuminates her discovery gamesmanship in this case.

For instance, Defendant's argument that ATI should have supplemented its response to Interrogatory Nos. 7 and 8 (regarding copyright infringement) after she responded to ATI's Interrogatory Nos. 3 and 4 on July 31, 2020 (Motion at 7) ignores that, in these responses, Defendant fails to identify which versions of the ATI Review Modules she copied for purposes of creating her infringing Study Cards and Video playlists.  *See* Doc. No. 229-3 at 3–4 (admitting that she created her Study Cards "in a way that allowed students to follow along with their *ATI*

4

*books*," and that she used "the *ATI modules* and made notes alongside highlighted facts" in them and then "ma[de] the videos, explaining the highlighted facts and her tricks/hints as she went through the *modules*…") (emphasis added). It was not until her December 17, 2020 deposition that Defendant admitted using both the 2013 and 2016 ATI Review Modules to create her infringing products. *See* Doc. No. 259 at 5– 6, n.5; *see also Cont'l Coal*, 2008 WL 1943954, at *4 (supplemental interrogatory responses providing information "when it became readily available in a quantified amount" were timely under Rule 26(e)(1)(A) even when served near close of fact discovery); *Ventura*, 2013 WL 12145009, at *2 (denying motion to strike supplemental discovery responses served at close of discovery); *Fair Isaac Corp.*, 2021 WL 243607, at *5 (denying motion to strike supplemental discovery responses served after close of discovery); *Liguria Foods, Inc. v. Griffith Lab's, Inc.*, No. 14-CV-3041-MWB, 2016 WL 11641481, at *6–8 (N.D. Iowa Oct. 26, 2016) (same); *Keys v. Dart Container Corp. of Ky.*, Civ. Act. No. 1:08–CV–00138-JHM, 2012 WL 2681461, at *4 (W.D. Ky. July 6, 2012) (same).

The document marked PARKES_001625 (Motion at 7, Ex. E) does not support Defendant's argument that ATI should have supplemented sooner. That document purports to identify "documents and materials that Defendant used or relied upon to create the videos and study cards at issue" but, notably, it fails to provide <u>any</u> information as to <u>how</u> Defendant used any of the ATI Review Modules referenced therein or <u>which</u> Study Cards and Videos she used them for. Again, ATI was not able to uncover this information until Defendant's December 17, 2020 deposition. *See* Doc. No. 259 at 5–7, n.5. And, again, this document actually <u>concealed</u> (rather than provided, as requested) the true extent of Defendant's use of the copyright-protected ATI Review Modules in creating her infringing products. For instance, in this document, Defendant was eager to identify how she purportedly used other "sources" to create her Study

5

Cards and Videos while she provided no context or information regarding any of the specific ATI Review Modules identified therein.[1]

Nor was ATI to required to allege copyright infringement as to the 2013 ATI Review Modules when it filed its Complaint and/or after the preliminary injunction hearing on the basis that "ATI [purportedly] had all the study cards and videos" at that time. Motion at 8. At that time, prior to obtaining any discovery from Defendant, ATI could not have known which versions of ATI Review Modules (2013 or 2016—or both) that she actually used to create her infringing products. *See Fair Isaac Corp.*, 2021 WL 243607, at *4 (timing under Rule 26(e)(1)(A) is "measured from the date when the facts are discovered, not some nebulous date when counsel first realized that there was some significance to them") (citation omitted). Further, Defendant refused to participate in any discovery prior to the preliminary injunction hearing and refused to testify or even attend the preliminary injunction hearing, so ATI was prevented from cross-examining her about how she actually created her infringing products until her December 17, 2020 deposition. *See* Doc. No. 260, Ex. C at 28:5–29:23.

With respect to ATI's supplemental response to Interrogatory No. 5 (regarding trade secret misappropriation), the Motion to Strike notably fails even to identify any date prior to January 29, 2021 when Defendant contends ATI should have supplemented to include Defendant's admitted disclosure of answers to questions on ATI's Practice Exams in her videos.

