UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2: 19-cv-02514-JAR-KGG |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: DEFENDANT'S RULE 30(b)(6) DEPOSITION NOTICE**

**I.   INTRODUCTION**

In her Opposition, Defendant fails to justify the propriety of her eleventh-hour Rule 30(b)(6) deposition notice or the propriety of the specific Topics in that notice that are the subject of ATI's motion for protective order. *See* Doc. Nos. 220, 225.

*First*, Defendant does not dispute that ATI's counsel raised the subject of a Rule 30(b)(6) deposition of Plaintiff in October 2020, before Defendant began taking fact witness depositions of ATI employees. This was the proper time to discuss a Rule 30(b)(6) deposition, and would have been the proper time to conduct such a deposition of an entity such as ATI. Instead, Defendant deposed seven of the ATI employee witnesses who know the most about the issues in this case before seeking to conduct a Rule 30(b)(6) notice that would necessarily require bringing one or more of those deponents back for a second deposition.

*Second*, Defendant does not dispute that her Rule 30(b)(6) notice is cumulative of other discovery that she already has conducted. For example, Defendant wants an ATI representative to testify to the number of ATI employees (Topic 5). Setting aside that this request is irrelevant

to the issues in this case, which is about Defendant's admitted copying of ATI's written works and her misappropriation and disclosure of ATI's trade secrets in her videos, Defendant <u>already asked</u> ATI's Dr. Gorham this question and got testimony from him on the subject.  Defendant cannot justify her request for another deposition on the exact same subject matter.  Similarly, Defendant does not dispute—indeed, she admits—that she already served written discovery requests covering the same subjects as the disputed topics in her Rule 30(b)(6) notice.  Defendant cannot justify her unduly cumulative Rule 30(b)(6) notice.

*Third*, Defendant seeks to burden ATI with the expense of another deposition on topics that are either of no or marginal relevance to this case.  For example, Defendant wants an ATI representative to testify how, according to ATI records, "someone" could have accessed her ATI account on August 19, 2019.  But nowhere does Defendant deny that she was the one who accessed her ATI account on August 19, 2019.  And whether or not Defendant is the one who actually accessed her ATI account on August 19, 2019 is irrelevant to any issues in the case since Plaintiff admits she accessed her ATI account on numerous occasions after graduating from nursing school specifically for the purpose of taking ATI exams so she could improve the content of her videos.  *See, e.g.*, Doc. No. 225 at 14; Doc. No. 226-1 (Parkes Dep.) at 152:5–20; Doc. No. 222-5 at 2–3.

For all these reasons, as explained further below, ATI respectfully requests that the Court grant its motion.  ATI also respectfully requests that the Court deny Defendant's overly aggressive request for expenses given that ATI's objections to the Topics are clearly substantially justified.

**II.     ARGUMENT**

    **A.     <u>Defendant's Rule 30(b)(6) Deposition Notice Is Untimely.</u>**

Defendant's argument that her eleventh-hour Rule 30(b)(6) deposition—served during

the last month of discovery and scheduled to occur three days before the close of fact discovery—is "timely" because there is "no rule that the corporate designee cannot be deposed during the last month of the discovery period" completely misses the mark. *See* Doc. No. 267-1 at 4. ATI is not arguing that a party can never conduct a Rule 30(b)(6) during the last month of discovery. Rather, under the facts and circumstances of this case, including that Defendant already deposed seven of ATI's employees and that the disputed topics are topics that already have been covered in prior fact depositions and/or written discovery requests, Defendant's Rule 30(b)(6) notice is improper.

Notably, Defendant ignores the authority in ATI's motion explaining that the primary purpose of a Rule 30(b)(6) deposition is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6), advisory committee's note to 1970 amendment; *see also Cherrington Asia Ltd. v. A & L Underground, Inc.*, 263 F.R.D. 653, 661 (D. Kan. 2010) (noting this as "*foremost* among the purposes of Rule 30(b)(6)") (emphasis added). Clearly that is not the purpose of Defendant's Rule 30(b)(6) deposition notice here. Defendant already has deposed seven ATI employees, and she admittedly intends to ask ATI's corporate designee the same questions that she has already asked other witnesses through deposition and/or written discovery.

The fact that Defendant admittedly already "served written discovery on Topics 10 and 12" (as well as Topics 13 and 21), *see* Doc. No. 267-1 at 4, 13 n.1, does not justify seeking the <u>same</u> discovery through a Rule 30(b)(6) deponent. *See Wolfe v. Ford Motor Co.*, No. 06-1217-MLB, 2008 WL 294547, at *2 (D. Kan. Feb. 1, 2008) (issuing protective order as to Rule 30(b)(6) topics that were "unreasonably cumulative" of other existing written discovery).

