IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>Defendant. | Case No. 2:19-cv-02514-JAR-KGG |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE A PORTION OF PLAINTIFF'S EXPERT TRACY COENEN**

## I. INTRODUCTION.

Plaintiff Assessment Technologies Institute, L.L.C. ("Plaintiff" or "ATI") asks the Court to deny Defendant Cathy Parkes' Motion to Exclude a Portion of Plaintiff's Expert Coenen, Doc. No. 250.

Ms. Coenen's expert reports include opinions relating to the disgorgement of profits earned by Defendant when she infringed ATI's copyrights and misappropriated its trade secrets. Defendant's objection to the reports does not address the bulk of the reports. Instead, she focuses on only a portion of the reports: Ms. Coenen's opinion that ATI is entitled to disgorgement of Defendant's profits for sales of non-infringing products because they are indirect profits. *See id.* at 1. Defendant also takes issue with statements included in Ms. Coenen's Expert Report Supplement #2 ("Final Report") (Doc. No. 251-3) in which she responds to an opinion by Defendant's expert that Ms. Coenen's opinions relating to Defendant's non-infringing products are "speculative."

## II. FACTUAL BACKGROUND.

### A. Nature of the Dispute.

This case involves Defendant's misuse of ATI's intellectual property that occurred when Cathy Parkes started a business (initially called "Pass the ATI," and later called "Level Up RN") through which she published videos and sold study cards that included ATI's intellectual property. *See* Doc. No. 1. In its complaint, ATI brought two claims under federal law—(1) copyright infringement under the Copyright Act, and (2) misappropriation of trade secrets under the Defend Trade Secrets Act—as well as three claims under Kansas state law—(3) breach of contract, (4) misappropriation of trade secrets under the Kansas Uniform Trade Secrets Act, Kan. Stat. § 60-3320, *et seq.*, and (5) unfair competition under Kansas common law. *Id.* ¶¶ 74–127.

### B. The Opinions at Issue Regarding Disgorgement of Profits.

ATI engaged Tracy L. Coenen to serve as an expert in this matter. Her qualifications are included in Doc. No. 251-1 at 9-14. On November 2, 2020, ATI served the opening Expert Report of Tracy L. Coenen ("Report"). Doc. No. 255 ¶ 2. Ms. Coenen supplemented her report on December 21, 2020 ("First Supplemental Report") to address additional financial information produced by Parkes after service of the initial report. *Id.* ¶ 3. In this report, Ms. Coenen also opined that ATI should also be entitled to disgorgement of Defendant's profits for sales of non-infringing study card decks and revenue from YouTube videos because Defendant built her Level Up RN business and customer base by infringing of ATI's copyrights and misappropriating ATI's trade secrets. *Id.* ¶ 4.

On January 11, 2021, Defendant submitted a rebuttal to Ms. Coenen's report on damages prepared by James Harrington. *Id.* ¶ 5. Mr. Harrington stated that "Ms. Coenen's disgorgement claim of future profits is speculative as it is not supported by sufficient facts and data and, as such, cannot be relied on in this matter." *Id.* ¶ 6. On February 18, 2021, Ms. Coenen served her

Final Report and included her reply to Mr. Harrington's criticisms of her opinion on disgorgement of Defendant's profits for sales of non-infringing products. *Id.* ¶ 8.

Defendant appears to take issue with two opinions: (1) that ATI is entitled to disgorgement of profits from sales on non-fringing products (*see* Doc. No. 250 at 1); and (2) background information regarding this opinion in which she says that it appears that Parkes would not have been able to build her business but for her infringing acts (*see id.* at 3).

## III. ARGUMENT.

### A. Legal Standard for Admissibility of Expert Testimony.

Federal Rule of Evidence 702 establishes the standard for admissibility of expert testimony. Rule 702 states,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

A district court has broad discretion when deciding whether to admit expert testimony. *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996). In making this determination, courts use a two-step analysis. First, the Court analyzes the expert's qualifications to render an opinion. *Milne v. USA Cycling, Inc.*, 575 F.3d 1120, 1133 (10th Cir. 2009) (quotations and citations omitted). Second, the Court determines whether the proposed testimony has "a reliable basis in the knowledge and experience of [the expert's] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). While the opinion "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation," the Court does not require "absolute certainty." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

**B. Ms. Coenen Is Qualified to Provide Opinion on Disgorgement of Profits.**

Ms. Coenen's expert qualifications are set forth in her Report. Doc. 251-1 at 9-14. Defendant does not challenge Ms. Coenen's qualifications to provide expert testimony on disgorgement of profits related to sales of infringing products. *See* Doc. No. 250 at 2-3. Instead, Defendant argues that Ms. Coenen is not qualified to provide expert testimony on marketing. *Id.* at 3. Even then, Defendant does not contend that a different accounting methodology must be used.

