IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES ) <br> INSTITUTE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CATHY PARKES, ) <br> ) <br> Defendant. ) | Case No.: 19-2514-JAR-KGG |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE A PORTION OF THE TESTIMONY OF PLAINTIFF'S EXPERT, TRACY COENEN**

### I. Ms. Coenen is Not Qualified to Give Expert Testimony about Consumer Behavior.

In its Memorandum in Opposition to Defendant's Motion to Exclude a Portion of Tracy Coenen's testimony ("ATI's Memorandum"), Assessment Technologies Institute, LLC ("ATI") argued that, Ms. Coenen is qualified to calculate disgorgement of non-infringing products because she is qualified to calculate profits from infringing products. (ECF No. 279 at 4). However, ATI's argument misses the point. Ms. Coenen did not calculate profits from non-infringing products because she claimed that she did not have enough information to do that calculation. In her report, Ms. Coenen merely opined that ATI should be entitled to disgorgement of net profits from the sale of non-infringing products continuing "for a reasonable period into the future." (ECF 257-2 at 4). Instead of calculating profits from non-infringing products, Ms. Coenen came up with a theory for why she believes ATI would be entitled to those profits for some unspecified period of time.

Ms. Coenen's theory for why ATI would be entitled to those profits is based on her unsupported opinion that consumers are drawn to the Level UP RN website because of the sale of infringing products. Ms. Coenen admitted that that opinion was a marketing opinion, not an accounting opinion, and she admitted that she had no expertise to give a marketing opinion. (ECF No. 257-4 at 77:21-78:8; 79:24-80:9; 81:16-19; 85:14-22; 86:22-87:13: 88:23-89:14; 99:25-100:7).

To establish Ms. Coenen's qualifications to give an opinion about why people purchase Level UP RN's study cards or watch its videos, ATI relies on Ms. Coenen's own statements that she believes she is qualified to give that opinion. ATI's Memorandum at 4-5. However, neither Ms. Coenen nor ATI can point to anything in Ms. Coenen's education or experience that would qualify her to give opinions about consumer behavior. Nothing in her CV indicates that she has any education or experience in marketing science or consumer behavior. In fact, she stated that she did not think her opinions required any qualifications. (ECF No. 257-4 at 78:9-14).

Ms. Coenen's experience and education make her no more capable than the average juror to opine about why students were drawn to the Level UP RN website. Thus, her opinions on that issue would not be helpful to the jury. Since Ms. Coenen is not qualified to give opinions about consumer behavior, her opinions on that subject must be excluded.

**II.     Ms. Coenen's Opinions about Consumer Behavior Do Not Meet the Reliability Standards of *Daubert* and *Kumho Tire*.**

ATI does not argue that Ms. Coenen's opinions meet the requirements of *Daubert* or *Kumho*. It instead argues that Ms. Coenen's lack of objective data to support her opinions goes to weight rather than admissibility. ECF No. 279, ATI's Memorandum at

5. However, under the Court's gatekeeper function, before allowing the expert to testify, the Court must consider whether the expert's proposed testimony is reliable and relevant. To determine reliability, the Court may consider (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology; and (4) whether the theory has been accepted in the scientific community. This is a nonexclusive list of factors that may be considered by the Court. *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1205 (10th Cir. 2002) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).

In this case, Ms. Coenen's opinions were not based on any methodology that the Court can even analyze under these standards. Ms. Coenen admitted that she did not rely on any objective data or studies, or any other methodology, to come to her conclusions. She merely considered a number of disparate facts that were fed to her by ATI's counsel to reach her *ipse dixit* conclusions. She did nothing more than reach a lay opinion without using any methodology accepted in her field of accounting. In fact, she admitted that her opinions are not accounting opinions and were not rendered with a reasonable degree of certainty in her field.

Since Ms. Coenen's opinions are not based on any methodology, let alone a well-recognized methodology, her opinions must be excluded.

### III. Ms. Coenen Must be Precluded from Parroting the Opinion of a Marketing Professor is Who Not an Expert in This Case.

To support Ms. Coenen's reliance of the opinion of a marketing professor from New Jersey, ATI relies on cases that state that an expert can rely on **facts** provided by

3

others.  *E.g.*, *Evolution, Inc. v. Sun Trust Bank,* 2004 WL 5684007 at *2 (D. Kan. Oct. 13, 2004).  ECF No. 279, ATI's Memorandum at 6.  This is a true statement but not relevant to this case.  ATI also relies on cases that state that an expert can rely on opinions given by another expert **in the same case**.  *E.g.*, *U.S. Bank Nat. Assn' v. PHL Variable Life Ins. Co.,* 112 F. Supp. 3d 122, 130-31 (S.D.N.Y. 2015); *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 449 F. Supp. 3d 333, 353 (S.D.N.Y. 2020) (permitting damages expert to testify where expert relied on the survey results of another expert who testified in the same case); *Fair Isaac Corp. v. Fed. Ins. Co.,* 447 F. Supp. 3d 857, 876 (D. Minn. 2020) (expert allowed to rely on another expert who testified in the same case).  These cases do not support ATI's position because the marketing professor has not been identified as an expert in this case.

In fact, the *PHL Variable* case that ATI primarily relied upon actually supports Ms. Parkes' position.  That case acknowledged that an expert **cannot** rely on another expert's opinion if the first expert is unfamiliar with the methods and reasons supporting the second; an expert cannot merely recite another expert's opinion; and an expert cannot testify to the conclusions of another expert.  *PHL Variable Life Ins. Co.,* 112 F. Supp. 3d at 131.  That holding is on point here.  In her Second Supplemental Report, Ms. Coenen merely parroted back the opinion of the marketing professor without identifying any methodology used by that professor, and without identifying the factual basis for the professor's opinions.  (ECF No. 257-3 at 5).  Thus, under the case cited by ATI, Ms. Coenen's proposed testimony about the marketing professor's opinion must be excluded.

Indeed, allowing Ms. Coenen to testify about the marketing professor's opinion would avoid the expert disclosure requirements of Rule 26 because it would allow the

jury to hear the opinion of a purported expert without disclosure of that expert's CV, without the disclosure of the factual basis for that expert's opinions and without the opportunity to cross-examine that expert.

### IV. Ms. Coenen's Opinion about Non-infringing Products is Irrelevant to this Case and Would Not Help the Jury Determine Any Issue in the Case Because She Did Not Calculate Profits from Non-infringing Products.

Even though Ms. Coenen did not calculate profits relating to non-infringing products, ATI claims that her opinions are relevant because the trier of fact can merely plug in the numbers and use her methodology to calculate profits from non-infringing products. ECF No. 279, ATI's Memorandum at 8. However, Ms. Coenen did not provide a methodology for calculating profits from non-infringing products. As mentioned above, Ms. Coenen stated that ATI should be entitled to profits from non-infringing products "for a reasonable period into the future," but she did not identify that period and she gave no methodology for determining the time period that should apply. (ECF 257-2 at 4). Thus, her proposed testimony provides no basis for a trier of fact to calculate profits from non-infringing products. Thus, her proposed testimony offers no helpful information to the jury on this issue and, thus, it is not relevant to the case and should be excluded.

**WHEREFORE**, Defendant Cathy Parkes respectfully requests the Court to exclude Tracy Coenen's testimony concerning non-infringing products, and grant any and all other relief the Court deems just and appropriate.

5

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,   KS Fed #78879
sschwartz@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Steven H. Schwartz

:mlc
25773619v3

6