IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ASSESSMENT TECHNOLOGIES
INSTITUTE, LLC,

    Plaintiff,

v.

CATHY PARKES,

    Defendant.

Case No. 19-2514-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Defendant Cathy Parkes' Motion for Leave to File Documents Under Seal with Consent of Plaintiff (Doc. 299). Defendant seeks leave to file under seal her entire 32-page memorandum in support of summary judgment and several exhibits. In support of the motion for leave to file under seal, Defendant states that the brief and exhibits include material designated "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order,[1] and thus should be sealed in their entirety.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[2] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession. In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[3] "The Court should seal

---

[1] Doc. 100.

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (citations and footnote omitted).

documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[4]

The Court grants Defendant's motion to file under seal the proposed sealed exhibits that have been marked Confidential or Attorneys' Eyes Only. But the Court cannot grant the motion for leave to seal the entire brief based solely on the fact that it references exhibits that are marked as Confidential or Attorneys' Eyes Only under the Protective Order. It appears that the brief could be presented in redacted form to account for explicit references to confidential material. Indeed, the Protective Order provides the following guidance:

> **8. Filing of Confidential or Attorneys' Eyes Only Information**. If a party seeks to file any document containing Confidential Information or Attorneys' Eyes Only information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as Confidential Information or Attorneys' Eyes Only Information; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.[5]

Only when redaction is inadequate and the Court is able to perform the balancing test set forth above should leave be granted to file a brief under seal. The Court finds it particularly inappropriate to seal Defendant's entire summary judgment brief in this case when Plaintiff,

---

[4] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010) (citation omitted).

[5] Doc. 100 ¶ 8.

2

whose alleged trade secrets are at issue, is able to publicly file its summary judgment brief with only one paragraph redacted.  Defendant may file under seal her unredacted brief, and file on the public docket a redacted copy of that brief, the procedure correctly employed by Plaintiff when it filed its motion for summary judgment.

Finally, the Court admonishes Defendant for filing her sealed documents prior to this Court's order ruling on her motion for leave.  Only after the Court reviews the motion for leave is a party permitted to file documents under seal.[6]  However, rather than strike the documents, this order shall retroactively grant Defendant leave to file the sealed exhibits and unredacted memorandum in support of summary judgment.[7]  Defendant shall file a redacted summary judgment brief forthwith, and, going forward, shall wait for the Court to rule before filing sealed documents in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Cathy Parkes' Motion for Leave to File Documents Under Seal with Consent of Plaintiff (Doc. 299) is **granted in part and denied in part**.  Defendant's motion to seal the attached exhibits A–B, D–I, and M–V is **granted**.  Defendant's motion to seal the memorandum in support of summary judgment is **granted as to an unredacted copy of the brief**.  Defendant shall file a redacted copy of the brief on the public docket.  The clerk shall grant access to the sealed documents to counsel of record.  Pro hac vice attorneys must obtain sealed documents from local counsel.

**IT IS SO ORDERED.**

Dated: June 16, 2021

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[6] D. Kan. R. 5.4.6.

[7] Docs. 306, 307.