IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>          Plaintiff,<br><br>     v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>          Defendant. | Case No. 2:19-cv-02514-JAR-KGG |

## PLAINTIFF ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION. .................................................................................................. 1

II.  PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO ITS
     STATEMENT OF UNDISPUTED FACTS. ...................................................... 3

III. PLAINITFF'S RESPONSES TO DEFENDANT'S STATEMENT OF
     PURPORTEDLY ADDITIONAL MATERIAL FACTS IN DISPUTE. ........................ 14

IV.  RESPONSES TO DEFENDANT'S OBJECTIONS TO PORTION OF
     SCHUMAN DECLARATION AND EXHIBITS 21-30 AND 33. ................................. 31

V.   ARGUMENT. ........................................................................................................ 33

     A.   AS A MATTER OF LAW, DEFENDANT INFRINGED PLAINTIFF'S
          COPYRIGHTS. ........................................................................................... 33

          1.   PLAINTIFF HAS ESTABLISHED THAT DEFENDANT
               DIRECTLY COPIED PROTECTABLE ELEMENTS OF
               PLAINTIFF'S 2013 AND 2016 REVIEW MODULES. ....................... 33

          2.   PLAINTIFF HAS SHOWN THAT DEFENDANT'S INITIAL
               VIDEOS, REVISED VIDEOS AND STUDY CARDS ARE
               SUBSTANTIALLY SIMILAR TO THE PROTECTABLE
               ELEMENTS PLAINTIFF'S 2013 AND 2016 REVIEW
               MODULES. ........................................................................................ 37

          3.   PLAINTIFF HAS SHOWN THAT DEFENDANT'S INITIAL
               VIDEOS, REVISED VIDEOS AND STUDY CARDS ARE
               UNAUTHORIZED DERIVATIVE WORKS. ...................................... 41

     B.   AS A MATTER OF LAW, DEFENDANT MISAPPROPRIATED
          PLAINTIFF'S TRADE SECRETS. ................................................................ 41

          1.   THE ATI PRACTICE EXAMS ARE TRADE SECRETS AND
               DEFENDANT MISAPPROPRIATED THOSE TRADE
               SECRETS IN HER VIDEOS. ........................................................... 41

          2.   DEFENDANT MISAPPROPRIATED THE ATI PRACTICE
               EXAM TRADE SECRETS. ............................................................... 46

          3.   DEFENDANT MISAPPROPRIATED THE ATI PROCTORED
               EXAM TRADE SECRETS. ............................................................... 47

     C.   AS A MATTER OF LAW, DEFENDANT BREACHED HER
          CONTRACT WITH ATI BY USING ATI'S CONFIDENTIAL
          MATERIALS TO CREATE HER OWN FOR-PROFIT WORKS. ..................... 53

     D.   AS A MATTER OF LAW, DEFENDANT IS LIABLE FOR UNFAIR
          COMPETITION. ........................................................................................ 54

     E.   DEFENDANT CANNOT AVOID SUMMARY JUDGMENT BY
          RELYING ON CERTAIN OF HER AFFIRMATIVE DEFENSES. ................. 55

## TABLE OF CONTENTS
(continued)

**Page**

VI.      CONCLUSION................................................................................................................. 58

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Christenson*,
   809 F.3d 1071 (9th Cir. 2015) ...............................................................................56

*Airport Sys. Int'l, Inc. v. Airsys ATM, Inc.*,
   144 F. Supp. 2d 1268 (D. Kan. 2001) ..............................................................52, 54

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...............................................................................................15

*Bison Advisors LLC v. Kessler*,
   No. 14-3121(DSD/SER), 2016 WL 4361517 (D. Minn. Aug. 12, 2016) ..........44, 45

*Blehm v. Jacobs*,
   702 F.3d 1193 (10th Cir. 2012) .............................................................................38

*Bohnsack v. Varco, L.P.*,
   668 F.3d 262 (5th Cir. 2012) .................................................................................52

*Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*,
   No. C-11-06268 JCS, 2012 WL 1670163 (N.D. Cal. May 14, 2012) ....................43

*Centrifugal Acquisition Corp. v. Moon*,
   849 F. Supp. 2d 814 (E.D. Wis. 2012)..................................................................45

*Country Kids 'N City Slicks, Inc. v. Sheen*,
   77 F.3d 1280 (10th Cir. 1996) ..............................................................................37

*Electro-Craft Corp. v. Controlled Motion, Inc.*,
   332 N.W. 2d 890 (1983) ........................................................................................45

*Enter. Mgmt., Ltd. v. Warrick*,
   717 F.3d 1112 (10th Cir. 2013) ...............................................................................1

*Everest Indemn. Ins. Co. v. Jake's Fireworks, Inc*.,
   501 F. Supp. 3d 1158 (D. Kansas 2020) ...................................................1, 15, 56

*Fire 'Em Up, Inc. v. Technocarb Equipment Ltd.*,
   799 F. Supp. 2d 846 (N.D. Ill. 2011) ....................................................................45

*Hall v. Bellmon*,
   935 F.2d (10th Cir. 1991) .........................................................................15, 30, 49

*Hexacomb Corp. v. GTW Enters., Inc.*,
    875 F. Supp. 457 (N.D. Ill. 1993) ........................................................44

*Jacobsen v. Deseret Book Co.*,
    287 F.3d 936 (10th Cir. 2002) .....................................................37, 38

*Kindergartners Count, Inc. v. Demoulin*,
    171 F. Supp. 2d 1183 (D. Kan. 2001) ..................................................54

*Koch Eng'g Co. v. Faulconer*,
    227 Kan. 813 (1980) .........................................................................54

*L. Batlin & Son, Inc. v. Snyder*,
    536 F.2d 486 (2d Cir. 1976)...............................................................41

*Lipton v. Nature Co.*,
    71 F.3d 464 (2d Cir. 1995)....................................................35, 36, 37

*Malibu Media, LLC v. Winkler*,
    Civil Action No. 13-cv-03358-WYD-MEH, 2015 WL 12550890 (D. Colo.
    June 25, 2015) ..................................................................................37

*Mattel, Inc. v. MGA Ent., Inc.*,
    616 F.3d 904 (9th Cir. 2010) .............................................................38

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*,
    166 F.3d 65 (2d Cir. 1999)................................................................39

*Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*,
    No. 17 C 923, 2018 WL 1156246 (N.D. Ill. Mar. 5, 2018) .....................45

*Otto v. Hearst Commc'ns, Inc.*,
    345 F. Supp. 3d 412 (S.D.N.Y. 2018).................................................57

*PaySys Int'l, Inc. v. Atos Se*,
    No. 14-CV-10105 (KBF), 2016 WL 7116132 (S.D.N.Y. Dec. 5, 2016)...............46

*Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters. Int'l*,
    533 F.3d 1287 (11th Cir. 2008) .........................................................58

*Pre-Paid Legal Servs., Inc. v. Harrell*,
    No. CIV.06-019-JHP, 2008 WL 111319 (E.D. Okla. Jan. 8, 2008) ............43, 44

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
    923 F. Supp. 1231 (N.D. Cal. 1995).................................................43

*RING Computer Sys. Inc. v. Paradata Computer Networks, Inc.*,
    No. C4-90-889, 1990 WL 132615 (Minn. Ct. App. 1990) .....................45

*Schmidt v. Holy Cross Cemetery, Inc.*,
    840 F. Supp. 829 (D. Kan. 1993) ............................................................................41

*SmokEnders, Inc. v. Smoke No More, Inc.*,
    No. 73-1637, 1974 WL 20234 (S.D. Fla. Oct. 21, 1974) .........................................44

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) ...............................................................................................58

*Viper Nürburgring Record LLC v. Robbins Motor Co., LLC*,
    Case No. 5:18-cv-04025-HLT, 2019 WL 4256372 (D. Kan. Sept. 9, 2019) ...............34, 56, 57

*Vitkus v. Beatrice Co.*,
    11 F.3d 1535 (10th Cir. 1993) ................................................................................30

*Wolfe Elec., Inc. v. Duckworth*,
    293 Kan. 375 (2011) ...............................................................................................55

*Xtomic, LLC v. Active Release Techniques, LLC*,
    340 F. Supp. 3d 1092 (D. Colo. 2018) ...............................................................55, 56

## Other Authorities

37 C.F.R. § 202.20 ...........................................................................................................46

D. Kan. Rule 56.1(d) ....................................................................................................4, 32

Fed. R. Civ. P. 56(a) .......................................................................................................56

Fed. R. Civ. P. 56(c)(1) ...............................................................................................6, 13

Restatement of Torts § 40 ................................................................................................52

I.   **INTRODUCTION.**

In her Opposition, Defendant Cathy Parkes ("Defendant" or "Ms. Parkes") is unable to demonstrate the existence of any genuine dispute as to any material fact with respect to any of the claims where Plaintiff Assessment Technologies Institute, L.L.C.'s ("Plaintiff's") has moved for partial summary judgment.

*First*, Defendant tries to avoid partial summary judgment by making utterly baseless evidentiary objections, *e.g.*, authentication, even though the parties expressly stipulated to the authenticity of all documents produced by the parties in discovery, and by purporting to introduce additional supposedly disputed facts that are not material to the issues raised in Plaintiff's partial summary judgment motion.  As this Court has observed, "factual disputes about immaterial matters are not relevant to a summary judgment determination." *Everest Indemn. Ins. Co. v. Jake's Fireworks, Inc.*, 501 F. Supp. 3d 1158, 1165 (D. Kansas 2020).  None of Defendant's evidentiary objections or her additional immaterial facts are sufficient to defeat Plaintiff's motion.  *See infra* Section II-IV.

*Second*, Defendant is unable to identify any genuine disputes of material fact with respect to Plaintiff's claim for copyright infringement.  That is because, at her deposition in this case, Defendant ███████████████████████████████████████████████ ███████████████████████████████████████████ Because this is the "rare case where there is evidence of direct copying," the Court need not reach the issue of whether there are sufficient substantial similarities between Plaintiff's copyright-protected Review Modules and Defendant's accused products.  *See Enter. Mgmt., Ltd. v. Warrick*, 717 F.3d 1112, 1120 (10th Cir. 2013).  But even if the Court does reach that issue, summary judgment for the Plaintiff still should be granted.  The Court already identified the substantial similarities between the

copyright-protected expression in the ATI's Review Modules and Defendant's study cards at the preliminary injunction stage, *see* ECF Dkt. No. 59 at 23-30,[1] and those substantial similarities have not changed since the preliminary injunction stage. Indeed, the evidence of Defendant's direct copying—which neither Plaintiff nor the Court had at the preliminary injunction stage— explains *why* those substantial similarities exist and provides additional support for the the Court's prior finding. *See infra* Section V.A.

> *Third*, Defendant is unable to identify any genuine disputes of material fact with respect to Plaintiff's claim for trade secret misappropriation. Here too, summary judgment is appropriate based on Defendant's own admissions: her ***admission*** that she continued logging into her secure ATI student account after graduating from nursing school so she could get "tuned up" on the items on ATI's Practice Exams, and her ***admission*** that she is telling viewers of her videos what they can expect to see on ATI's Practice Exams. With respect to the ATI Proctored Exams, the evidence hasn't changed any since the Court considered this issue at the preliminary injunction stage, found likely trade secret misappropriation, and ordered Defendant to take down certain videos where she is tipping answers to certain questions on the ATI Proctored Exams. In her Opposition, Defendant's primary argument is that the Proctored Exam items are not trade secrets because they are similar to items on the ATI Practice Exams or on quizzes. *See* ECF Dkt. No. 328-1 (Defendant's Opposition to ATI's Motion for Partial Summary Judgment ("Opp.")) at 51. Even considering the evidence in the light most favorable to Defendant, it is undisputed that none of the Proctored Exam items at issue in this case are the same as the other test items that Defendant relies on for this argument. *See infra* Section V.B.3.

---

[1] Unless where otherwise noted, page numbers to docket cites refer to the CM/ECF pagination.

*Fourth*, it is undisputed that Defendant breached her contract with ATI by using ATI's materials to create her own, for-profit products from ATI's products.  In her Opposition, Defendant's primary argument (other than another baseless authentication objection to the contract itself) is that Plaintiff hasn't established damages or other harm supporting an injunction.  *See* Opp. at 52-53.  That argument is insufficient to defeat Plaintiff's motion for partial summary judgment because Plaintiff is only seeking partial summary judgment of liability at this stage.  *See infra*, at Section V.C.