---

[1] To be clear, ATI disputes that Defendant actually relied on any "sources" other than the ATI Review Modules to create her Study Cards and Videos. For example, Defendant admitted that this document was created after ATI filed its lawsuit against her, rather than when she actually created her Study Cards and Videos. *See* Declaration of Andrew S. Ong ("Ong Decl."), Ex. A at 262:21–263:12. Further, Defendant made most of her Study Cards and Videos when her business was still called "Pass the ATI," and even Videos that she later removed and re-filmed after receiving a copyright infringement letter from ATI were admittedly created by using the same Study Cards that were made when her business was called "Pass the ATI."

*See* Motion at 3–5; *see also id*. at 11–12 (suggesting that ATI should have asserted misappropriation of the Practice Exams at the time of filing the lawsuit because it had some of Defendant's Study Cards and access to some of her Videos). Defendant did not admit (through documents or discovery responses) that she disclosed answers to questions on ATI's Practice Exams until her December 17, 2020 deposition.[2]

Defendant's argument that ATI's supplemental interrogatory responses violated the Court's scheduling order (*see* Motion at 9 (citing Doc. No. 83 at 2–3)) is frivolous. As is clear from the scheduling order, that deadline pertains to supplementing <u>initial disclosures</u>, not discovery responses. *See also Cont'l Coal*, 2008 WL 1943954, at *4 (evidence in support of existing claims provided in a supplemental interrogatory response near close of fact discovery and after deadline to supplement disclosures in scheduling order did not violate scheduling order as responses were timely, based on new information, under Rule 26(e)(1)(A)).

In sum, ATI's supplemental responses to Interrogatory Nos. 5, 7, and 8 were timely under Rule 26(e) in light of Defendant's November-December 2020 document productions and admissions at her December 17, 2020 deposition.

///

///

---

[2] Defendant's contention that ATI's supplemental response to Interrogatory No. 5 did not sufficiently identify trade secrets and/or that Defendant disclosed any specific trade secrets is disingenuous, at best. Motion at 4–5. Defendant notably fails to discuss any of the citations to her deposition transcripts in her Motion, which ATI did in its Motion to Amend. *See, e.g.*, Doc. No. 259 at 7 (showing transcript of her deposition where she admitted that her Video told viewers what she saw on an "ATI Community Health Nursing Exam" and that "ATI Community Health Nursing Exam" was supposedly in reference to an ATI Practice Exam); *see also id*. at 7, n.6. Defendant cannot credibly claim that she is not apprised of the specific questions and/or answers that she discloses through her Videos when she openly admits to discussing specific questions and/or answers in her Videos.

7

### B. ATI's Supplemental Interrogatory Responses Were Substantially Justified and Harmless To Defendant.

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court, however, need not make explicit findings whether nondisclosure was justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted). Instead, courts have broad discretion when determining whether a violation is justified or harmless and consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993 (citations omitted). All of these factors support the denial of Defendant's Motion to Strike.

In its co-pending Motion to Amend, ATI explains how there is no prejudice or surprise to Defendant if ATI's proposed narrow amendments to the Pretrial Order—which are based on and consistent with ATI's January 29, 2021 supplemental responses to Interrogatory Nos. 5, 7, and 8—are permitted. Doc. No. 259 § IV(B)(iii). The "prejudice" arguments in Defendant's Motion to Strike are meritless and, in at least some instances, are clearly made in bad faith.

For instance, Defendant argues that she will have "no opportunity to cross examine ATI's witnesses with respect to the new claim regarding infringement of [the 2013 ATI Review Module] copyrights" (Motion at 11), but Defendant had the opportunity to cross-examine at least two ATI witnesses regarding substantial similarities between Defendant's Study Cards/Videos and the 2016 ATI Review Modules and did not do so. Instead, Defendant's counsel only cross-

8

examined these witnesses about whether they believed certain information included in both Defendant's Videos and Study Cards were merely nursing facts, *see, e.g.*, Ong Decl. Exs. B at 156:8–21 (cross-examination of ATI employee, Dr. Jerry Gorham) and C at 75:10–23 (cross examination of ATI employee, Dr. Mark Williams-Abrams):