3

Defendant already moved to compel ATI's responses to discovery requests encompassing Topics 10 and 12, and if she wins she will get that information and does not need a Rule 30(b)(6) witness to provide it via deposition; if she does not prevail on that motion to compel, then she obviously is not entitled to Rule 30(b)(6) deposition testimony on the same issues.

Defendant's argument that the "need to depose ATI's corporate designee" only surfaced very late in discovery simply is not true. *See* Doc. No. 267-1 at 4. Topics 7, 8, 17, and 19 (all subjects of this motion) pertain to an access log for Defendant's ATI account that ATI produced in November 2020. *See* Ong Reply Decl. ¶ 2. Topics 5 and 6 (subjects of this motion) pertain to the number of ATI and Ascend employees. As discussed below, Defendant asked ATI's Dr. Jerry Gorham for this same information during a December 10, 2020 deposition—and got substantive testimony on the topics.

### B. Each Disputed Topic in Defendant's Rule 30(b)(6) Notice Seeks Irrelevant Information That Is Not Suitable for a Rule 30(b)(6) Deposition in Any Event.

#### i. Topics 5 and 6

Defendant does not dispute that Topics 5 and 6 seek purely numerical figures, i.e., the number of ATI and Ascend Learning employees, that are not properly sought through a Rule 30(b)(6) deposition. *See In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding that plaintiff's Rule 30(b)(6) notice was "a highly inefficient method through which to obtain otherwise discoverable information"). Instead, Defendant argues she now needs a witness to "state how many employees [ATI and Ascend Learning] ha[ve]" because she supposedly did not know she wanted this information until the deposition of Jeff Marsh, on January 8, 2021, which was "too late for [her] to serve an Interrogatory." Doc. No. 267-1 at 7. This is plainly false.

4

*First*, Defendant concedes that she asked Dr. Jerry Gorham the exact same information that she now seeks through Topics 5 and 6 at Dr. Gorham's December 10, 2020 deposition. *Id.*; *see also* Ong Reply Decl., Ex. I (Gorham Dep.) at 11:13–14 ("Q. Do you know how many employees Ascend Learning has?"), 24:8–14("Q. Do you know how many employees ATI has?"). In other words, Defendant knew that she wanted this information by no later than December 10, 2020.

Further, Defendant mischaracterizes Dr. Gorham's testimony on this issue to the Court by claiming that Dr. Gorham "did not know" that answer. *See* Doc. No. 267-1 at 7. In response to questioning about the number of ATI employees, Dr. Gorham responded: "Several hundred, yes. Several hundred." Ong Reply Decl., Ex. I at 24:8–14. While this information is completely irrelevant to any claim or defense in this case, Defendant does not explain why she needs any greater precision through Rule 30(b)(6) testimony regarding the number of employees. If her argument—as absurd as it is—is that ATI had more people available to evaluate Defendant's infringing products prior to filing this lawsuit than just ATI's two-person Test Security Team, she already has the sworn testimony she needs to try to make that argument.

*Second*, Defendant's argument that she did not know until January 8, 2021 that ATI's Test Security Team consisted of only two people or the fact that the Test Security Team did not actually conduct an actual investigation into Defendant's unlawful materials until well after the Test Security emails referenced in her Opposition were sent is also false. *See* Doc. No. 267-1 at 6. Dr. Gorham was cross-examined on this very issue on December 10, 2020 and testified that (i) the Test Security Team consists of only <u>two</u> people, Karen Wood and Jeff Marsh, and (ii) the Test Security Team (with the help of the Content Team) did not conduct an actual investigation

5

into Defendant's unlawful materials until at least late May 2019.  *See* Ong Reply Decl., Ex. I at 17:1–10, 50:2–51:2, 79:15–81:5.