Instead, Defendant focuses on the second "opinion" at issue and implies that a "marketing opinion about consumer behavior" is necessary rather than a "forensic accounting opinion" to render an opinion on disgorgement of non-infringing profits. *See* Doc. No. 250 at 8. Defendant then contends that Ms. Coenen does not have the qualifications to give a marketing opinion and thus is testifying beyond her qualifications. *Id.* But if Ms. Coenen is qualified to render an opinion on disgorgement of profits when products infringe on ATI's copyrights, then her qualifications for rendering an opinion for profits on non-infringing products must be sufficient as well. To suggest that a different set of expert qualifications is required—those of a marketing expert—defies logic and simply is not credible.

With respect to Ms. Coenen's qualifications, Parkes has cherry-picked testimony favorable to her position while omitting key testimony about Ms. Coenen's expertise. Specifically, counsel asked repeatedly about qualifications related to her statements on "Opinion 2" found on page of her First Supplemental Report. Doc. No. 251-2, Coenen Dep. Tr. at 75:20-22, 79:13-82:2. Ms. Coenen explained, "I think that my knowledge, training and experience in economic damages and in forensic accounting makes me qualified to evaluate business scenarios and draw reasonable conclusions about them." *Id.* at 81:20-82:2. Defendant overlooks this testimony entirely. Ms. Coenen also testified that her statement was based on the totality of

information she received. *Id.* at 80:20-81:11. And finally, Ms. Coenen said, "I think that I am qualified to deduce that calling a business 'Pass the ATI', infringing on ATI's copyright, and providing ATI's confidential test materials is what led to the development of the following of the business." *Id.* at 83:11-20. Once again, Defendant omitted Ms. Coenen's testimony from her brief.

**C. <u>Ms. Coenen's Opinion Are Reliable Under *Daubert* and *Kumho*.</u>**

Defendant leads off her reliability argument that Ms. Coenen's "opinion about consumer behavior" is not founded in any specialized knowledge, training, or experience. Doc. No. 250 at 8-9. Defendant's argument conflates the analysis of qualifications and reliability – these are two separate analyses.

Defendant immediately shifts to a contention that Ms. Coenen's opinion is the type of *ipse dixit* opinion that courts have excluded. *Id.* at 9. To the extent that Defendant refers to the single-sentence opinion identified on page 3 of her brief, Defendant's real challenge is to the underlying assumptions, facts, and data on which Ms. Coenen bases her broader opinion that ATI is entitled to disgorgement of profits from non-infringing products. And it is well-settled that the factual basis of an expert's opinion goes to the weight rather than the admissibility of the testimony. *See, e.g.*, *RMD, LLC v. Nitto Americas, Inc.*, No. 09-2056-JAR-DJW, 2012 WL 5398345, at *9 (D. Kan. Nov. 5, 2012); *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, No. 07-1121-EFM, 2009 WL 3855677, at *3 (D. Kan. 2009).

Defendant identifies facts and assumptions on which Ms. Coenen relied on but summarily dismisses them as mere speculation and guesswork. Doc. No. 250 at 3, 9. Defendant's argument, when stripped of the frills, boils down to a belief that Ms. Coenen did not have sufficient data. But again, this goes to the weight of the testimony, not the admissibility.

Defendant will have the opportunity to cross-examine Ms. Coenen vigorously at trial to analyze any perceived flaws in the facts underlying her expert opinions.