*Fifth*, Defendant is unable to identify any genuine disputes of material fact sufficient to defeat summary judgment on Plaintiff's unfair competition claim.  While Defendant asserts, in an argument heading, that "factual disputes preclude summary judgment" on this claim, the only purported factual dispute she identifies is based on another baseless evidentiary objection to the authenticity of the ATI Terms and Conditions that Defendant accepted on at least ***three*** separate occasions.  Defendant's primary argument is that this claim is preempted; as discussed below, Defendant's preemption argument should be rejected.  *See infra* Section V.D.

For these reasons and the reasons discussed below, Plaintiff's motion should be granted in its entirety.

## II.    PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS TO ITS STATEMENT OF UNDISPUTED FACTS.

Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment relies largely on baseless objections to Plaintiff's Statement of Undisputed Facts ("SOF").  Defendant's tactic seems to be to try to avoid acknowledging the undisputed facts relied on in Plaintiff's motion by making baseless objections to the evidence underling those SOFs.  Plaintiff responds to Defendant's objections as follows:

<u>Plaintiff's SOF No. 8</u>.  The only basis Defendant provides for disputing this fact is Plaintiff's reliance on its response to Defendant's interrogatories.  Rule 56.1(d) specifically permits a party to rely on interrogatory responses to support facts contained in its motion for summary judgment.  Plaintiff did just that.  Personal knowledge is only required for facts attested to in a declaration or affidavit.  *See* D. Kan. Rule 56.1(d).  But to remove doubt, Plaintiff is filing, concurrently with this Reply, the Declaration Jeff M. Marsh in Support of Plaintiff's Motion for Partial Summary Judgment.[2]  Given that Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 8 should be considered undisputed.

<u>Plaintiff's SOF No. 9</u>.  The Declaration of Mr. Williams-Abrams states, under oath, that declarant has personal knowledge of the facts contained in the declaration.  Defendant's objection that the declaration does not show "how" the declarant has personal knowledge is baseless.  Furthermore, Exhibit 22 was produced with ATI bates numbers and both parties stipulated to the authentication of documents produced in this case in the Pretrial Order.  *See* ECF Dkt. No. 293 at 5.  Given that Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 9 should be considered undisputed

<u>Plaintiff's SOF No. 10</u>. Defendant objects to Plaintiff's reliance on ECF Dkt. No. 14-19, which is just an obvious typographical error.  The correct citation is to ECF Dkt. No. 14-10, which Defendant also objects to on grounds of authenticity.  The Pretrial Order in this case *explicitly* states that the parties stipulated to this document as authentic for purposes of summary

---

[2] The Marsh Declaration contains no new evidence.  Paragraphs 3-6 of the Marsh Declaration are substantively identical to the ATI interrogatory response that Defendant objects to on evidentiary grounds.

judgment.  ECF Dkt. No. 293 at 3.  If Defendant had any objection as to the authenticity of this

document, she should have raised that objection when negotiating the Pretrial Order.

Furthermore, ECF Dkt. No. 14-10 was exhibit 1 attached to Dr. Jerry Gorham's declaration.  *See*

ECF Dkt. No. 14-9 (Declaration of Dr. Jerry Gorham in Support of ATI's Motion for

Preliminary Injunction).  In his declaration, Dr. Gorham attested to having personal knowledge

to the facts contained therein, including the fact that this Exhibit, filed as ECF Dkt. No. 14-10,

was a true and correct copy of the terms and conditions on ATI's website.  *Id* at ¶ 14.

███████████████████████████████████████████

███████████████████████████████████████████

Reply Declaration of Brett M. Schuman in Support of Plaintiff Assessment Technologies

Institute, LLC's Motion for Partial Summary Judgment ("Schuman Reply Decl."), Ex. 2

(Gorham Dep. Tr.) at 146:11-23.  Given that Defendant provides no other basis for disputing this

fact, and given the baseless nature of this objection, Plaintiff's SOF No. 10 should be considered

undisputed.

      <u>Plaintiff's SOF No. 11</u>.  Defendant's sole objection to this SOF is that it cites to

documents that have not been authenticated.  Exhibits 23, 24 and 25 were produced with ATI

bates numbers and both parties stipulated to the authenticity of documents produced in this case

in the Pretrial Order.  *See* ECF Dkt. No. 293 at 5.  If Defendant had any objection as to the

authenticity of these documents, she should have raised those objections when negotiating the

Pretrial Order.  Given that Defendant provides no other basis for disputing this fact, and given

the baseless nature of this objection, Plaintiff's SOF No. 11 should be considered undisputed.

      <u>Plaintiff's SOF No. 13</u>.  Again, Defendant objects to this undisputed fact on the basis that

the documents it relies on have not been authenticated.  As explained above, Exhibits 22 and 23

were produced and authenticated in the Pretrial Order.  Furthermore, Exhibit 27 was also produced in this litigation and was therefore also authenticate by stipulation in the Pretrial Order. Given that Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 13 should be considered undisputed.

Plaintiff's SOF No. 16.  Defendant objects to the first two sentences of this SOF on the basis that they are conclusory.  However, those sentences clearly are supported by facts provided in two declarations from two ATI employees.  *See* ECF Dkt. No. 14-9, ¶¶ 11, 12; ECF Dkt. No. 14-11, ¶ 24.  Defendant provides no basis for believing that the underlying facts provided in these declarations and cited to support this SOF are untrue or disputed as required by Fed. R. Civ. P. 56(c)(1).  Given that Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 16 should be considered undisputed.

Plaintiff's SOF No. 18.  Defendant's objection to the first sentence of this SOF is nonsensical based on its agreement that the second sentence is undisputed.  Defendant agrees that the process for developing the Practice Exams is similar to the process for developing the Proctored Exams, yet disputes that Plaintiff's expends substantial resources to develop the ATI Practice Exams because the cited reference refers to the substantial resources expended to develop the ATI Proctored Exams—which Defendant agrees are developed similarly as the ATI Practice Exams.  Defendant's objection is circular and therefore baseless.  Given that Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 18 should be considered undisputed.

Plaintiff's SOF No. 19.  As stated above with respect to Plaintiff's SOF No. 10, the document supporting this SOF has been certified as a true and correct copy of ATI's Terms and Conditions by an ATI employee who attested to having personal knowledge as to that fact, and

the parties stipulated to the authenticity of this document in their Pretrial Order.  Defendant's statement that the supporting document is not authenticated is baseless.  Furthermore, the cited evidence makes clear that the ATI Practice Exams are governed by the Terms and Conditions and that each user needs to agree to those Terms and Conditions to set up a user account and access ATI Practice Exams.  ECF Dkt. No. 14-10 at 2 ("THE USER TERMS AND CONDITIONS SET OUT BELOW . . . GOVERN YOUR USE OF ATI PRODUCTS AND SERVICES . . . INCLUDING . . . TESTING AND ASSESSMENT MATERIALS . . . MADE AVAILABLE TO YOU BY ATI, INCLUDING BUT NOT LIMITED TO, THROUGH ATI'S ONLINE HOSTED PLATFORM . . . YOU MUST AGREE TO THESE TERMS BEFORE ESTABLISHING AN ACCOUNT WITH ATI AND BEFORE YOU ACCESS ATI PRODUCTS.").  The cited document explicitly supports the content of SOF No. 19.  Again, Defendant's basis for disputing this fact is baseless and it should therefore be treated as undisputed.

Plaintiff's SOF No. 20:  Defendant disputes the first two sentences of this undisputed fact as unsupported by the cited evidence.  Contrary to Defendant' argument, the cited evidence supports the SOF.  *See* ECF Dkt. No. 14-11, ¶ 8 ("***Like*** the ATI Proctored Exams and ***Practice Exams***, ATI Review Modules are created by ATI through intensive collaboration of ATI educational, nursing, and test development experts to ***ensure that students are able to learn, process, and comprehend the relevant subject matter necessary to excel on ATI Proctored . . . Exams and be prepared to sit for the NCLEX***.") (emphasis added).  The cited document explicitly supports the content of SOF No. 20.  Again, Defendant's basis for disputing this fact is baseless and it should therefore be treated as undisputed.

Plaintiff's SOF No. 22:  As with Plaintiff's SOF No. 10, Defendant objects to ECF Dkt.

No. 14-10 as not authenticated which is baseless given the parties' stipulations in the Pretrial

Order, and the fact that this document was authenticated by Dr. Jerry Gorham.  ECF Dkt. No.

293 at 5; ECF Dkt. No. 14-9.  In addition, Exhibits 29 and 30 were produced in this litigation and

are therefore stipulated as authentic.  ECF Dkt. No. 293 at 5.  The dates for each of these

documents are clearly stated within each document.  While Exhibit 28 was not produced in this

litigation ████████████████████████████████████████████████

████████████  Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 32:25-33:5.  █████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████  *Id.* at 32:11-21.  For the avoidance of doubt, Plaintiff submits herewith

the declaration of Jeff M. Marsh to authenticate Exhibit 28, and who is competent to testify as

such.  *See* Declaration of Jeff M. Marsh in Support of Plaintiff ATI's Motion for Partial

Summary Judgment ("Marsh Decl."), ¶ 3, Ex. A.  Given that Defendant provides no other basis

for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 22

should be considered undisputed.

Plaintiff's SOF No. 23:  Defendant's objections to SOF No. 23 are premised on her

objections to SOF No. 22 and are therefore unfounded.  Plaintiff's SOF No. 23 should similarly

be considered undisputed.

Plaintiff's SOF No. 24:  Defendant again objects to a produced document on the grounds

of authentication even though the parties stipulated to the authenticity of all produced documents

in the Pretrial Order.  Mr. Schuman's declaration does not violate any local rules.  Given that

Defendant provides no other basis for disputing this fact, and given the baseless nature of this objection, Plaintiff's SOF No. 24 should be considered undisputed.

Plaintiff's SOF No. 25.  Defendant objects to this SOF on the basis of her objections to SOF Nos. 22-24, which should be overruled for the reasons explained above.  Defendant also disputes the second sentence of this SOF, which states that she "never disputed or denied she agreed to ATI's terms and Conditions in at least 2013, 2018, and 2019."  The cited deposition testimony clearly supports this SOF.  ██████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████ Schuman Reply

Decl., Ex. 1 (C. Parkes. Dep. Tr.) at 32:11-21.  Defendant's objections to this SOF are therefore unfounded and SOF No. 25 should be considered undisputed.

Plaintiff's SOF No. 26.  Defendant does not dispute that Ms. Parkes purchased all nine 2013 Review Modules in "early 2013," and all 2016 Review Modules *after* she graduated from CSUSM in December 2015, which is to the point of Plaintiff's SOF No. 26.  Defendant disputes only the date that she purchased the "RN Pharmacology for Nursing Edition 7.0," which is immaterial to SOF No. 26, *i.e.*, whether she purchased that particular Review Module in 2018 or in January 2019.

Plaintiff's SOF No. 28.  Defendant objects to this SOF solely on the basis of its objections to SOF No. 22 and 24.  As stated above, Defendant's objections to SOF Nos. 22 and 24 should be overruled, and therefore SOF No. 28 should be treated as undisputed.

Plaintiff's SOF No. 29.  Defendant disputes the second sentence of this SOF because the cited testimony does not refer to ECF Dkt. No. 28-11 (C. Parkes Decl. in Support of Opposition

to ATI's P.I. Motion ("C. Parkes Decl.")).  The fact that the cited testimony does not refer to this exhibit is irrelevant.  The concept here is the same: when Ms. Parkes discusses her teaching she is solely referring to her "Pass the ATI" and "Level Up RN" videos.  Defendant does not provide any other basis for disputing this SOF, ███████████████████████████████ ████████  *See* ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 177:13-178:16.  This SOF should therefore be treated as undisputed.

Plaintiff's SOF Nos. 30-32.  Here, Defendant does not dispute the substance of these SOFs or that the cited testimony supports the facts themselves.  Defendant's own actions make her individually liable for Plaintiff's claims.  Chief Digital Advisors, LLC is Ms. Parkes' and her husband's closely-held limited liable company.  Chief Digital Advisors, LLC did not create Ms. Parkes' study cards or her videos and there is no dispute about the fact that Ms. Parkes herself created all the content that is the subject of ATI's claims in this case.  These objections are therefore baseless, and SOF Nos. 30-32 should be treated as undisputed.

Plaintiff's SOF No. 33.  Defendant's objection to this SOF is premised on a typographical error in the citation.  The cited evidence can be found at the Hard Drive § **III**(001) at 2:35-2:57. Defendant has not provided any basis for disputing the facts contained in this SOF and it should therefore be treated as undisputed.

Plaintiff's SOF No. 34.  Defendant expressly acknowledges most of this SOF is undisputed and then states that the "remaining facts are disputed because they are not supported by the cited evidence."  This statement is perplexing given that there are no more remaining facts beyond those Defendant has agreed to.  Therefore, SOF No. 34 should be treated as undisputed.