> Q. (By Mr. Schwartz)  So you're not able to say whether – well, let me ask you this:  Do you see this card right here?  This is Card 54 of Cathy Parkes's pharmaceutical cards, second edition.  Do you – do you know if there's anything on this card that is not a standard nursing fact?
> MR. SCHUMAN:  Objection.  Calls for speculation.  Outside the witness's expertise.
> A. Yeah.  It's not something I would – I would know.
> Q. (By Mr. Schwartz)  Okay.
> A. I'm not a nurse.  I just don't know.
> Q. Who would you rely on for that information?
> A. Carrie Elkins probably.
>
> * * * *
>
> Q   All right.  Well, let me ask you about – we're on page 5 of the document.  On the left side there's a study card created by Cathy Parkes.  It has some terms and descriptions.  Do you know whether those are nursing facts?
> A   It's fair to say the underlying terms are nursing facts.
> Q   What do you mean, underlying terms?
> A   Authoritarian, permissive, authoritative, passive.
> Q   Okay.  What about the descriptions?
> A   The descriptions I would consider to be descriptions and examples that I would not consider nursing facts.

Defendant's counsel's cross-examination of these ATI witnesses, and her failure to cross-examine regarding the substantial similarities between ATI's Review Modules and Defendant's infringing products, is entirely consistent with Defendant's primary defense to copyright infringement since the beginning of this case:  that Defendant is supposedly free to copy ATI's materials because those materials contain only "noncopyrightable nursing facts."  *See, e.g.*, Doc. No. 260, Ex. Q (Defendant's First Amended Answers to Plaintiff's First Set of Requests for Admission) at 3–5 (asserting that "[m]ost of the ATI review modules contain nursing facts that

9

are not copyrightable" and that "she used some noncopyrightable nursing facts and nursing terms contained in ATI's review modules to create Parkes' videos" and "study cards"). Defendant also retained a nursing-related expert, Dr. Jessica Coviello, to provide an opinion as to this purported "nursing facts" defense both at the preliminary injunction hearing and in an expert report. Doc. No. 59 at 3, 8, 10, 12–13, 16, 26; Ong Decl. ¶ 5. Indeed, Defendant's Motion to Strike <u>concedes</u> that she copied the 2013 Review Modules but seeks to exclude the relevant evidence on the same "non-copyrightable nursing facts" theory. *See* Motion at 6–7 (arguing that Defendant only admitted at her deposition that she "relied on ATI's Review Modules for non-copyrightable nursing facts"). In sum, Defendant cannot credibly argue that she has been foreclosed from taking discovery regarding the substantial similarities between the ATI Review Modules (2013 or 2016 versions) and her infringing Study Cards or Videos. *See Byrne v. Gainey Transp. Servs., Inc.*, No. 04–2220–KHV, 2005 WL 1799213, at *3–4 (D. Kan. July 11, 2005) (denying motion to exclude untimely interrogatory responses under Rule 26(e)(1)(A) and Rule 37(c) even when defendant was unable to depose new witnesses because supplemented information was based entirely on records in defendant's possession throughout the entire litigation).

Defendant's argument that she "will have no opportunity to conduct discovery to find out on what basis ATI claims [its] [P]ractice [E]xams are trade secrets," Motion at 11, is similarly unavailing and contrary to the record. For instance, ATI's Motion to Amend identifies specific document requests, interrogatories, and cross-examination of ATI witnesses by Defendant pertaining to ATI's trade secret claims with respect to the ATI Practice Exams. Doc. No. 259 at 18; Doc. No. 260 at Ex. R–T. Defendant <u>concedes</u> in her Motion to Strike that she has taken discovery on this specific issue. *See* Motion at 11 (arguing that "ATI already provided information showing that many of [the Practice E]xams [ATI identified in its supplemental

response to Interrogatory No. 5] were seen by tens of thousands or hundreds of thousands of people") and 12 (arguing that "ATI disclosed" specific purported trade secrets in the Practice Exams that Defendant claims, surprisingly, that she supposedly cannot ascertain from ATI's supplemental response to Interrogatory No. 5).  Defendant conducted this discovery because she knows she is disclosing answers to questions on ATI's Practice Exams (at a minimum) in her Videos and she was trying to develop a defense to that claim, *i.e.*, the ATI Practice Exams are not trade secrets.  In other words, the issue already has been covered in discovery.[3]