*Third*, the number of ATI or Ascend employees is simply irrelevant to any issue in this case in any event.  Defendant argues she needs this information to refute any potential argument that ATI's Test Security Team was understaffed, *see* Doc. No. 267-1 at 6–7, but ATI is not arguing that its Test Security Team was understaffed.  Moreover, the total number of ATI and/or Ascend Learning employees does not change the number of people that were on the *Test Security Team* during the relevant period:  two.  And as ATI noted in its moving papers, employees are not fungible—a point Defendant completely ignores in her Opposition.  It would be absurd for Defendant to suggest or argue that ATI should have taken one or more of its "several hundred" employees away from their jobs in human resources, finance, janitorial, maintenance, IT, operations, marketing, production, inventory, sales, administrative, and/or any other departments to assess Defendant's infringing materials.  Nor is ATI making a "jury argument."  *Id.* at 6. While the scope of discovery is broader than admissibility at trial, discovery still has some relevancy boundaries, and Defendant's Topics 5 and 6 exceed those boundaries.  *See Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 2333356, at *3 (D. Kan. Aug. 15, 2007) (Rule 30(b)(6) deposition topics are not relevant if it "is clear that the information sought can have no possible bearing on the claim or defense of a party"); *Lauter v. Rosenblatt*, No. 2:15-cv-08481-DDP (KSx), 2019 WL 4138020, at *16 (C.D. Cal. July 1, 2019) (denying motion to compel further RFA response regarding number of employees as requested information was irrelevant to proving plaintiff's claims).

### ii. Topics 7, 8, 17, and 19

Defendant has repeatedly admitted (since the beginning of this case) to accessing ATI's

website after she graduated from nursing school, i.e., after she no longer had a need to access the site for educational purposes. On November 4, 2020, ATI produced an access log showing ATI's record of Defendant accessing ATI's website both during and after graduating from nursing school. Even though she has had the access log since November 4, 2020, and even though she does not deny repeatedly accessing the ATI website after graduating from nursing school, Defendant wants ATI to produce a Rule 30(b)(6) witness to answer more questions about the access log. ATI's motion as to all of Topics 7, 8, 17, and 19 should be granted.

*First*, Defendant wants an ATI witness to answer questions about an entry showing that "someone" accessed Defendant's ATI account on August 19, 2019. Most importantly, Defendant has never denied that she was the one who accessed her ATI account on August 19, 2019. Indeed, even in opposing ATI's motion here, there is no declaration from Defendant stating that she was not the one who accessed her ATI account on August 19, 2019. For this reason alone, ATI's motion should be granted.

*Second*, Defendant wants an ATI witness to explain how "someone" could have logged in to Defendant's ATI account in August 2019 because ATI supposedly disabled her account in February 2019. *See* Doc. No. 267-1 at 9. Defendant knows this is baseless and that her ATI account was not actually disabled in February 2019. In fact, Defendant <u>admitted</u> accessing her ATI account in March 2019. *See* Doc. No. 222-5 at 2–3 (Defendant's response to ATI's Request for Admission No. 56). The access log also shows two logins to Defendant's account on April 8, 2019, but Defendant does not challenge the veracity of those logins—why? Because she knows she was accessing her account well after February 2019.

*Third*, Defendant's login activity is not, without more, at issue in this case. ATI has not asserted any claim against Defendant based on unauthorized access by Defendant to ATI's

7

website. Rather, ATI's breach-of-contract claim is based on Defendant's improper use of the ATI resources that Defendant admits accessing on ATI's website after she graduated from nursing school. Notably, there is no actionable activity associated with the August 19, 2019 date—it is merely a login. Rather, all of the actionable activity is from her access to ATI Products in March 2019 and before (*see* Ong Reply Decl. ¶ 2), i.e., dates that Parkes has already <u>admitted</u> that she accessed the site and used ATI Products. *See* Doc. No. 225 at 14; Doc. No. 226-1 (Parkes Dep.) at 152:5–20; Doc. No. 222-5 at 2–3.

*Fourth*, the December 22, 2020 password change to Defendant's account (Topic 17) is not relevant to any issue in the case. Her curiosity about why this email was sent after this lawsuit was well underway does not justify a Rule 30(b)(6) deposition of ATI.

*Finally*, Defendant's attempt to justify a Rule 30(b)(6) deposition on Topics 7, 8, 17 and 19 regarding the access log on the ground that it was "too late to serve written discovery on those issues" is demonstrably false. *See* Doc. No. 267-1 at 10. Again, ATI produced the access log to Defendant on November 5, 2020. And Defendant's counsel actually questioned ATI's Dr. Gorham regarding this access log on December 10, 2020. *See* Ong Reply Decl. ¶ 4. In short, Defendant had sufficient time to serve written discovery regarding the access log. She simply chose not to do so.