**D. Consulting With Another Professional Is Not Grounds for Exclusion.**

The next issue for the Court's consideration according to Defendant is whether Ms. Coenen's opinion is admissible because she consulted with another professor to confirm her prior opinion. Under Fed. R. Evid. 703, an expert may "base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Relevant case law makes clear that considering input from others to confirm her prior opinion does not preclude Ms. Coenen from offering her opinion. *See, e.g., Evolution, Inc. v. Sun Trust Bank*, Civil Action No. 01-2409-CM, 2004 WL 5684007, at *2 (D. Kan. Oct. 13, 2004) (noting that experts may base opinions on information provided by others); *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 449 F. Supp. 3d 333, 353 (S.D.N.Y. 2020) (permitting damages expert to testify where expert relied on another's survey results); *Fair Isaac Corp. v. Fed. Ins. Co.*, 447 F. Supp. 3d 857, 876 (D. Minn. 2020); *U.S. Bank Nat. Assn' v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 131 (S.D.N.Y. 2015) (distinguishing *Mike's Train House v. Lionel, LLC*, 472 F3d 398, 409 (6th Cir. 2006)). In short, an "expert is permitted to rely on facts, opinions, and data not of the expert's own making—including analyses performed or findings made by another expert in the case—even if those facts, opinions, and data are otherwise inadmissible." *PHL Variable Life Ins. Co.*, 112 F. Supp. 3d at 131.

Defendant seeks to exclude Ms. Coenen's opinion, suggesting that Ms. Coenen is trying to "circumvent the hearsay rules by testifying to the views of other experts[,]" and that "[t]he opinion by someone who has not been identified as a witness in not admissible or relevant." Doc. No. 250 at 10. With respect to the hearsay argument, the Advisory Committee Notes from the 1972 Proposed Rules directly address this concern. To support her position, Defendant relies

on a series of cases cited in *Mike's Train House v. Lionel, LLC*, 472 F3d 398, 409 (6th Cir. 2006).[1] Doc. No 250 at 10. Defendant ignores the body of law cited above and instead points the Court only to a line of cases that favor her position. Defendant's cases stand for the proposition that experts may not simply adopt the opinions and conclusions of another as their own. But that is not what happened here.

Ms. Coenen's Final Report included background information relating to a portion of her opinion, which included consultation with a professor of marketing. Ms. Coenen does not offer the professor's opinion as her own, but rather to provide additional insight regarding her own conclusion. *See* Doc. 251-3 at 5. Such testimony is not inadmissible. *Evolution, Inc*, 2004 WL 5684007, at *2. Any questions about the basis for Ms. Coenen's opinion go to the weight of the testimony, not the admissibility. *See, e.g., Belisle v. BNSF Ry. Co.*, 697 F.Supp.2d 1233, 1246 (D. Kan. 2010) (finding expert testimony based on information provided by defense counsel did not require exclusion of testimony because those issues go to the weight of the opinion and not admissibility); *Raytheon Aircraft Co. v. U.S.*, No. 05-2328-JWL, 2008 WL 627488, at *7 (D. Kan. Mar. 4, 2008) (rejecting argument that expert testimony should be excluded because it relied on opinion of another expert).

**E. <u>Ms. Coenen's Opinion Is Relevant.</u>**

Finally, Defendant argues that Ms. Coenen's opinion on non-infringing profits is not relevant because she did not calculate an amount to be disgorged. Doc. No. 250 at 11. Defendant cites no authority for this position.

---

[1] Those cases include *U.S. v. Tran Tron Cuong*, 18 F.3d 1132, 1143 (4th Cir. 1994); *U.S. v. Grey Bear*, 883 F.2d 1382, 1392 (8th Cir. 1989); and *Taylor v. B. Heller & Co.*, 364 F.2d 608, 613 (6th Cir. 1966).

More importantly, the expert reports already provide the methodology for determining disgorgement. Once the trier-of-fact has testimony about the fact that non-infringing profits may be disgorged and the methodology on how to perform calculations, the trier-of-fact can plug in the numbers. When testimony on profits from non-infringing products is elicited at trial, the trier-of-fact will have sufficient knowledge to draw a conclusion about the additional damages.

## IV. CONCLUSION.

For the reasons set forth above, ATI respectfully requests that the Court deny Defendant's Motion To Exclude a Portion of the Testimony of Plaintiff's Expert, Tracy Coenen.

Dated: March 26, 2021

Respectfully submitted,

**STINSON LLP**

/s/ *Robin K. Carlson*
Timothy J. Feathers (KS Bar No. 13567)
Robin K. Carlson (KS Bar No. 21625)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel.: 816-691-2754
Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*
*ncostanza@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063

Tel.: 650-752-3100
Fax: 650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
*ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.*