Plaintiff's SOF No. 35.  Defendant does not dispute the second sentence of this SOF, but disputes the first sentence.  The second sentence of SOF No. 35, however,  supports the

statement made in the first sentence of this SOF.  Defendant's objection here is therefore

baseless and illogical.  SOF No. 35 should therefore be treated as undisputed.

Plaintiff's SOF No. 36.  Defendant does not dispute the entirety of this undisputed fact

but instead takes issue with whether Ms. Parkes was the person who made all of the highlighting

in all of the Review Modules she used to create the Initial Videos.  But SOF No. 36 does not

state that Ms. Parkes made all of the highlighting in all of the Review Modules she used to create

the Initial Videos; rather, SOF No. 36 states that the highlighted versions of the Review Modules

**she owned** were used to create the Initial Videos, which remains undisputed.  SOF No. 36 should

be treated as undisputed.

Plaintiff's SOF No. 38.  Defendant disputes the use of the word "immediately" while

admitting that Ms. Parkes testified that she recorded Revised Videos between May and

September 2019.  ████████████████████████████████████

██████████████████████████████████████████

████████  There is therefore no dispute as to the substance of this SOF.

Plaintiff's SOF Nos. 40-41.  These facts are disputed for the same reasons as SOF Nos.

30-32 are disputed.  For the same reasons as with SOF Nos. 30-32, SOF Nos. 40-41 should be

treated as undisputed.

Plaintiff's SOF Nos. 44-46.  Defendant does not dispute these SOFs, but instead denies

that the ATI Review Modules were the only source for any of the study card decks.  Neither of

these facts stated that the ATI Review Modules were the only source for Ms. Parkes' study card

decks and therefore this objection is inapposite.  Furthermore, Defendant denies that all the

highlights referenced in SOF No. 46 were made by Ms. Parkes.  SOF No. 46 does not suggest

11

that they were, but instead states that the Review Modules Ms. Parkes ***owned and used*** to create the study card decks were highlighted.

Plaintiff's SOF No. 47.  Defendant's response to SOF No. 47 purports to dispute that the cited testimony supports the facts contained in Plaintiff's SOF No. 47.  However, the cited testimony makes clear ███████████████████████████████████████████████ ████████████████████████████████ *See* Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 285:10-287:18; *see also* ECF Dkt. No. 34-10 at 11 ██████████████████ █████████████████████████████████. Plaintiff objects to Defendant's citation to and reliance on Exhibit 873, which was not produced by Defendant in discovery, appears to be supplement legal argument in the guise of an "exhibit," and which contains undated excerpts from a number of different resources that do not contradict SOF No. 47 of the cited deposition testimony supporting it.  Defendant's dispute as to the SOF should be disregarded and SOF No. 47 should be treated as undisputed.

Plaintiff's SOF No. 48.  Defendant disputes this fact while quoting the same fact that is presented in SOF No. 48.  Defendant therefore admits that "some of the material in the ATI review modules are copyrightable," which is all SOF No. 48 states.  This fact should therefore be treated as undisputed.

Plaintiff's SOF No. 49.  Contrary to Defendant's objection, ████████████████████ ████████████████████████████████████████████████████████████ ██████████████████ ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 54:1-10; *see also* Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 38:12-39:22 (██████████████████████████ ████████████████████████. Defendant has not provided any evidence to refute this SOF as required by Fed. R. Civ. P. 56(c)(1), and it should therefore be treated as undisputed.



Plaintiff's SOF No. 50.  Defendant disputes this SOF solely on the basis of lack of authenticity as to Exhibit 33.  Exhibit 33 was produced in this litigation and the parties stipulated to the authenticity of all produced documents.  ECF Dkt. No. 293 at 5.  Defendant's objection is therefore baseless and this SOF should be treated as undisputed.

Plaintiff's SOF No. 51. When Defendant made the Initial Videos, the name of her business was "Pass the ATI."  Ms. Parkes indisputably was discussing what would be in exams that a student would take to "Pass the ATI," *i.e.* ATI's Proctored Exams.  Defendant's objection is baseless, and this SOF should be treated as undisputed.

Plaintiff's SOF No. 52. Defendant's objection is premised on a misunderstanding of what SOF No. 52 states.  SOF No. 52 specifically states that Ms. Parkes does not refer to ATI in her Revised Videos but does provide the same tips about what to be familiar with for ATI exams.  SOF No. 52 should therefore be considered undisputed.

Plaintiff's SOF No. 53. As stated with respect to SOF No. 50, Exhibit 33 was produced in the litigation and the parties stipulated to the authentication of all produced documents.  Given that Defendant provides no other basis for disputing this fact. ATI's SOF No. 53 should be considered undisputed.

Plaintiff's SOF No. 54. Defendant objects to this SOF on the grounds that the factual assertions contained in this SOF are not supported by the cited testimony.  However, Defendant admits to several statements which unequivocally support the facts contained in SOF No. 54, whereby Defendant admits that she discloses in her videos test items that Defendant saw on the ATI Practice Exams.  Defendant provides no evidence to refute the additional cited testimony that Defendant provided during her deposition ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ SOF 54 should therefore be treated as

undisputed.

## III.   PLAINITFF'S RESPONSES TO DEFENDANT'S STATEMENT OF PURPORTEDLY ADDITIONAL MATERIAL FACTS IN DISPUTE.

Defendant's Opposition to the ATI Motion for Partial Summary Judgment contains

additional facts that Defendant claims are material and disputed.  Most of these "facts" are

immaterial to the claims at issue in ATI's Motion for Partial Summary Judgment.  Most of the

additional purported facts introduced by Defendant in her Opposition appear to be relevant, if at

all, to Defendant's affirmative defenses.  Neither ATI nor Defendant moved for summary

judgment on any of Defendant's affirmative defenses and, therefore, the purportedly disputed

facts that Defendant introduced further to her affirmative defenses are not material for purposes

of this motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes

that are irrelevant or unnecessary will not be counted"); *see also Hall v. Bellmon*, 935 F.2d,

14

1106, 1111 (10th Cir. 1991) ("[O]nly *material* factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant.") (citations omitted); *Everest*, 501 F. Supp. 3d at 1165 ("Guided by the foregoing framework, the Court turns to the parties' statements of fact, keeping in mind that factual disputes about immaterial matters are not relevant to a summary judgment determination . . . ."). Further, most of the purportedly additional "disputed" material facts that Defendant introduces in her Opposition were identified in Defendant's Motion for Summary Judgment as ***undisputed*** facts. ECF Dkt. No. 306 at 2-6. Plaintiff responds to Defendant's additional facts as set forth below:

1.      Undisputed that CDA is a California limited liability company and that Ms. Parkes does business under the name "Level Up RN." Prior to using the name "Level Up RN," Ms. Parkes was doing business under the name "Pass the ATI." The remaining facts in this paragraph are immaterial to ATI's Motion for Partial Summary Judgment.

2.      Undisputed that Ms. Parkes has a Bachelor of Science degree in Nursing from California State University San Marcos. Plaintiff lacks knowledge to determine whether the remaining facts are true or not but maintains that they are immaterial to ATI's Motion for Summary Judgment.

3.      Undisputed that Ms. Parkes created a series of YouTube videos after she graduated nursing school and that she disclosed the ATI Review Modules in the videos she posted. Plaintiff lacks knowledge to determine whether the remaining facts are true or not but maintains that they are immaterial to ATI's Motion for Partial Summary Judgment.

4.      Undisputed that Ms. Parkes began selling flash cards on the "Pass the ATI" website in May 2018, with her first set of study cards entitled "Pharmacology for Nursing Students." Ms. Parkes subsequently created the "Community Health Nursing Cards" and by

August 27, 2019, Ms. Parkes had created and sold nine study cards corresponding to the nine

ATI review modules.  ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 70:18-71:2.

     5.      Undisputed that Dr. Jerry Gorham testified that ███████████████

███████



Schuman Reply Decl., Ex. 2 (Gorham Dep. Tr.) at 34:9-35:1.  The remaining facts in this

paragraph are undisputed and immaterial.

     6.      Undisputed and immaterial.

     7.      This fact appears to be substantially similar to Defendant's Undisputed Fact No.

19, to which Plaintiff incorporates its response herein.  Disputed and immaterial.  By February

2019, ██████████████████████████████████ ECF Dkt. No. 319-6

(Wood Dep. Tr.) at 129:16-23.[3] ███████████████████████████████

████████████████████████ *Id*. at 155:13-20.  Upon review of the

███████████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████████ Dkt. No.

307-9 (Exhibit M in Support of Defendant's Motion for Summary Judgment).

---

[3] ███████████████████████████████████████

██████████████ Schuman Reply Decl., Ex. 4 (Wood Dep. Tr.) at 21:6-17, 35:22-36:1.

8.      This fact is immaterial to Plaintiff's Motion for Partial Summary Judgment.  By February 2019, ██████████████████████████████████████████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Undisputed and immaterial that on May 22, 2018, Ms. Wood stated in an e-mail to ATI employees, copying Jeff Marsh, that

████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████

ECF Dkt. No. 328-5 at 2.  Undisputed and immaterial that Mr. Marsh ██████████████

████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████

████████████████████████████████████████ *Id.* at 1.  The remaining facts in this paragraph are disputed and immaterial.

9.      Disputed and immaterial.  By February 2019, ████████████████████████

██████████████████████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Undisputed and immaterial that on June 26, 2018, Ms. Wood stated ████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████ ECF

Dkt. No. 328-6 at 1.  Defendant has presented no evidence that Ms. Wood or anyone else at ATI watched more than ██████████████████

10.      Disputed and immaterial.  Defendant has not provided any foundation for the suggestion made in this paragraph that Ms. DiStasi knew anything about, let alone watched, any

of Ms. Parkes' videos.  Ms. DiStasi stated in an e-mail to a customer that Ms. Parkes' ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████  ECF Dkt. No. 328-7.  As mentioned, Defendant has

not presented any evidence that Ms. DiStasi had reviewed any videos herself, or that anyone Ms.

DiStasi consulted with at ATI's Test Security Department had reviewed all of Ms. Parkes'

videos.  Defendant chose not to depose Ms. DiStasi about this email or any other issues in the

case.  Furthermore, Defendant has not presented any evidence that Ms. DiStasi has consulted

with anyone at Plaintiff's legal department.  On August 9, 2018, Ms. DiStasi received an e-mail

from Ms. Wood which stated that the Test Security Department was aware of the videos and that

█████████████████████  Schuman Reply Decl., Ex. 3.  Ms. Wood testified during

her deposition that ███████████████████████████████████

█████████████  Schuman Reply Decl., Ex. 4 (Wood Dep. Tr.) at 63:21-64:1.

11.     Disputed and immaterial.  Ms. Wood stated in an ██████████████████

that Ms. Parkes ███████████████████████████████████████

███████████████████████████  ECF Dkt. No. 328-8 at 1.  By

February 2019, ████████████████████████████████  ECF Dkt. No.

319-6 (Wood Dep. Tr.) at 129:16–23.  Defendant has presented no evidence that Ms. Wood or

anyone else at ATI watched more than these █████████████

12.     Disputed and immaterial.  Ms. Annesi sent ████████████████

███████████████████████████████████████████████

███████████████████████████████  ECF Dkt. No. 328-9 at 2.

Defendant has presented no evidence that Ms. Wood or anyone else at ATI watched more than

these ███████████████

     13.    Disputed and immaterial.  ██████████████████████████████████

███████████████████ *See* ECF Dkt. No. 328-10 (Darigan Dep. Tr.) at 16:13-15.

     14.    Disputed and material.  Jaime Fiorucci-Hughes stated in an e-mail dated

███████████████████████████████████████████████████████████

████████████████████████████████████████████ ECF Dkt.

No. 328-12 at 1.  Disputed that Defendant has shown that anyone at the test security department

reviewed any of Ms. Parkes other ████████████████████████████████████

████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.

     15.    Disputed and immaterial.  ████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 82:13-20, 129:16-23.

Undisputed that ███████████████████████████████████████████████

████████████



ECF Dkt. No. 328-13 at 2.  Defendant has presented no evidence that Ms. Wood or anyone else

at ATI watched more than █████████████████████████

     16.    Disputed and immaterial.  ████████████████████████████████████

████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Ms. Wood sent an e-mail ██████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████ ECF Dkt. No. 328-14 at 1.  Defendant has presented no

evidence that Ms. Wood or anyone else at ATI watched more than these ████████████████

18. 17.     Disputed and immaterial. ████████████████████████████████████████████

████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Defendant has presented no evidence

that Ms. Wood or anyone else at ATI watched more than █████████████████ Ms. Wood

sent an e-mail █████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████ ECF Dkt. No. 328-15 at 1.