In sum, Because Defendant already has taken (or had the opportunity to take and never did) discovery pertaining to the legal and factual issues contained in ATI's supplemental responses to Interrogatory Nos. 5, 7, and 8, there is no "prejudice" that needs to be cured in connection with the date that ATI served these responses.  Defendant's failure to seek leave to re-open discovery only further shows that there is no prejudice to cure.  *See Stovall v. Brykan Legends, LLC*, No. 17-2412-JWL, 2019 WL 1014731, at *3 (D. Kan. Mar. 4, 2019) (finding defendant's argument that the "only way to cure the prejudice would be to 'reopen discovery, reschedule the dispositive-motion deadline, and possibly reschedule the trial date,'" but failing to actually seek such relief, "illustrates the significance (or lack thereof) of any potential additional discovery"); *Byrne*, 2005 WL 1799213, at *3–4 (no prejudice to cure when defendant moved to strike interrogatory responses but failed to seek leave to conduct further discovery); *DePaola v. Nissan N. Am., Inc.*, No. 1:04CV267, 2008 WL 808615, at *3 (M.D. Ala. Mar. 24, 2008) (same,

---

[3] Defendant's assertion that ATI "has provided no information about what it did to keep the practice exams secret other than" using the Secure Test Procedure when registering copyrights with the Copyright Office is also false.  Mark Williams-Abrams submitted a preliminary injunction declaration on September 11, 2019, detailing the creation of, and security measures for, ATI's Proctored Exam and stated that the process for creating ATI's Practice Exams was "substantially similar." Doc. No. 14-11 at 5–10.  Defendant deposed Mr. Williams-Abrams in this case in December 2020, *i.e.*, over a year after he submitted that declaration.

when defendants did not "file a motion to extend discovery in order to respond" to the supplemented discovery or move for an extension of the discovery deadline); *see also* Doc. No. 229 (failing to seek such relief in Defendant's Motion to Strike).

Denying Defendant's Motion to Strike ATI's supplemental responses to Interrogatory Nos. 5, 7, and 8 will not disrupt trial in this case, which the Court continued to April 5, 2022 in light of ATI's Motion to Amend.  *See* Doc. No. 246.  Defendant will have more than one year to prepare for trial as it pertains to the evidence set forth in these responses, and will also have more than three months to prepare any potential summary judgment arguments regarding the same.  *Id*.  Notably, Defendant's Motion to Strike fails to address this factor.  *See Meggitt (Orange Cty.), Inc. v. Nie*, No. SA CV 13-00239-DOC (DFMx), 2015 WL 12743695, at *2 (C.D. Cal. Feb. 17, 2015) (denying motion to exclude supplemental interrogatory responses, in part, on the basis that they were provided four months in advance of trial); *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 76 (1st Cir. 2013) (ruling that supplemental interrogatory responses served after close of discovery were timely under Rule 26(e) and also harmless as "the *one-year lag between the [supplemental response] and trial* make plain that Weybosset had ample time to inspect the materials prior to trial") (emphasis added).

Finally, Defendant's bare contention that she "did not withhold any information or by any other means act in bad faith or with willfulness," Motion at 11, is a mischaracterization of the discovery record.  As explained above, and in more detail in ATI's Motion to Amend, Doc. No. 259 §§ II(B) and IV(B)(i), Defendant engaged in bad faith conduct by withholding key documents from ATI until November and December 2020.

### III. CONCLUSION

For the reasons set forth above, ATI respectfully requests that the Court deny Defendant's Motion to Strike.

Dated: March 11, 2021                               Respectfully submitted,

                                                     **STINSON LLP**

/s/ *Robin K. Carlson*
Timothy J. Feathers (KS Bar No. 13567)
Robin K. Carlson (KS Bar No. 21625)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel.: 816-691-2754
Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*
*ncostanza@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063
Tel.: 650-752-3100
Fax: 650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
*ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.*