### iii. Topics 10 and 12

Defendant concedes that Topics 10 and 12 seek the exact same basic factual and/or numerical information that she sought through Interrogatory No. 18 and Request for Production No. 59 (for Topic 10) and Interrogatory No. 19 and Request for Production No. 58 (for Topic 12). *See* Doc. No. 267-1 at 13. A protective order as to the these topics is warranted on this basis alone. *See Starlight Intern, Inc. v. Herlihy*, 186 F.R.D. 626, 641 (D. Kan. 1999) ("That

8

litigants may engage in successive forms of discovery is not a license to engage in repetitious, redundant and tautological inquiries.") (internal quotations omitted).  Further, ATI timely objected to those written discovery requests, and Defendant moved to compel on those requests.  If Defendant loses her motion to compel for the reasons stated in ATI's opposition to that motion, *see* Doc. No. 265 at 8–11, then obviously she is not entitled to an ATI witness to provide the same information at a Rule 30(b)(6) deposition.  And if Defendant wins her motion to compel, she will get the information in written discovery and is not entitled to an ATI witness to provide Rule 30(b)(6) testimony on the subject matter.[1]

      Defendant's argument that Topic 10 (information about Defendant's classmates who took ATI's RN Comprehensive Predictor Proctored Exam in October, November, and/or December 2015) is necessary to show (i) that other students took an ATI Proctored Exam when they did not need to and (2) that other students took the same test form does not justify a Rule 30(b)(6) deposition on this subject matter.  This discovery is clearly irrelevant to any issue in the case.  The number of students that potentially took the RN Comprehensive Predictor Proctored Exam a second or third time after passing the first time has no bearing on whether <u>Defendant</u> took ATI exams for the purpose of gathering information about ATI's test items to disclose to others.  Similarly, whether all of the students took the same "test form" has no bearing on whether Defendant discloses questions and answers from the test forms that she accessed.

      Defendant's argument that Topic 12 (the percentage of students who scored 90% or higher on an ATI Proctored Exam in the last ten years) is necessary to show that she was qualified to create her Study Cards and Videos without copying the ATI Review Modules or

---

[1] Defendant says she is willing to "accept the Interrogatory answers in lieu of deposing the corporate designee on these topics."  Doc. No. 267-1 at 13.

9

misappropriating ATI's trade secrets also does not justify a Rule 30(b)(6) deposition on this subject matter. Again, this discovery is clearly irrelevant to any issue in the case. Whether Defendant is "qualified" to create nursing education materials has no bearing on whether she *copied* ATI's materials or misused its trade secrets in creating the accused products in the case.[2]

### iv.     Topic 13

Defendant concedes that the discovery she seeks through Topic 13 (identification of people who saw a test item on ATI Proctored Exam that they previously heard about by watching Defendant's videos) has <u>already been provided to her</u> in ATI's response to her Interrogatory No. 20. *See* Doc. No. 267-1 at 13 n.1 ("ATI answered an Interrogatory on this subject . . . ."). To the extent Defendant believed that ATI's answer was insufficient or incomplete, she could have moved to compel a further response—she did not. But seeking the <u>same discovery</u> through a Rule 30(b)(6) deposition solely because she did not like ATI's answer to her Interrogatory No. 20 is a complete waste of ATI's and this Court's time and resources. The Court should grant a protective order as to Topic 13 on this basis alone. Further, Defendant does not dispute that FERPA prohibits ATI from producing the contact information that is requested in Topic 13. *Id.*

### v.     Topic 21

The discovery Defendant seeks through Topic 21 (whether Defendant had to agree to any terms and conditions on ATI's website in order to get paperback copies of the ATI modules) already has been provided in response to her Interrogatory No. 10, which asked ATI to "identify *each and every contract*, and each and every contract term that you claim Parkes breached."

---

[2] In her Opposition, Defendant does not cite any caselaw to addressing how ATI's objection to these requests based on the Family Educational Rights and Privacy Act ("FERPA") restrictions is a "non-issue." Doc. No. 267-1 at 12. Specifically, Defendant cites no authority that redacting student's names sufficiently resolves the privacy concerns of third parties under FERPA. *Id.*

10

Doc. No. 222-8 at 34–38 (emphasis added).  It is perplexing how Defendant could state that she does not know whether ATI contends that she breached ATI's "terms and conditions" when she already asked ATI to identify each and every contract ATI claims that she breached and, in response, ATI identified its terms and conditions.  *Id.*

### C. Defendant Is Not Entitled to Expenses Under Rule 37 Because ATI's Objections Are Substantially Justified.

Even if the Court concludes that Defendant is entitled to any of the discovery that is the subject of this motion, Defendant's overly aggressive request for expenses (attorneys' fees) should be denied because ATI's objections are substantially justified.  *See* Fed. R. Civ. P. 37 (a)(5)(A)(ii); *Fish v. Kobach*, 320 F.R.D. 566, 572 (D. Kan. 2017) ("Because defendant's objections were substantially justified, the court will not (and may not) impose sanctions under Fed. R. Civ. P. 37(a)(5).").  Notably, a party's objections may be substantially justified even where "the court ultimately rejected [the party's] relevance . . . arguments."  *Id.*  "A discovery response or objection is 'substantially justified' if it is justified to a degree that could satisfy a reasonable person or if reasonable people could differ as to [its] appropriateness."  *Id.*  (internal quotations and citations omitted).  ATI's discovery objections easily meet this requirement.