18.     Disputed and immaterial.  On October 12, 2018, Ms. Pontes sent Ms. Parkes █

███████████████████████████████████ which is not at issue in this case or on

ATI's Motion For Partial Summary Judgment.  Undisputed and immaterial that Ms. Pontes

testified at her deposition ████████████████████████████████████████

19.     Undisputed and immaterial. ██████████████████████████████████

████████████████ which is not at issue in this litigation.

20.     Undisputed and immaterial. ███████████████████████████ which is

not at issue in this litigation.

21.     Undisputed and immaterial. ███████████████████████████ which is

not at issue in this litigation.

22.     Disputed and immaterial.  Exhibit 821 is hearsay and inadmissible as evidence

under Federal Rules of Evidence 801 and 802.  During her deposition, Ms. Pontes never admitted

to saying any of the statements Defendant alleges she said on October 19, 2018.  Schuman Reply

Decl., Ex. 5 (Pontes Dep. Tr.) at 36:3-43:23.  Ms. Pontes also stated ███████████████████

██████████████████████████████████████████████

████████████████████████████████████

████████ *Id.* at 45:16-46:3.  Undisputed and immaterial that Ms. Pontes testified at her

deposition ██████████████████████████████████████ *Id.* at

31:3-15.

23.     Disputed and immaterial.  Exhibit 822 is hearsay and inadmissible as evidence

under Federal Rules of Evidence 801 and 802.  ████████████████████

██████████████████████████████████████████████

ECF Dkt. No. 329-10.

24.     Undisputed and immaterial that Ms. Pontes ██████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

████████ ECF Dkt. No. 329-11 at 1.  On December 3, 2018, Mr. Parkes and stated that

████████████████████ *Id.*  These communications relate to ████████████

████, which is not at issue in this litigation.

25.     Disputed.  On December 3, 2018, Ms. Burgess received an e-mail from a

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ ECF Dkt. No. 328-16 at 3.  Ms. Burgess

forwarded the e-mail ██████████████████████████████

██████████████████████████████████████████████

██████████████     Defendant has presented no evidence that any of the participants in this e-mail chain watched more than the ████████████ Ms. Wood reviewed.

26.     Disputed and immaterial. ████████████████████████████

██████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Ms. Wood stated in an e-mail to ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████     ECF Dkt. No. 328-19 at 1.  Defendant presents no evidence that Ms. Wood reviewed nursing cards.  Defendant has presented no evidence that Ms. Wood or anyone else at ATI watched more than ████████████████████

27.     Disputed and immaterial. ████████████████████████████

██████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23. ████████████████████

████████████████████████████████████

████████████████████████████ ECF Dkt. No. 328-20 at 1. (emphasis added).  Defendant does not present any evidence that Ms. Wood reviewed any other videos, much less *all* Ms. Parkes' videos.  Defendant presents no evidence that Ms. Wood reviewed nursing cards.

28.     Disputed and immaterial. ████████████████████████████

██████ ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  Defendant does not present evidence that Ms. Wood reviewed all of Ms. Parkes' videos.  Ms. Wood stated in an e-mail ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ ECF Dkt. No. 328-21 at 1.

29.     Disputed and immaterial.  Defendant has not provided any evidence as to what, if any videos or study cards, Jaime Fiorucci-Hughes has reviewed, if any, and has not provided evidence as to what review the legal department conducted and whether anyone at ATI consulted the legal department prior to Mr. Fiorucci-Hughes' e-mail.

30.     Disputed and immaterial █████████████████████████████████

███████████████ ECF Dkt. No. 319-7 (Marsh Dep. Tr.) at 16:9-17:25.

31.     Disputed and immaterial.  Defendant has not presented any evidence that Jaime Fiorucci has reviewed any of Defendant's videos.

32.     Disputed and immaterial. ███████████████████████████████

███████████████ ECF Dkt. No. 319-7 (Marsh Dep. Tr.) at 16:9-17:25.

33.     Disputed and immaterial. ██████████████████████████████

████████████████████████████████████████ ECF Dkt. No. 328-26 at 1.

34.     Disputed and immaterial. ████████████████████████████████

███████████████ ECF Dkt. No. 319-7 (Marsh Dep. Tr.) at 16:9–17:25.

35.     Undisputed.

36.     Disputed and immaterial. ████████████████████████████████

███████████████ ECF Dkt. No. 319-7 (Marsh Dep. Tr.) at 16:9-17:25.

37.     Disputed that the Revised Videos do not reference ATI.  Ms. Parkes may not say the words "ATI" in her Revised Videos but she does discuss what was likely to appear on an ATI exam.

38.     Undisputed.

39.     Undisputed.

40.     Disputed and immaterial.  Ms. Pontes' communications with Mr. Parkes related to ███████████████████████████████████████████ Plaintiff had sent to Defendant and Defendant's response thereto.

41.     All purported facts contained in this paragraph are immaterial.  Plaintiff lacks the knowledge or information to determine whether this paragraph contains facts which are disputed or undisputed, and therefore disputes all facts contained in this paragraph.  The only evidence Defendant presents here are self-serving declarations from herself and her husband.

42.     Disputed and immaterial.  The only evidence Defendant presents here are self-serving declarations from herself and her husband.  Defendant has made substantial revenue and profit from her infringing materials.  ECF Dkt. No. 28-1 (C. Parkes Decl.) ¶¶ 41, 51; ECF Dkt. No. 1, ¶ 72 (More than 22,000 customers have purchased "one or more decks" of Defendant's study cards, which range between $19 to $236, and she also receives "meaningful" advertising revenue from her YouTube videos).

43.     Disputed and immaterial.  The only evidence Defendant presents here is a self-serving declaration.

44.     Undisputed that Ms. Parkes used ATI's Review Modules as a source for her study cards.  The remaining facts contained in this paragraph are disputed.  The remaining allegations in this paragraph are legal contentions, and not facts.  This Court already has rejected Defendant's legal contention that the ATI Review Modules consist solely of unprotectable nursing facts.  *See* ECF Dkt. No. 59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in unique and varying ways, capable of earning copyright protection."), 23-25.  Furthermore, Ms. Parkes has admitted ████████████████████████████

███████████████████████  *See* ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 287:5-18

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

██████████  The only evidence Defendant presents here is a self-serving declaration.

45.   Disputed as legal contentions, and not facts.  This Court already has rejected the legal contention that the ATI Review Modules consist solely of nursing facts.  *See* ECF Dkt. No. 59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in unique and varying ways, capable of earning copyright protection."), 23-25.  Furthermore, Ms. Parkes has admitted ████████████████████████████

███████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████  The only evidence Defendant presents here is a self-serving declaration.

46.   Disputed as legal contentions, and not facts.  This Court already has rejected the legal contention that the ATI Review Modules consist solely of nursing facts.  *See* ECF Dkt. No. 59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in unique and varying ways, capable of earning copyright protection."), 23-25.  Furthermore, Ms.

Parkes has admitted ██████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ The only evidence Defendant

presents here is a self-serving declaration.

47.      Disputed legal contentions, and not facts.  This Court already has rejected the

legal contention that the ATI Review Modules consist solely of nursing facts.  *See* ECF Dkt. No.

59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an

uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in

unique and varying ways, capable of earning copyright protection."), 23-25.  Furthermore, Ms.

Parkes has admitted ██████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ The only evidence Defendant

presents here is a self-serving declaration.

48.      Disputed legal contentions, and not facts.  This Court already has rejected the

legal contention that the ATI Review Modules consist solely of nursing facts.  *See* ECF Dkt. No.

59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an

uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in

unique and varying ways, capable of earning copyright protection."), 23-25.  Furthermore, Ms.

Parkes has admitted 

The only evidence Defendant

presents here is a self-serving declaration.

     49.    Disputed. ███████████████████████████ *See*

Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 285:19-287:18.

*    *    *

     The following paragraphs in Defendant's Statement of Material *Disputed* Facts were a

direct copy from Defendant's Statement of *Undisputed* Facts in her Motion for Partial Summary

Judgment.  *See* ECF Dkt. No. 306 at 2-6.  Plaintiff responded to these statements in its

Opposition to Defendant's Motion for Summary Judgment (ECF Dkt. No. 319-1 at 3-7) and

incorporates its responses herein:

     50.    Disputed.  The ATI Practice Exams are not available "online."  They are

accessible to ATI's authorized and registered users and only through ATI's secure online portal.

*See* ECF Dkt. No. 14-9 ¶¶ 13-15.  To access the ATI online portal, students must first create an

ATI account.  *Id.* ¶ 13.  Thereafter, students must log into the ATI online portal using his or her

individual login credentials to access the ATI Practice Exams.  *Id.*; *see also* ECF Dkt. No. 14-10

(ATI Terms and Conditions) at 1-15. When students create their ATI account, they must review,

acknowledge, and agree to the ATI Terms and Conditions.  ECF Dkt. No. 14-9 ¶ 15.  Among

27

other things, the ATI Terms and Conditions require students to maintain the confidentiality of ATI Products, including the ATI Practice Exams.  ECF Dkt. No. 14-10 at 1–15.

51.     Undisputed that the ATI Practice Exams dating back to 2013 are available to authorized and registered users of ATI's **_secure online portal_**.  *See* ECF Dkt. No. 14-9, ¶¶ 13-15. Any suggestion by Defendant in this paragraph that ATI Practice Exams are available on ATI's website without accessing ATI's secure online portal as an authorized and registered user is disputed.

52.     Undisputed.

53.     Disputed as to the phrase, "other members of the public."  The ATI Practice Exams are only available via ATI's secure online portal, and only to authorized and registered users after they log into that online portal using their individual login credentials.  ECF Dkt. No. 14-9, ¶¶ 13-15.  Before accessing the ATI Practice Exams, students must review, acknowledge, and agree to the ATI Terms and Conditions which require students to maintain the confidentiality of ATI Products, including the ATI Practice Exams.  *Id.*; ECF Dkt. No. 14-10 at 1-15.

54.     Disputed.  The ATI Practice Exams identified herein are only accessible to authorized and registered users through ATI's secure online portal, and only after they log into that online portal using their individual login credentials.  ECF Dkt. No. 14-9, ¶¶ 13-15.  Before accessing the ATI Practice Exams, students must review, acknowledge, and agree to the ATI Terms and Conditions which require students to maintain the confidentiality of ATI Products, including the ATI Practice Exams.  *Id.*; ECF Dkt. No. 14-10 at 1-15.

55.     Undisputed that Dr. Jerry Gorham testified that:



ECF Dkt. No. 307-2 (Gorham Dep. Tr.) at 132:19-25.  Disputed as to the remainder of this

paragraph, insofar as it mischaracterizes Dr. Gorham's deposition testimony. █████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

56.    Undisputed.

57.    Undisputed ████████████████████████████

███████████████████████████████████████████ ECF Dkt.

No. 319-2 (C. Parkes Dep. Tr.) at 47:19-48:8, 54:1-10.  Disputed that Defendant did not have

access to ATI Proctored Exams "through any other means." ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████ *See id.* at 266:17-275:23;

Schuman Decl., Ex. 2 (Exhibit 40 to Parkes' Deposition). ████████████████████

███████████████████████████████████████████████ ECF

Dkt. No. 319-2 (C. Parkes Dep. Tr.) at 274:12-275:23.

58.    Undisputed that Defendant was not permitted to take notes about, or make copies

of, the ATI Proctored Exams she took during nursing school.  Otherwise disputed as hearsay, and

therefore inadmissible as evidence under Federal Rules of Evidence 801 and 802; Defendant

references her own self-serving statement in her declaration that she did not remember

information from ATI Proctored Exams she took while at CSUSM.  Such "evidence" is insufficient to demonstrate a genuine dispute of fact.  *See Hall*, 935 F.2d at 1111 (To raise a material factual dispute, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient . . . Likewise, only *material* factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant.") (citations omitted); *see also U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993) ("[I]t is not enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative.'") (citation omitted); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993) ("To be a 'genuine' factual dispute, there must be more than a mere scintilla of evidence.");

59.    Disputed as hearsay, and therefore inadmissible as evidence under Federal Rules of Evidence 801 and 802; Defendant references her own self-serving statement in her declaration that she does not remember "any proctored exam items when she created the videos at issue." Such "evidence" is insufficient to demonstrate a genuine dispute of fact.  *See Hall*, 935 F.2d at 1111 (To raise a material factual dispute, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient . . . Likewise, only *material* factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant.") (citations omitted); *see also Frank*, 3 F.3d at 1361 ("[I]t is not enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative.'"); *Vitkus*, 11 F.3d at 1539 ("To be a 'genuine' factual dispute, there must be more than a mere scintilla of evidence.").