*First*, Defendant's supposed "limt[ing] the scope" of her deposition notice by withdrawing 13 out of the 23 does not mean those topics were proper in the first place—they were not.  *See* Doc. No. 267-1 at 15.  For example, Topics 4 and 9 sought information that ATI already provided, Topics 14, 15, 19, 22, and 23 sought the same information that Defendant's counsel cross-examined multiple ATI witnesses about, and Topics 11 and 16 sought information about potential future ATI flash cards when this case has nothing to do with potential new products by ATI.  *See* Doc. No. 225 at 6–7.  Withdrawing improper discovery requests that should not have been propounded in the first place is not evidence of a good faith meet and

11

confer by Defendant. Also, it is a troubling pattern of improper discovery misconduct by Defendant. She used the same tactic when she propounded an entirely unreasonable number of RFAs—440 of them—around the same time she served the Rule 30(b)(6) deposition notice at issue on this Motion. And, as she has done with respect to the Rule 30(b)(6) deposition notice, she withdrew a large number of improper requests after ATI objected.

*Second*, the fact that Defendant "agreed to accept some of the information by written discovery to avoid ATI having to provide a witness on certain issues," Doc. No. 267-1 at 15, only confirms that the Topics were inappropriate for a Rule 30(b)(6) deposition. *See In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654. In fact, this is an admission by Defendant that she is using the Rule 30(b)(6) notice for an improper purpose, i.e., because she failed to timely serve written discovery requests for the information that she is now seeking improperly in a Rule 30(b)(6) deposition.

*Third*, there is no merit to Defendant's accusation that ATI is improperly holding relevant discovery "hostage." Doc. No. 267-1 at 15. As parties often do, ATI attempted to resolve the parties' discovery dispute without the Court's intervention by offering to compromise as to certain topics in Defendant's Rule 30(b)(6) notice in exchange for a reciprocal comprise from Defendant. In so doing, however, ATI never conceded the relevance of any of Defendant's topics.

*Fourth*, Defendant's "agree[ment] to accept . . . information without personal identifiable information of students," *id.*, was at least a bare minimum requirement in order to avoid violating federal law, not a concession. Defendant cites no authority in her Opposition supporting her suggestion that the information she seeks would not constitute "education records" under FERPA even with the proposed redactions.


### III.  CONCLUSION

For the reasons set forth above, ATI respectfully requests that the Court (1) grant its motion for a protective order with respect to Topics 5–8, 10, 12, 13, 17, 19, and 21 in Defendant's Rule 30(b)(6) deposition notice, and (2) deny Defendant's request for expenses.

Dated: March 23, 2021                               Respectfully submitted,

                                                    **STINSON LLP**

                                                    /s/ *Robin K. Carlson*
                                                    Timothy J. Feathers (KS Bar No. 13567)
                                                    Robin K. Carlson (KS Bar No. 21625)
                                                    1201 Walnut Street, Suite 2900
                                                    Kansas City, MO 64106-2150
                                                    Tel.: 816-691-2754
                                                    Fax: 816-412-1134
                                                    *timothy.feathers@stinson.com*
                                                    *robin.carlson@stinson.com*

                                                    and

                                                    **GOODWIN PROCTER LLP**

                                                    Brett M. Schuman *(Admitted Pro Hac Vice)*
                                                    Nicholas M. Costanza *(Admitted Pro Hac Vice)*
                                                    Three Embarcadero Center, 28th Floor
                                                    San Francisco, CA 94111
                                                    Tel.: 415-733-6000
                                                    Fax: 415-677-9041
                                                    *bschuman@goodwinlaw.com*
                                                    *ncostanza@goodwinlaw.com*

                                                    I. Neel Chatterjee *(Admitted Pro Hac Vice)*
                                                    Andrew S. Ong *(Admitted Pro Hac Vice)*
                                                    601 Marshall Street
                                                    Redwood City, CA 94063
                                                    Tel.: 650-752-3100
                                                    Fax:  650-853-1038
                                                    *nchatterjee@goodwinlaw.com*
                                                    *aong@goodwinlaw.com*

                                                    *Attorneys for Plaintiff*
                                                    ***ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.***