60.    Disputed as to the statement "disclose the same information." ████████████

████████████████████████████████████████████████████████████

███████████████████████████████████ ECF Dkt. No. 319-4

(Transcript of Nov. 12, 2019 Hearing on Proceedings for ATI's Motion for Preliminary

Injunction ("P.I. Hearing Tr.")) at 90:11–91:2; ECF Dkt. No. 319-5 (Gorham Dep. Tr.) at

171:21–172:3. ████████████████████████████████ *See, e.g.*,

ECF Dkt. No. 319-5 (Gorham Dep. Tr.) at 171:21–172:3, 185:6–186:5, 192:8–193:5.

61.    ███████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████.

ECF Dkt. No. 319-4 (P.I. Hearing Tr.) at 90:11–91:2; ECF Dkt. No. 319-5 (Gorham Dep. Tr.) at

171:21–172:3. ███████████████████████

█████████ *See, e.g.*, ECF Dkt. No. 319-5 (Gorham Dep. Tr.) at 171:21–172:3; 185:6–

186:5; 192:8–193:5.

62.    Disputed.  Defendant used words and phrases that signaled to her viewers what

they would see on their ATI Proctored Exams and ATI Practice Exams.  *See* Dkt. No. 34-28.

████████████████████████████████████

██████ ECF Dkt. No. 319-2 (C. Parkes Dep. Tr.) at 150:1–23.

63.    Disputed.  Defendant used words and phrases in her videos that highlighted that a

topic or question would be on a test or exam by using signals such as "key," "important" or

"super important," among others.  *See* Dkt. No. 34-28.

64.    Undisputed that Defendant used the words "key," "important," and "super

important" in LevelUpRN YouTube videos.

## IV.    RESPONSES TO DEFENDANT'S OBJECTIONS TO PORTION OF SCHUMAN DECLARATION AND EXHIBITS 21-30 AND 33.

Defendant's objections to the Declaration of Brett M. Schuman in Support of Plaintiff's Motion for Partial Summary Judgment ("Schuman Declaration") are all meritless.  Mr. Schuman is competent to testify as to what was produced in this litigation and the parties stipulated to the authenticity of *all* documents produced by *either* party in this litigation.  ECF Dkt. No. 293 at 3, 5.  Notably, and inconsistently, in her own statement of material disputed facts, Defendant relies on this same stipulation.  Opp. at 10 n.1.  Plaintiff responds to the specific objections to Exhibits 21-30 and 33 as follows:

Exhibit 21

Defendant objects to Exhibit 21 as not being signed under oath by "anyone who is competent to testify to the facts contained therein."  Firstly, Mr. Schuman is competent to identify Exhibit 21 as ATI's Answers to Defendant's Second Set of Interrogatories.  Second, Local Rule 56.1(d) permits the use of answers to interrogatories as support in a motion for summary judgment and only requires a person competent to testify to the facts stated in *affidavits or declarations*.  D. Kan. Rule 56.1(d).  Finally, for the avoidance of doubt, Defendant submits herewith the Declaration of Jeff M. Marsh in support of Plaintiff's Reply.  Mr. Marsh is competent to testify as to the facts stated in Plaintiff's responses to interrogatories cited in Plaintiff's SOF No. 8.[4]

Exhibits 22-27, 29-30 and 33

Defendant's objections to Exhibits 22-27, 29-30 and 33, and the corresponding paragraphs to the Schuman Declaration, for lack of authentication are again baseless.  Each of these exhibits were produced in this litigation and the parties stipulated to the authenticity of all

---

[4] Again, Mr. Marsh is not introducing any new evidence.  Paragraphs 3-6 of his declaration are substantively identical to the interrogatory responses that Defendant contends are not proper evidence.

produced documents in this litigation.  ECF Dkt. No. 293 at 5.  If Defendant had an objection to

the authenticity of *any* of the produced documents in this litigation, Defendant should have

raised those objections before agreeing to the stipulation contained in the Joint Pretrial Order.

Mr. Schuman is competent to testify as to what was produced in this litigation and his

declaration confirms that the exhibits in question are true and correct copies of the ***produced***

documents they purport to be.

Exhibit 28

     Defendant objects to Exhibit 28 (in conjunction with Exhibits 29 and 30) for lack of

authentication.  While Exhibit 28 was not produced in this litigation, 

Schuman Reply Decl.,

Ex. 1 (C. Parkes Dep. Tr.) at 32:25-33:5.  Exhibit 28 reflects the 2013 Terms and Conditions

which users had to affirm when setting up their user account and

ECF Dkt. No. 301-

18 (C. Parkes Dep. Tr.) at 32:11-21.  For the avoidance of doubt, Plaintiff submits herewith the

declaration of Jeff M. Marsh who is competent to testify as to the authenticity of Exhibit 28.  *See*

Marsh Decl., ¶ 3, Exhibit A.

## V.   ARGUMENT.

### A.  As A Matter Of Law, Defendant Infringed Plaintiff's Copyrights.

#### 1.  Plaintiff Has Established that Defendant Directly Copied Protectable Elements Of Plaintiff's 2013 And 2016 Review Modules.

     Notwithstanding the extensive evidence adduced by ATI of her direct copying of ATI's

Review Modules, Defendant devotes only a little over a page of her Opposition to this issue.  *See*

Opp. at 37-38 (citing no case law).  The undisputed evidence of Defendant's direct copying of

ATI's registered works is sufficient to establish copyright infringement as a matter of law.  *See*

ECF Dkt. No. 301-1, SOF Nos. 40-48  ████████████████████████

██████████████████████████████████, SOF Nos. 32-37 ████████████████

████████████████████████████████████████████; SOF Nos. 38-39

(██████████████████████████████████████████████

██████████████████████████████ *see also Viper*

*Nürburgring Record LLC v. Robbins Motor Co., LLC*, Case No. 5:18-cv-04025-HLT, 2019 WL

4256372, *5–6 (D. Kan. Sept. 9, 2019).  In her Opposition, Defendant relies principally on her

argument that she did not copy any ***protectable elements*** in the 2013 and 2016 Review Modules.

*See* Opp. at 37-38.  But as this Court already has found, albeit preliminarily, ATI's Review

Modules contain copyright-protected original expression.  *See* ECF Dkt. No. 59 at 24-25.

The ATI Review Modules are highly curated works, which present a broad range of

subject matter in a format specifically designed to teach students how to succeed on the ATI

exams, and ultimately the NCLEX.  ECF Dkt. No. 34 at ¶¶ 5-6, 9-11; *see also* ECF Dkt. No. 59

at 6-11.  And it is that specific arrangement and design that Ms. Parkes copied.  It is undisputed

that Ms. Parkes used the ATI 2013 and 2016 Review Modules to create her study cards.  *See*

ECF Dkt. No. 301-1, SOF Nos. 40-48.  ███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ For example, in the Level Up RN Maternal Newborn

Nursing Study Cards, Ms. Parkes divided sections of the study cards in the following order:

Antepartum Nursing Care, Labor and Delivery, Postpartum Nursing Care, and Newborn

Assessment and Care.  ECF Dkt. No. 14-10, Ex. 6; *see also id.*, Ex. 9 (reflecting how Ms.

Parkes' Mental Health Nursing Study Cards are arranged in the same way as the ATI RN Mental

Health Nursing Review Module).  Subsections within each section are further ordered and entitled in exactly the same way.  *See id.*, Ex. 7 (comparing the sub-sections of the Antepartum Nursing Care section within the Maternal Newborn study cards, as compared with the corresponding ATI Review Module), Ex. 10 (same with respect to Psychobiologic Disorders in the Mental Health Nursing Cards and the ATI Mental Health Review Module).  The Maternal Health study cards even list the same nutrition information for pregnant women, ***and in the same order***.  *See id.*, Ex. 8 (listing protein intake, iron supplements, calcium, daily fluid intake, caffeine limits and abstinence from alcohol).  Defendant's opposition presents **<u>no</u>** dispute of fact as to whether Ms. Parkes copied or used these arrangements.  To be clear, it is not simply the content that Ms. Parkes copied, but also the exact same original and ***protectable*** elements which ATI employed throughout its Review Modules: selection, arrangement and coordination of said facts.  Such direct evidence of copying constitutes copyright infringement of the protectable elements in Plaintiff's works.  *See, e.g.*, *Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995) (granting summary judgment for plaintiff and finding improper copying where defendant admitted to copying the arrangement plaintiff used).

It is similarly undisputed that Ms. Parkes directly copied the ***protectable elements*** in ATI's Review Modules when she created her Initial Videos.  Defendant created and uploaded her Initial Videos in 2017 to her YouTube channel.  *See* ECF Dkt. No. 301-1, SOF No. 32; Hard Drive § I.  Defendant's stated purpose for her Initial Videos was to go through each ATI Review Module, to "do them all," and flag to her users the 2013 and 2016 Review Modules she was going to be going through in each of her playlists, which corresponded to a specific ATI module.  *See* ECF Dkt. No. 301-1, SOF Nos. 33-34.  Defendant also admits that she used her ATI Review Modules to create her Initial Videos.  *Id.* at SOF Nos. 35-36 (facts which Defendant does not

genuinely dispute).  Specifically, ████████████████████████████████████

██████████████████████████████████  ECF Dkt. 301-18 (C. Parkes Dep. Tr.)

at 170:2–21, 259:9–260:9 ███████████████████████████████; *id.* at 148:1–149:24,

234:16–235:17 (Community Health); *id.* at 164:15–166:18, 242:4–244:24 (Medical Surgical

Nursing); *id.* at 175:15–176:16, 235:18–238:2 (Nursing Leadership); *id.* at 179:17–182:14,

255:15–259:1 (Nutrition for Nursing); *id.* at 184:2–186:21, 238:3–241:20 (Maternal Newborn

Nursing); *id.* at 229:16–233:13 (Nursing Fundamentals); *id.* at 244:25–248:20 (Mental Health).

As discussed above, the 2013 and 2016 ATI Review Modules are formatted specifically to teach

students how to succeed at ATI Proctored Exams.  That same arrangement is what Ms. Parkes

copied in her Initial Videos as Ms. Parkes follows the entirety of the ATI Review Modules in the

order in which they are presented.  She additionally organized each playlist for her Initial Videos

in the same nine topic modules that ATI uniquely uses for its modules.  *See* ECF Dkt. No. 301-1,

SOF No. 32; Hard Drive § I; *see also* ECF Dkt. No. 59 at 24-25 (discussing the unique

arrangements of ATI's Review Modules).

     The sequencing and arrangement of Ms. Parkes Initial Videos and the playlists she

created of those videos on YouTube are the very ***protectable elements*** of ATI's Review Modules

that Ms. Parkes directly copied.

     It also is undisputed that Ms. Parkes directly copied ATI's Review Modules in her

Revised Videos.  The Revised Videos are arranged in playlists that are ordered in exactly the

same arrangement as ATI's 2016 Review Modules, and the transcript of each video corresponds

to the selection, arrangement and content of the 2016 ATI Review Modules.  *See* Hard Drive, §

II.  Moreover, Defendant admits that ███████████████████████████████████

███████  *See* ECF Dkt. No. 301-1, SOF No. 39.  ██████████████████████████

36

████████████████████████████████████████ *Id.*; *see also* ECF Dkt.

No. 297-9 at 2-3 (Defendant's Response to Interrogatory No. 3); ECF Dkt. No. 301-18 (C.

Parkes Dep. Tr.) at 201:24-202:15, 203:14-18.  Given that Defendant's study cards infringe the

ATI Review Modules (*see supra*), it necessarily follows that the videos based on them also

infringe.  *See Lipton*, 71 F.3d at 471–72.

> **2.  Plaintiff Has Shown That Defendant's Initial Videos, Revised Videos**
> **And Study Cards Are Substantially Similar To The Protectable**
> **Elements Plaintiff's 2013 And 2016 Review Modules.**

Plaintiff has shown that there are no genuinely disputed material facts with respect to

copyright infringement based on substantial similarity between Ms. Parkes' study cards, Initial

Videos, and Revised Videos, and the ATI 2013 and 2016 Review Modules.  Contrary to

Defendant's attempt to argue that substantial similarity is a "classic jury question," courts in this

circuit have awarded summary judgment when finding no genuine issue of material fact as to the

"substantial similarity" of the infringing work to the copyrighted work.  *See Malibu Media, LLC*

*v. Winkler*, Civil Action No. 13-cv-03358-WYD-MEH, 2015 WL 12550890, at *8 (D. Colo.

June 25, 2015).  To demonstrate substantial similarity, Plaintiff must show that the "accused

work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that

the defendant unlawfully appropriated the plaintiff's protect[a]ble expression by taking material

of substance and value."  *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th

Cir. 1996) (citation omitted).  In her opposition, Defendant devotes much of her time arguing for

a heightened legal standard with respect to substantial similarity of factual compilations.  Opp. at

38-42.  Courts in this Circuit have found the "substantial similarity" standard to be appropriate in

evaluating copyright infringement.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 944–48

(10th Cir. 2002).  The "supersubstantial similarity" standard is only applied when a copyright is

deemed "thin."  *Id.* at 944; *see also Blehm v. Jacobs*, 702 F.3d 1193, 1204 n.6 (10th Cir. 2012).

Defendant has not raised a genuine issue of fact as to ATI's copyrights in its Review Modules being "thin," and merely provides its unsupported conclusion that the "supersubstantial similarity" standard applies "because ATI's Review Modules are a factual compilation."  Opp. at 38-39.  *But see Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010) ("If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is 'broad' and a work will infringe if it's 'substantially similar' to the copyrighted work. . . .  If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy all on a blank canvas) then copyright protection is 'thin' and a work must be 'virtually identical' to infringe") (citation omitted).

Here, ATI's 2013 and 2016 Review Modules reflect a carefully arranged and selected compilation that allows nursing students to succeed on ATI Practice Exams and ultimately the NCLEX.  This level of originality extends far beyond the telephone directory in *Feist*, and should therefore be awarded "broad" copyright protection requiring "substantial similarity" to demonstrate copyright infringement.  *See* ECF Dkt. No. 59 at 10 ("The Court accordingly finds Dr. Coviello's testimony is not evidence of an uncopyrightable nursing fact, but rather evidence that nursing concepts can be organized in ***unique and varying ways***, capable of earning copyright protection).  However, even under a "supersubstantial similarity" test, Defendant still would be liable for copyright infringement as a matter of law.

As stated above, there is evidence of direct copying of the protectable elements of Plaintiff's 2013 and 2016 Review Modules.  *See supra* Section V.A.1.  The same evidence shows how substantially similar Ms. Parkes' study cards, Initial Videos and Review Videos are to the protectable elements of Plaintiff's copyrighted works.  As stated above, Defendant admitted that she used 2013 and 2016 ATI Review Modules to make her study cards and Initial

Videos.  *See supra* Section V.A.1; *see also* ECF Dkt. No. 301-1, SOF No. 44-48, 33-37.

Defendant specifically copied the organization, structure and arrangement of the ATI Review

Modules in her study cards, and even used the same illustrative examples that ATI uses to help

students remember certain nursing topics.  *See supra* Section V.A.1; *see also e.g.*, ECF Dkt. No.

34-10.  Defendant also admits that her Initial Videos were created to go through the 2013 and

2016 ATI Review Modules.  *See supra* Section V.A.1; *see also* ECF Dkt. No. 301-1, SOF Nos.

40-47.  And her Revised Videos were created using her infringing study cards.  *See supra*

Section V.A.1; *see also* ECF Dkt. No. 301-1, SOF Nos. 38-39.  All this evidence demonstrates

that Defendant's infringing works were substantially similar, ***and*** supersubstantially similar, to

the protectable elements of Plaintiff's copyrighted Review Modules.

     In her Opposition, *see* Opp. at 42, Defendant cites to the *Nihon Keizai Shimbun* case

where the Second Circuit found substantial similarity where the defendant used "the same

structure and organization, followed the same chronological and substantive grouping of facts,

and resulted in the same conclusions or resolutions, and in addition often employed identical

phraseology and word choice."  *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d

65, 70–71 (2d Cir. 1999) (citation and internal quotations omitted).  The examples highlighted

above comparing Defendant's Level Up RN Maternal Newborn Nursing Study Cards and Mental

Health Nursing Study Cards with ATI's corresponding Review Modules, which among all others

cited in Plaintiff's Motion for Partial Summary Judgment (ECF Dkt. No. 301-1 at 23 n.9, for

example) establish that Ms. Parkes used substantially similar phraseology, word choice, titles,

grouping of facts, and even followed the same order for her sections, subsections and even the

content within those subsections.  Ms. Parkes argues that the nine subjects of the ATI Review

Modules are not unique to ATI, Opp. at 41, but the evidence simply does not support that

contention.  *See* ECF Dkt. No. 59 at 12-13 (finding that ATI's Review Modules are unique among nursing-education resources).  Ms. Parkes also fails to acknowledge or address the undisputed fact that she uses the same illustrative examples as ATI does in the ATI Review Modules to illustrative the nursing subject matter.  And, we know why those same examples appear in both ATI's Review Modules and Ms. Parkes' infringing materials:  because, as Ms. Parkes admitted at her deposition, ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████  *See* ECF Dkt. No. 301-1, SOF No. 32-37; *see also* ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 170:2–21, 259:9–260:9 ███████████████████████ ██████████; *id.* at 148:1–149:24, 234:16–235:17 (Community Health); *id.* at 164:15–166:18, 242:4–244:24 (Medical Surgical Nursing); *id.* at 175:15–176:16, 235:18–238:2 (Nursing Leadership); *id.* at 179:17–182:14, 255:15–259:1 (Nutrition for Nursing); *id.* at 184:2–186:21, 238:3–241:20 (Maternal Newborn Nursing); *id.* at 229:16–233:13 (Nursing Fundamentals); *id.* at 244:25–248:20 (Mental Health).

In her Opposition, Defendant focuses on minor differences between ATI's copyright-protected Review Modules and her own materials that fail to negate the overwhelming similarities between Plaintiff's copyrighted works and Ms. Parkes' study cards and videos. Moreover, nothing Defendant presents in her opposition avoids Ms. Parkes' clear and unequivocal intent as stated in her videos to follow the ***same structure and arrangement*** as that in ATI's Review Modules to make it easier for her users to follow along.  *See, e.g.*, Hard Drive § I(A)(001).  Plaintiff has therefore shown substantial similarity between Ms. Parkes videos and flashcards and the protectable elements of the ATI 2013 and 2016 Review Modules.

### 3. Plaintiff Has Shown That Defendant's Initial Videos, Revised Videos And Study Cards Are Unauthorized Derivative Works.

Defendant fails to identify any genuine disputes of fact with respect to Ms. Parkes' unlawful creation of unauthorized derivative works in her videos and study cards. Instead, Defendant falls back on her (baseless) argument that she didn't copy any protectable expression in the ATI Review Modules, an argument preliminarily rejected by the Court. *See* Opp. at 44. Further, Defendant cites no legal authority supporting her suggestion that her purported use of other sources in addition to ATI's Review Modules saves her from a finding of copyright infringement. It does not. *See Schmidt v. Holy Cross Cemetery, Inc.*, 840 F. Supp. 829, 834 (D. Kan. 1993) ("In determining whether a work is a derivative work, the central issue that presents itself is whether the work is a copy of plaintiff's work or whether it is an independently created work."); *see also L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 (2d Cir. 1976) ("[O]ne who has slavishly or mechanically copied from others may not claim to be an author") (citation omitted).

### B. As A Matter Of Law, Defendant Misappropriated Plaintiff's Trade Secrets.

### 1. The ATI Practice Exams Are Trade Secrets And Defendant Misappropriated Those Trade Secrets In Her Videos.

It is undisputed that:

➢ ATI deposited the Practice Exams with the Copyright Office under the secure test rule (*see* Declaration of Lawrence Robins in Support of Plaintiff's Motion for Partial Summary Judgment ("Robins Decl."), ¶¶ 3-16; ECF Dkt. No. 293 at 6, 19);

➢ The Practice Exams are only accessible to those who, like Defendant, accept ATI's terms and conditions restricting use of the Practice Exams (ECF Dkt. No. 301-1, SOF No. 21-22); and

> Parkes admits she divulges answers to questions on the ATI Practice Exams in her videos (*see* ECF Dkt. No. 301-1, SOF No. 54).

In her Opposition, Defendant argues that the ATI Practice Exams are not trade secrets because:  (i) they supposedly are "available to the public online" and many students have accessed those exams; (ii) the confidentiality obligations in ATI's Terms and Conditions are insufficient to demonstrate that the Practice Exams are trade secrets; and (iii) their secure deposit with the U.S. Copyright Office has not been proven.  *Id.*  None of these arguments are based on fact, nor do they defeat the trade secret status of the ATI Practice Exams.

*First*, Defendant's argument that the ATI Practice Exams are not entitled to trade secret protection because they are "available online and to other members of the public" or that they are not "monitored in any way" is a gross mischaracterization of the record evidence.  The undisputed evidence establishes that *only* individuals with registered ATI user accounts, who have successfully logged into their ATI profiles, may access ATI Practice Exams, and only individuals who have agreed and acknowledged the confidentiality obligations contained in the ATI Terms and Conditions can create a user account capable of accessing the ATI Practice Exams.  ECF Dkt. No. 319-1, Plaintiff's Responses to Defendant's Statement of Undisputed Facts, ¶¶ 1, 4, 5.  Specifically, the ATI Terms and Conditions provide that users may not use any information contained in ATI Products, including the ATI Practice Exams, for any purpose other than those allowed under the ATI Terms and Conditions.  *Id.*  The ATI Terms and Conditions also expressly state that the information contained in ATI Practice Exams is confidential, and that users are prohibited from disclosing or using information in those exams for any unauthorized purpose not expressly permitted by the ATI Terms and Conditions.  *Id.*  As a matter of law, these measures are sufficient to maintain the trade secrets in the ATI Practice Exams.

*See Pre-Paid Legal Servs., Inc. v. Harrell*, No. CIV.06-019-JHP, 2008 WL 111319, at *11 (E.D.

Okla. Jan. 8, 2008) ("Confidentiality agreements provide evidence of reasonable efforts to

maintain secrecy." (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir.

1993); *Hexacomb Corp. v. GTW Enters., Inc.*, 875 F. Supp. 457, 463 (N.D. Ill. 1993))).

Parkes also argues that Plaintiff has somehow failed to prove the content of its Terms and

Conditions with properly authenticated documents. Opp. at 46. But, as discussed above, in

Plaintiff's responses to Parkes' objections to its statement of undisputed facts, the parties have

stipulated to the authenticity to all produced documents, and explicitly stipulated to the

authenticity of the Terms and Conditions found at ECF Dkt. No. 14-10. *See* ECF Dkt. No. 293

at 3; *see also supra* at Section II (Plaintiff's SOF No. 22). Parkes' objection based on

authenticity is not only unfounded, it is absurd and shows just how far Defendant is straining to

try to avoid summary judgment.

Furthermore, the fact that ATI has many authorized users who have securely accessed the

ATI Practice Exams after agreeing to the ATI Terms and Conditions does not defeat trade secret

protection. *See* ECF Dkt. No. 319-1 at 10; *see also Burroughs Payment Sys., Inc. v. Symco Grp.,

Inc.*, No. C-11-06268 JCS, 2012 WL 1670163, at *15 (N.D. Cal. May 14, 2012) (denying

challenge to trade secret claim where defendant alleged that trade secret was "widely

distributed," because the trade secrets were distributed under protections of confidentiality: the

"trade secrets at issue are *not* by necessity available to the public once the software (or the

equipment containing it) is placed on the market; rather they can only be accessed by authorized

individuals by entering a password"); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs.,

Inc.*, 923 F. Supp. 1231, 1254 n.25 (N.D. Cal. 1995) ("The notion that the Church's trade secrets

are disclosed to thousands of parishioners makes this a rather unusual trade secrets case.

However, because parishioners are required to maintain the secrecy of the materials, . . . the court sees no reason why the mere fact that many people have seen the information should negate the information's trade secret status."); *SmokEnders, Inc. v. Smoke No More, Inc.*, No. 73-1637, 1974 WL 20234, at *12 (S.D. Fla. Oct. 21, 1974) ("A trade secret owner does not lose his right by communicating the results to persons; even if many, in confidential relations to itself, under a contract not to make public." (citing *Chicago Bd. of Trade v. Christie G & S Co.*, 198 U.S. 236 (1905))).

*Second*, Defendant argues that the "only" evidence that ATI relies on to establish that it has used reasonable means to maintain the secrecy of its ATI Practice Exams is the requirement to have each ATI user to agree to ATI's Terms and Conditions.  Opp. at 46.  But ATI's Terms and Conditions are ***not*** the only measures ATI took to maintain the secret nature of its Practice Exams.  ATI maintains a Test Security Department whose function includes maintaining the integrity of the ATI Practice Exams and ATI Proctored Exams by investigating reports of testing irregularities.  ECF Dkt. No. 301-1, SOF No. 17.  ATI limits access to its practice exams to ***only*** ATI users who have set up and registered an ATI user accounts, and agreed to ATI's Terms and Conditions that contain restrictions regarding use and disclosure.  ECF Dkt No. 319-1, Plaintiff's Responses to Defendant's Statement of Undisputed Facts, ¶¶ 1, 4, 5.  ATI also securely deposited its Practice Exams at the Copyright Office in order to maintain their confidentiality. *See* Robins Decl., ¶¶ 3-16.  These measures, taken together, are sufficient to satisfy the requirement that Plaintiff take "reasonable means" to protect its trade secrets.  *See Pre-Paid Legal Servs.*, 2008 WL 111319, at *11; *Hexacomb Corp*, 875 F.Supp. at 463.

None of the cases cited by Defendant are on point here.  In *Bison Advisors LLC v. Kessler*, the District of Minnesota held that a confidentiality agreement between two individuals

44

was not sufficient to maintain the secrecy of the alleged trade secret between those two

individuals, when the party asserting the trade secret had done nothing else to maintain its secret

nature.  No. 14-3121(DSD/SER), 2016 WL 4361517, at *4 (D. Minn. Aug. 12, 2016); *see also*

*RING Computer Sys. Inc. v. Paradata Computer Networks, Inc.*, No. C4-90-889, 1990 WL

132615, at *2 (Minn. Ct. App. 1990) (where plaintiff had taken no other measures to protect its

trade secrets); *Fire 'Em Up, Inc. v. Technocarb Equip. Ltd.*, 799 F. Supp. 2d 846, 851 (N.D. Ill.

2011) (same); *Centrifugal Acquisition Corp. v. Moon*, 849 F. Supp. 2d 814, 831 (E.D. Wis.

2012) (same), *Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*, No. 17 C 923, 2018

WL 1156246, at *3 (N.D. Ill. Mar. 5, 2018) (same).  In fact, in *Bison Advisors*, information

related to the trade secret was routinely shared between the parties.  2016 WL 4361517, at *1.

Defendant also cites *Electro-Craft Corp. v. Controlled Motion, Inc.*, but the facts there are

readily distinguishable.  There, the plaintiff admitted that it had no "meaningful security

provisions" and merely had an intention to keep its data and processes secret.  332 N.W. 2d 890,

901 (1983).

Here, as discussed above, ATI uses meaningful security provisions to maintain the

secrecy of its practice exams by limiting their accessibility to registered ATI users who have

logged into their profiles after accepting the confidentiality obligations and use restrictions in the

ATI Terms and Conditions.  Defendant also argues that ATI supposedly has not enforced its

trade secret rights in the Practice Exams against others besides her and that that somehow

undermines ATI's trade secrets in the Practice Exams.  Opp. at 46.  Defendant has failed to

substantiate the premise of her argument here.  Specifically, Defendant has failed to adduce any

evidence that anyone else has done what Defendant admits doing here, *i.e.*, taking multiple ATI

Practice Exams after graduating from nursing school specifically for the purpose of making videos telling viewers what they will see on their ATI Practice Exams.

*Third*, Parkes argues that ATI did not provide any evidence that it deposited any of its practice exams under the Secure Test Rule at the Copyright Office. Opp. at 45. ATI has contended that its Practice Exams are protected trade secrets since its initial filing in this case. ECF Dkt. No. 1 at Ex. 1. The same practice exams that were the subject of the copyright certificates appended to the Complaint were the subject of ATI's Supplemental Interrogatory Answers. ECF No. 307-7 at 5. Defendant had ample opportunity to seek further discovery regarding the trade secret status of those Practice Exams, yet she has adduced no evidence that Plaintiff did not in fact securely deposit them with the Copyright Office. Defendant cannot hope to avoid summary judgment just by questioning whether Plaintiff in fact securely deposited the Practice Exams with the Copyright Office. For the avoidance of doubt, Larry Robins, outside counsel for ATI, provides evidence that the 12 practice exams at issue were in fact deposited under the Secure Test Rule. *See* Robins Decl., ¶¶ 3-16.

Parkes also argues that practice exams deposited at the Copyright Office must be available for inspection by the public and therefore cannot constitute trade secrets. *See* Opp. at 45. But tests deposited under the Secure Test Rule are ***not*** deposited publicly and therefore registering practice exams securely maintains their status as trade secrets. *See, e.g.*, 37 C.F.R. § 202.20; *see also PaySys Int'l, Inc. v. Atos Se*, No. 14-CV-10105 (KBF), 2016 WL 7116132, at *8 (S.D.N.Y. Dec. 5, 2016) ("Such [secure deposit] procedures provide for redactions, *inter alia*, in order to protect trade secret material.").

### 2. Defendant Misappropriated The ATI Practice Exam Trade Secrets.

Defendant argues she did not disclose any trade secrets in Practice Exam Questions with an unsubstantiated paragraph of circular attorney argument. *See* Opp. at 47-48. But during her

deposition, Ms. Parkes unambiguously admitted ███████████████████████

████████████████ *See* ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) at 150:1-23 ████████

████████████████████████████████████████; *see also id.* at 145:23-

147:19; 157:17-159:15; 166:19-167:20; 176:23-179:11; 182:2-183:7, 184:2-186:21, 190:22-

196:2; Hard Drive § I(F)(001) at 00:15-00:36.  After graduating from nursing school, and when

she had no other reason to be taking ATI Practice Exams, Ms. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Schuman Reply Decl.,

Ex. 1 (C. Parkes Dep. Tr.) 150:24-153:1; ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) 157:12-

159:2.  It is, therefore, undisputed that Ms. Parkes misappropriated ATI's trade secrets in its

Practice Exams.

### 3.   Defendant Misappropriated The ATI Proctored Exam Trade Secrets.

In her Opposition, Defendant does not dispute that the ATI Proctored Exams are

protectable trade secrets.  Here, she argues that she did not improperly disclose those trade

secrets, and that ATI publicly disclosed those trade secrets elsewhere.  *See* Opp. at 48-51.  Both

of those arguments fail.

#### a.   The Undisputed Evidence Makes Clear that Defendant Improperly Disclosed ATI's Proctored Exam Trade Secrets.

Defendant argues that ATI has not shown that she took the proctored exams with

questions listed in the exhibit at ECF No. 34-28.  To the contrary, Exhibit 33 to the Declaration

of Brett Schuman submitted in support of Plaintiff's Motion for Summary Judgment (ECF Dkt.

No. 297-7) provides a log of all the ATI materials Ms. Parkes accessed through her user account.

Included in Exhibit 33 is a clear indication of all the ATI Proctored Exams she took.  The only

rebuttal that Defendant puts forth regarding Exhibit 33 is that it was "identified only by ATI's

counsel, Mr. Schuman, who has no apparent first-hand knowledge about the spreadsheet he identified."  Opp. at 48.  As stated above regarding *all* of Defendant's authentication objections, this argument falls flat as the parties have expressly agreed that all produced documents are authentic.  ECF No. 293 at 5.  The time for Defendant to present authentication objections of this nature has passed, and Defendant presents no admissible evidence disputing the fact that Ms. Parkes took the very same exams (such as RN Comprehensive Predictor 2010 Form C, RN Comprehensive Predictor 2013 Form A, RN Comprehensive Predictor 2013 Form E) listed on ECF No. 34-28.  Further, ECF No. 34-28 is an exhibit that was appended to Dr. Jerry Gorham's declaration in support of Plaintiff's motion for a preliminary injunction.  In that declaration, Dr. Gorham attested to having first-hand knowledge of the contents of the exhibit.  ECF Dkt. No. 34 (Gorham Decl.), ¶ 40.  Dr. Gorham was cross-examined about the document both during the preliminary injunction hearing and again during his subsequent deposition.  Schuman Reply Decl., Ex. 6 (P.I. Hearing Tr.) at 118:21-120:21, 121:11-123:4; *see, e.g.*, ECF Dkt. No. 319-5 (Gorham Dep. Tr.) at 167:15-172:21, 177:14-178:24, 186:6-190:13, 193:6-194:20, 198:10-199:18, 203:1-204:14, 205:22-206:24, 210:25-211:25, 221:15-223:9, 225:1-226:5, 226:18-228:12, 233:1-234:13, 235:20-249:22.

ECF No. 34-28 provides a number of clear examples of statements Ms. Parkes made during her videos that flagged exam questions and answers they should expect in ATI Proctored Exams.  For example, in Ms. Parkes' video entitled "Maternal Newborn (OB) Nursing (Video 6)," Ms. Parkes discussed "important nutrition considerations for pregnant women" and stated that "the important one of all for you to *know for your test* is folic acid . . .  So folic acid prevents neural tube defects—*super important to kno*w."  ECF. No. 34-28 at 13; *see also* Hard Drive § I.D(006) at 2:02-2:23.  In this statement, Ms. Parkes is explicitly tipping off to students

the contents of ATI's Proctored Exam, including the Proctored Exam Ms. Parkes herself took as demonstrated in the Access Log.  ECF Dkt. No. 297-7 (Ex. 33) at 2 ████████████████████ ████████████████████████████████████████████████████████████.  Defendant's argument that she "did not mention anything about an ATI exam," and therefore she did not improperly disclose a trade secret, improperly ignores that the name of her program was "***Pass the ATI.***"  The very nature of Ms. Parkes' business and videos was to tip her customers about how to *pass the ATI exams* based on her own exposure to ATI's trade secrets, and such behavior clearly constitutes improper disclosure.

Defendant also argues that she could not have misappropriated the ATI Proctored Exams trade secrets because she supposedly could not remember the content of the proctored exams she took and "[s]he had no other access to the Proctored Exams after she graduated."  Opp. at 49. Again, this self-serving argument is not supported by any competent evidence and does not preclude summary judgment.  *See Hall*, 935 F.2d at 1111 (To raise a material factual dispute, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient . . . Likewise, only *material* factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant.") (citations omitted).  Further, it is undisputed that since Ms. Parkes began her business, she has been provided with information from users of her products about what they were seeing on their ATI Proctored Exams.  *See* ECF Dkt. No. 319-3 at 1 ███ ████████████████████████████████████████████████████ ████████████████████████████████████████████.

Finally, Defendant argues that ATI is required to "prove that students perceived that Ms. Parkes was tipping test information" and that absent such proof, it "would be complete

speculation to conclude that anything thought Ms. Parkes was giving out test information."  Opp.

at 50.  Defendant provides no authority supporting that argument.[5]  There is no such requirement

under trade secret misappropriation and this argument is yet another red herring that Defendant

employs to detract from the unequivocal and undisputed evidence that Ms. Parkes improperly

disclosed ATI's Proctored Exam trade secrets.

> **b.**     <u>ATI Did Not Publicly Disclose The Trade Secrets Ms. Parkes Misappropriated.</u>

Defendant argues that the ATI Proctored Exam trade secrets were disclosed in

supposedly publicly available practice exams or quizzes, and cites to an exhibit she created and

submitted in support of her own Motion for Summary Judgment.  *See* Opp. at 51 (citing to ECF

No. 307-1 (Ex. A)).  This document actually supports Plaintiff's Motion for Partial Summary

Judgment because it shows that none of the ATI Proctored Exam items that ATI alleges

Defendant misappropriated are disclosed in any Practice Exams or quiz.



---

[5] In fact, various faculty members at nursing schools around the country were contacting ATI to raise concerns regarding Ms. Parkes' videos.

[REDACTED]

In a footnote in her Opposition, Defendant argues that Ms. Parkes did not disclose any question/answer sets or distractors to the same extent that Plaintiff's practice exams or quizzes do not have the exact same questions/answers sets and distractors as the ATI Proctored Exams. Opp. at 51, n.8.  Here, Defendant is conflating two analytically distinct issues:  the trade secret status of a test item, *i.e.*, question and answer sets with distractors that have not been publicly

disclosed, and Defendant's misappropriation of the trade secret.  Misappropriation occurs when the defendant discloses ***any part*** of the trade secret without the Plaintiff's authorization, which is precisely what Defendant has done here.  *See* § 40 Restatement of Torts (Unfair Competition), comment c ("The unauthorized use need not extend to every aspect or feature of the trade secret; ***use of any substantial portion*** of the secret is sufficient to subject the actor to liability.") (emphasis added); *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 279  (5th Cir. 2012) ("Any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant is a "use" . . .) (quoting *Gen. Universal Sys. v. HAL, Inc.*, 500 F.3d 444, 450 n.4 (5th Cir. 2007)); *see also Airport Sys. Int'l, Inc. v. Airsys ATM, Inc.*, 144 F. Supp. 2d 1268, 1270 (D. Kan. 2001) (discussing that the Kansas Supreme Court would apply the general principles outlined in the Restatement (Third) of Unfair Competition).

> c.   The Evidence Overwhelmingly Shows That Ms. Parkes Knew Or Should Have Known The Trade Secret Was Acquired By Improper Means.

In its Opposition, Defendant argues that she could not have known the trade secrets she misappropriated were acquired through improper means.  Opp. at 52.  This argument is frivolous.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████ so she could create her infringing materials. Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 150:24-153:1, 157:12-159:2; *see also* ECF Dkt. No. 301-1, SOF No. 54.  As discussed above, the parties stipulated to the authenticity of ECF Dkt. No. 14-10 explicitly in the Amended Pretrial Order, ECF Dkt. No. 293, as well as to all produced documents.  Further, statements made by Ms. Pontes[6] to Mr. Parkes do nothing to

---

[6] Mr. Parkes and Ms. Pontes spoke ███████████████████████████████████████ ████████████████████████████████████████████████████ for the use of the "Pass the

undermine the undisputed fact Defendant agreed to those Terms and Conditions multiple times, including after she graduated from nursing school.

### C. **As A Matter Of Law, Defendant Breached Her Contract With ATI By Using ATI's Confidential Materials To Create Her Own For-Profit Works.**

In her Opposition, Defendant challenges the authenticity of the ATI Terms and Conditions that she indisputably accepted three times. Opp. at 53. As discussed above, Defendant's attempt to dispute the authenticity of documents she stipulated to the authenticity of should be rejected. *See supra* at Section II-IV. Defendant cannot hope to avoid summary judgment for her clear breach of contract in this way.

Defendant also argues, in conclusory fashion, that she didn't misuse any ATI products. Opp. at 53. As a matter of law, Parkes' admitted use of the ATI Practice Exams to create her own videos violates the ATI Terms and Conditions. *See* Schuman Reply Decl., Ex. 1 (C. Parkes Dep. Tr.) at 150:24-153:1; ECF Dkt. No. 301-18 (C. Parkes Dep. Tr.) 157:12-159:2; *see also* ECF Dkt. No. 301-1, SOF No. 54; *see also* ECF Dkt. No. 14-10; ECF Dkt. No. 301-1, SOF No. 21-22.

Finally, Defendant acknowledges that Plaintiff can prevail on its breach of contract claim without proving damages. *See* Opp. at 53. Defendant argues only that ATI has not established on this motion that it has suffered loss of goodwill or other hard-to-measure harms justifying an injunction. But ATI is not seeking an injunction by way of this motion. It is seeking only partial

---

ATI" business name. No reasonable fact-finder could construe Ms. Pontes' statement to sanction all of the infringing behavior Ms. Parkes was engaging in given that, at most, ███████████ ███████████████████████████████████████████████ *See* Schuman Reply Decl., Ex. 5 (Pontes Dep. Tr.) at 18:14-19.

summary judgment of liability for Defendant's undisputed breach of contract.  Ample evidence exists supporting Plaintiff's request for injunctive relief.[7]

**D.  As A Matter Of Law, Defendant Is Liable For Unfair Competition.**

As discussed in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, ECF Dkt. No. 319-1, Plaintiff's unfair competition is not preempted by the Copyright Statute or the Kansas Trade Secret statute.  *See* ECF Dkt. No. 319-1 at 29-30; *see also Kindergartners Count, Inc. v. Demoulin*, 171 F. Supp. 2d 1183, 1192 (D. Kan. 2001) ("Proof of a confidential relationship and its breach are extra elements that distinguish this unfair competition claim from the copyright infringement claim."); *Koch Eng'g Co. v. Faulconer*, 227 Kan. 813, 826 (1980) ("In an action to enjoin unfair competition arising by reason of the unauthorized use of a trade secret, the plaintiff must establish (1) the existence of a trade secret used by plaintiff in its business or trade, (2) *a confidential relationship between the parties*, (3) disclosures made in confidence by plaintiff to defendant concerning the trade secret, and (4) an unauthorized use of those disclosures by the defendant.") (citations omitted).

Defendant argues that *Koch Eng'g Co v. Faulconer*, 227 Kan. 813 (1980) is no longer good law with respect to unfair competition and that the Kansas' trade secret statute provides for the sole remedy for misappropriation of trade secrets.  Opp. at 54.  However, Defendant's argument convolutes the concept of a trade secret misappropriation claim, which Plaintiff does not dispute is governed by Kansas' trade secret statute, and "an action to enjoin '*unfair competition arising by reason of the unauthorized use of a trade secret*'", which is still a valid right of action following enactment of the trade secret statute.  *See Airport Sys.*, 144 F. Supp. 2d

---

[7] *See, e.g.*, ECF Dkt. No. 328-26 at 2 ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████

at 1270–71 (citing *Koch Eng'g*, 227 Kan., 826).  The *Wolfe* case Defendant cites does not

address unfair competition at all.  *Wolfe Elec., Inc. v. Duckworth*, 293 Kan. 375 (2011).

Defendant argues that there supposedly are issues of fact regarding the confidential

relationship between Ms. Parkes and ATI that defeat her preemption argument, *see* Opp. at 54-

55, but those purported issues of fact are just a repackaging of her baseless objections to the

authenticity of the ATI Terms and Conditions that Defendant repeatedly accepted.  Once those

authentication objections are overruled, as they should be based on the parties' stipulation in the

Pretrial Order, it is undisputed that Ms. Parkes had a confidential relationship with Plaintiff in

which Defendant agreed to not improperly use and/or disclose the contents of the ATI products

and materials, including the review modules, ATI Practice Exams and Proctored Exams she

accessed.  As established above, Ms. Parkes violated that confidential obligation when she used

the ATI Practice Exams and Proctored Exams to create her videos.

### E.   Defendant Cannot Avoid Summary Judgment By Relying On Certain Of Her Affirmative Defenses.

In her Opposition, Defendant argues there are "disputes of fact" regarding her affirmative

defenses of fair use, equitable estoppel and waiver and acquiescence.  Opp. at 28-34.  Neither

Plaintiff nor Defendant moved for partial summary judgment on any of these affirmative

defenses, and have instead left these defenses for adjudication at trial.  Defendant's attempt to

show there are genuine disputes of fact about the defenses are therefore insufficient, and

irrelevant, to defeat Plaintiff's Motion for Partial Summary Judgment on copyright infringement.

*See Xtomic, LLC v. Active Release Techniques, LLC*, 340 F. Supp. 3d 1092, 1099–104 (D. Colo.

2018) (granting a motion for partial summary judgment that plaintiff was the author and owner

of copyrighted works while denying defendant's cross motion of an implied license as an

affirmative defense leaving open the issue for adjudication at trial).

Each of these are affirmative defenses that **_Defendant_** has the burden of proving.  *See Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1078 (9th Cir. 2015) ("The burden of proof for an affirmative defense to a civil claim generally falls on the party asserting the defense.  This same principle holds true in copyright."); *see also Viper*, 2019 WL 4256372, at *6 (noting that the defendant had the burden of proving the applicability of an affirmative defense).  By raising these defenses in her opposition, Defendant seeks to improperly shift the burden of proof on Plaintiff to disprove these alleged affirmative defenses in order to succeed on a motion for partial summary judgment as to copyright infringement liability.

Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, **_identifying each claim or defense—or the part of each claim or defense_**— on which summary judgment is sought."  Fed. R. Civ. P. 56(a) (emphasis added).  Here, Plaintiff moved for **_partial_** summary judgment on four claims, including copyright infringement.  Defendant **_did not_** move for summary judgment on **_any_** of her affirmative defenses.  Plaintiff does not seek summary judgment on the entirety of its copyright claim, and therefore is not required to defeat any of Defendant's affirmative defenses to prevail on this motion.  *C.f. Everest*, 501 F. Supp. 3d at 1188.  None of Defendant's affirmative defenses therefore preclude this Court from ruling that Ms. Parkes is liable for copyright infringement.  *See Xtomic, LLC*, 340 F. Supp. 3d 1099–104 (granting a motion for partial summary judgment that plaintiff was the author and owner of copyrighted works while denying defendant's cross motion of an implied license as an affirmative defense leaving open the issue for adjudication at trial).

In any event, Defendant has failed to prove that any genuine disputes of fact exist with respect to her affirmative defenses of equitable estoppel, waiver and fair use.  *First*, both equitable estoppel and waiver require knowledge on the part of the plaintiff with respect to

defendant's infringing conduct.  *See Viper*, 2019 WL 4256372, at *2 (equitable estoppel); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 434 (S.D.N.Y. 2018) (to prove waiver, a defendant must show that a plaintiff "relinquished a right with ***both knowledge of the existence of the right and an intent to relinquish it***.). (citation omitted and emphasis added).  Here, Defendant relies on a single purported statement from a single ATI employee to argue that Plaintiff knew of Defendant's copyright infringement and chose to abandon pursuing the right to assert that claim against Defendant.  *See* Opp. at 29-30, 32,.  But there is no evidence that Ms. Pontes was aware of Defendant's copyright infringement when talking with Mr. Parkes in late 2018.  *See* Schuman Reply Decl., Ex. 5 (Pontes Dep. Tr.) at 18 :14-19 ███████████████████ ███████████, 45:16-46:3 █████████████ ████████████████████████████████████████ ████████████████████████████████ Similarly, there is undisputed evidence that Ms. Wood ███████████████████████████████.  ECF Dkt. No. 319-6 (Wood Dep. Tr.) at 129:16-23.  And that Mr. Marsh had come up ██████ ████████████████████████████████████████ ████████  *See, e.g.*, Schuman Reply Decl., Ex. 7 (Marsh Dep. Tr.) at 69:20-70:9, 71:4-11, 73:14-22, 77:18-25.  *Second*, with respect to equitable estoppel, Plaintiff cannot possibly establish that she relied on any of the statements from ATI's Test Security Department that she cites in her Opposition for the simple reason that she indisputably did not know about any of them until learning about them in discovery in this case.  *See, e.g.*, *Viper*, 2019 WL 4256372 at *10-11 ("the defendant must rely on the plaintiff's conduct to its injury"); *Otto*, 345 F. Supp. 3d at 434 ("T]he question comes down to whether there was a 'meeting of the minds' between the parties to permit the particular usage at issue.") (citation omitted).  *Third*, with respect to fair use,

there is undisputed evidence that Ms. Parkes copied significant portions of ATI's Review Modules for her own for-profit business. *See* ECF Dkt. No. 28-1 (C. Parkes Decl.) ¶¶ 41, 51; ECF Dkt. No. 1, ¶ 72 (More than 22,000 customers have purchased "one or more decks" of Defendant's study cards, which range between $19 to $236, and she also receives "meaningful" advertising revenue from her YouTube videos). Both of these factors weigh heavily against any finding of fair use. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 448–50 (1984) (noting that under the first factor in a fair use analysis, where copies are made "for a commercial or profit-making purpose, such use would presumptively be unfair."); *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters. Int'l*, 533 F.3d 1287, 1315 (11th Cir. 2008) (finding that the third fair use factor ("amount and substantiality of the portion used") weighed against finding fair use: "we might have found the bare-bones copying of chapter headings and subheadings into the course checksheets to be insubstantial, if defendants had stopped there[,]" but noted that the further adding of "flesh to the organizational bones" rendered "the whole of defendants' copying substantial enough that demand for the book or derivative works might be reduced.").

## VI. CONCLUSION.

For the reasons set forth above, ATI respectfully requests an Order from the Court granting its Motion for Partial Summary Judgment.

Dated: August 27, 2021                  Respectfully submitted,

                                         **STINSON LLP**

                                         /s/ *Robin K. Carlson*
                                         Timothy J. Feathers (KS Bar No. 13567)
                                         Robin K. Carlson (KS Bar No. 21625)
                                         1201 Walnut Street, Suite 2900
                                         Kansas City, MO 64106-2150
                                         Tel.: 816-691-2754

Fax: 816-412-1134
*timothy.feathers@stinson.com*
*robin.carlson@stinson.com*

and

**GOODWIN PROCTER LLP**

Brett M. Schuman *(Admitted Pro Hac Vice)*
Nicholas M. Costanza *(Admitted Pro Hac Vice)*
James Lin *(Admitted Pro Hac Vice)*
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel.: 415-733-6000
Fax: 415-677-9041
*bschuman@goodwinlaw.com*
*ncostanza@goodwinlaw.com*
*jlin@goodwinlaw.com*

I. Neel Chatterjee *(Admitted Pro Hac Vice)*
Andrew S. Ong *(Admitted Pro Hac Vice)*
601 Marshall Street
Redwood City, CA 94063
Tel.: 650-752-3100
Fax:  650-853-1038
*nchatterjee@goodwinlaw.com*
*aong@goodwinlaw.com*

*Attorneys for Plaintiff*
*ASSESSMENT TECHNOLOGIES INSTITUTE,*
*L.L.C.*