IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CATHY PARKES d/b/a LEVEL UP RN,<br><br>　　　　Defendant. | Case No. 19-2514-JAR |

**MEMORANDUM AND ORDER**

In this lawsuit, Plaintiff Assessment Technologies Institute, LLC ("ATI") brings claims against Defendant Cathy Parkes, doing business as Level Up RN, arising out of her sale and distribution of nursing-education study material. Plaintiff alleges claims for breach of contract, copyright infringement, misappropriation of trade secrets, and unfair competition. Before the Court are two of Defendant's motions related to the parties' pending cross motions for summary judgment: Motion to Set Oral Argument (Doc. 330) and Motion to Strike the Declaration of Lawrence Robins and for Leave to File Surreply (Doc. 343). For the reasons explained below, the Court denies Defendant's motion for oral argument, denies Defendant's motion to strike, and denies without prejudice Defendant's motion for leave to file sur-reply.

**I.　　Motion to Set Oral Argument**

Under local rule, "[t]he court may set any motion for oral argument or hearing at the request of a party or on its own initiative."[1] Defendant asks the Court to set the summary judgment motions for in-person oral argument. Plaintiff responds that the motions can be

---

[1] D. Kan. R. 7.2.

decided on the briefs. The Court has reviewed the briefs and Defendant's motion, which cites no basis for oral argument other than it "may help to explain the parties' positions,"[2] and finds that oral argument will not materially assist the Court in deciding the parties' motions for summary judgment. The briefs are extensive, and the Court is familiar with the dispute from the prior evidentiary hearings in this case. The written materials enable the Court to decide the motions without further explanation from the parties. Defendant's motion to set oral argument is thus denied.

## II.     Defendant's Motion to Strike the Robins Declaration

### A.     Background

Plaintiff's Complaint alleges claims of copyright infringement and misappropriation of trade secrets, identifying Plaintiff's 2016 Review Modules and its proctored exams as the protected intellectual property at issue. Attached to the August 27, 2019 Complaint are certificates of copyright registration for ATI's products, listing the certification name of ATI's copyright attorney, Lawrence R. Robins, and his contact information.[3] Plaintiff deposed Defendant on December 17, 2020, and received a document production around that same time. Defendant's deposition testimony and the December 2020 document production prompted Plaintiff to expand its claims to include misappropriation of its 2013 Review Modules and practice exams. Because the deadline had passed for amendments to the pleadings, Plaintiff sought to amend the Pretrial Order to add those claims.

On May 24, 2021, Magistrate Judge Kenneth G. Gale granted Plaintiff's motion to amend the Pretrial Order. Judge Gale found no undue delay given that Plaintiff was unaware of the

---

[2] Doc. 330.

[3] Docs. 1-1, 1-3.

potential claims until it deposed Defendant and received discovery from Defendant in December 2020, that Defendant delayed in producing the discovery at issue, that any prejudice to Defendant was not substantial, and that there was no evidence of bad faith. As part of his ruling, Judge Gale found that "any concern about even potential prejudice is alleviated in light of Plaintiff's agreement that, if Defendant does move for a limited extension of discovery for purposes of addressing the additional claims, it would not object on grounds of timeliness."[4]

The Amended Pretrial Order was entered on June 8, 2021. In the "Plaintiff's Factual Contentions" section, Plaintiff asserts that it took measures to protect the confidentiality of its practice exams, including that it "utilize[ed] the Secure Test Procedures process for copyright registrations set forth in 37 C.F.R. § 202.20 among other measures."[5] Defendant's contentions do not dispute this, but she asserts generally that "[n]one of ATI's practice exams qualify as trade secrets under either federal or state law, and Cathy Parkes did not disclose any trade secrets."[6] Under her list of defenses, Defendant includes: "If Plaintiff deposited the practice exams . . . under the Secure Test Procedures . . . then Plaintiff violated the law and committed a fraud on the Copyright Office by inaccurately representing to the Copyright Office that the practice exams qualified as 'secure tests' under the Copyright Office regulations."[7]

In its motion for summary judgment, Plaintiff asserts as uncontroverted that it took measures to protect the confidentiality of its practice exams, but does not explicitly assert that it utilized the "secure test rule" to file its copyright registrations. In her response to Plaintiff's summary judgment motion, Defendant argues, *inter alia*, that Plaintiff's practice exams cannot

---

[4] Doc. 289 at 29–30.
[5] Doc. 293 at 6.
[6] *Id.* at 17.
[7] *Id.* at 19.

be trade secrets because Plaintiff made them part of the public record with the Copyright Office when it registered them as copyrights. Defendant asserts that because Plaintiff failed to submit evidence that it utilized the secure test rule when it deposited the practice exams with the Copyright Office, it cannot establish that it protected them from public disclosure. Plaintiff addresses this argument in the reply, and attaches Larry Robins' Declaration attesting that the practice exams were in fact deposited with the Copyright Office under the secure test rule.[8]

Robins was never disclosed as a potential witness that would have knowledge of the measures taken by Plaintiff to protect its trade secrets, nor was he identified in response to an interrogatory asking ATI to "identify the people who have knowledge of the methods used" to maintain the secrecy of the exam questions and answers.[9]

**B.      Discussion**

Defendant moves to strike the Robins Declaration under Fed. R. Civ. P. 37(c)(1) because he was not previously disclosed as a witness under Fed. R. Civ. P. 26(a). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff concedes that it did not disclose Robins as part of its initial or supplemental discovery disclosures under Rule 26(a) and (e) on the topic of trade secret protection, but argues that the failure to disclose was substantially justified or harmless.

---

[8] Doc. 342-2.

[9] Doc. 307-6 at 8–9. Robins was identified as a potential witness with relevant information about communications with Defendant and her representatives. Doc. 347-1.

Whether a party's Rule 26(a) or (e) violation is substantially justified or harmless is left to the broad discretion of the Court.[10]  This determination should be guided by the following so-called *Woodworker's* factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[11]

As for the first factor, the prejudice or surprise to Defendant is minimal.  The Robins Declaration is limited to a single issue: he states that he was one of the attorneys who represented Plaintiff in copyright registration matters and registered the ATI Practice Exams as "Secure Tests," under 37 C.F.R. § 202.20 in order to maintain their confidentiality.  Robins also attests to the authenticity of attached practice exam exhibits that he states were registered under the secure test rule.[12]  Although Robins was not previously disclosed by ATI as a witness on the issue of trade secret protection, his name was listed on the copyright registrations attached to the Complaint.  Moreover, Plaintiff's claim that Defendant misappropriated ATI's *practice exams* was not added to the case until May 2021.  Plaintiff agreed to cooperate with additional discovery on this new claim, but Defendant sought none.  When the Amended Pretrial Order was entered on June 8, 2021, Plaintiff asserted that the practice exams were registered under the secure test rule.  Defendant did not make clear that she would contest this contention, instead claiming as a defense that "Plaintiff violated the law and committed a fraud on the Copyright

---

[10] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191–92 (10th Cir. 2009)) (citations omitted).

[11] *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[12] Docs. 342-2, 346-11 through 346-22.

5

Office by inaccurately representing to the Copyright Office that the practice exams qualified as 'secure tests' under the Copyright Office regulations."[13]

In the opening brief in support of its motion for summary judgment, Plaintiff argued that the practice exams are trade secrets under federal and state law, pointing to ATI's Terms and Conditions, and that it took the same measures to protect the practice exams as it took to protect its proctored exams, such as secure storage.  Plaintiff did not point to its registration of the practice exams' copyrights as evidence of its measures to protect the practice exams' confidentiality.  Defendant argued in its response that Plaintiff failed to submit evidence that it used the secure test rule when it registered the practice exams; therefore, Plaintiff did not protect the confidentiality of the Practice Exams when it registered them and they cannot be considered trade secrets.[14]  It should come as no surprise to Defendant that Plaintiff would reply to this argument with evidence to support the assertion it previously made in the Amended Pretrial Order—that it did in fact register its practice exams under the secure test rule.  Plaintiff submitted Robins' single-issue declaration to rebut this discrete and narrow assertion; it was not asserted as a new or separate basis for summary judgment.

The next two factors also weigh in favor of Plaintiff.  This case is at the summary judgment stage, and Robins' declaration addresses a claim that was added to the case just a few months before summary judgment briefing ensued.  The Court can easily cure any nominal prejudice to Defendant by allowing her to file a sur-reply to address the declaration.  As

---

[13] *Id.* at 19.

[14] Defendant claims that the Robins Declaration was unnecessary because she "merely pointed out that ATI had not mentioned the secure test rule in support of its Motion for Partial Summary Judgment, and it had not submitted any evidence to show that it had deposited any practice exams under the secure test rule." Doc. 348 at 3. In fact, the response argues that Plaintiff's deposit of the practice exams with the Copyright Office mean that they cannot be trade secrets "as a matter of law," absent evidence they were filed under the secure test rule. Doc. 335 at 45.

described more fully in the next section, Defendant may file a targeted sur-reply addressing this new evidence, which cures any prejudice associated with the summary judgment briefing based on Plaintiff's failure to disclose. As to the third factor, trial is not set until April 2022. Defendant has ample time before trial to prepare for Robins' testimony or otherwise refute Plaintiff's contention that it filed the practice exams under the secure test rule. For example, Plaintiff offers to make Robins available for a limited deposition relating to his statements and exhibits submitted in the declaration.

Finally, the Court considers Plaintiff's bad faith or willfulness in failing to disclose Robins. Defendant insists that Plaintiff intentionally withheld Robins in order to "sneak in Mr. Robins' testimony at the last moment, hoping Ms. Parkes would not get a chance to respond to it."[15] The Court disagrees that there is any evidence of Plaintiff's willfulness or bad faith in failing to disclose Robins. There is no evidence of Plaintiff hiding Robins' identity. Plaintiff submitted copyright registration exhibits with the Complaint that contained Robins name in the certification section. Plaintiff also disclosed Robins in other interrogatory responses as a witness who had relevant information about communications with Defendant. Although it is true he was not listed as a witness with information about the measures Plaintiff took to protect its trade secrets, the omissions identified by Defendant were all completed before the Pretrial Order was amended to add the claims based on the practice exams. None of the discovery identified by Defendant specified that it sought information about practice exams; it sought information about "each exam question and answer that you claim constitutes your trade secrets."[16] The deadline to

---

[15] Doc. 343 ¶ 11.

[16] *See* Docs. 307-6, No. 14 and 307-8.

supplement these responses was December 20, 2020; the claims were not added until May 24, 2021.

Defendant argues that Plaintiff supplemented its interrogatory answers to claim trade secret protection for ATI's practice exams on January 29, 2021, but it failed to identify Robins at that time. Plaintiff responds that it was not on notice that the secure test rule would be at issue. Defendant replies that if Plaintiff sought to rely on its compliance with the secure test rule in order to demonstrate the measures it took to maintain the confidentiality of the practice exams, it had a duty to identify that evidence in its discovery responses and opening brief in support of summary judgment. And Defendant claims that Plaintiff should have been on notice from the Amended Pretrial Order that Defendant may contest trade secret protection on this basis.

Contrary to Defendant's assertion, it is apparent that Plaintiff did not intend to rely on its copyright registration under the secure test rule in order to prove that it took steps to protect the confidentiality of the practice exams. Plaintiff did not assert in its opening brief in support of summary judgment that it filed the practice exams under the secure test rule. It was only after Defendant challenged the practice exams' confidentiality on the basis of public copyright registrations that Plaintiff sought to introduce Robins' declaration. And while Plaintiff surely knew enough about its amended claims in January 2021 to supplement discovery responses, it apparently did not believe Defendant would dispute that the copyright registrations for the practice tests were filed under the secure test rule—an easily provable fact. The Court agrees with Plaintiff that Defendant's contentions about the secure test rule in the Amended Pretrial Order are less than pellucid. And even if Defendant is correct that Plaintiff misread Defendant's contentions in the Amended Pretrial Order, such a misreading does not support a finding of

willful nondisclosure or bad faith. The Court finds no evidence that Plaintiff's late disclosure of Robins was made in an effort to "sneak" him into this case as a witness at the Eleventh Hour.

In sum, the Court finds that the *Woodworker's* factors weigh in favor of a finding that Plaintiff's failure to disclose Robins as a witness with knowledge of the measures Plaintiff took to protect the confidentiality of its practice exams was substantially justified or harmless. Any prejudice associated with his late disclosure can be remedied by a targeted sur-reply brief and, if necessary, a limited pretrial deposition. Because the Court declines to strike Robins' Declaration under Rule 37(c)(1), Defendant's concomitant motion to strike the attached practice exams for lack of authentication is denied.

### III.    Motion for Leave to File Sur-Reply

Defendant seeks leave to file a sur-reply as to Plaintiff's Motion for Partial Summary Judgment. "Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Surreplies typically are not allowed."[17] Sur-replies require leave of court and are only granted under "rare circumstances."[18] When a party seeks leave to file a document that may not be filed as a matter of right, such as a sur-reply, that party must comply with D. Kan. Rule 15.1, which requires the filer to attach the proposed document to be filed. Here, Defendant failed to attach her proposed sur-reply to the motion for leave, and the motion can be denied on this basis alone.

Although Defendant did not submit a proposed sur-reply, she identifies in her motion for leave a list of "new material" that she wishes to address in a sur-reply—the Robins Declaration and all exhibits that were not attached to the original brief, including different deposition

---

[17] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citation omitted).

[18] *Id.* (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

excerpts from witnesses that were attached to the opening brief.  To be sure, the nonmoving party on summary judgment "should be given an opportunity to respond to new material raised for the first time in the movant's reply."[19]  Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[20]  New material includes both evidence and legal arguments.[21]  However, "[a] reply which merely responds to matters placed in issue by the response, and 'does not spring upon the opposing party new reasons for the entry of summary judgment' is entirely proper."[22]  "[A] reply 'may properly highlight the deficiencies' in a response 'without opening the door to additional pleadings.'"[23]  The "reply serves its purpose when it responds 'to matters placed in issue by the response,' rather than providing new legal arguments."[24]  The Court finds that the evidence identified by Defendant in paragraph 15 of her motion is not new.  Instead, this material was submitted in rebuttal to arguments asserted by Defendant in the response; it does not present new reasons for entry of summary judgment.  As such, it is appropriate for this Court to consider the material attached to Plaintiff's reply and a sur-reply is not warranted.

In sum, the Court denies Defendant's motion for leave to file a sur-reply in its entirety for failure to comply with D. Kan. 15.1.  However, the motion is denied without prejudice to the limited extent Defendant seeks leave to file a sur-reply to address the Robins Declaration since

---

[19] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).

[20] *Id.* (quoting *Beaird*, 145 F.3d at 1164–65).

[21] *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)).

[22] *Vonlintel v. Eagle Commc'ns, Inc.*, No. 14-4125-KHV, 2015 WL 5093271, at *1 (D. Kan. Aug. 28, 2015) (quoting *Stevens v. Water Dist. One*, 561 F. Supp. 2d 1224, 1232 (D. Kan. 2008)).

[23] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021) (quoting *Carter v. Spirit Aero Sys., Inc.*, No. 16-1350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019)).

[24] *Id.* (quoting *Carter*, 2019 WL 3732684, at *12) (alteration omitted).

Robins was not previously disclosed as a witness on the subjects addressed in his declaration. The other matters about which Defendant seeks to address in a sur-reply do not constitute new material, and, thus, do not require this Court to either disregard them or allow Defendant an opportunity to respond.

**IT IS THEREFORE ORDERED BY THE COURT** Defendant's Motion to Set Oral Argument (Doc. 330) is **denied**; Defendant's Motion to Strike the Declaration of Lawrence Robins (Doc. 343) is **denied;** and Defendant's Motion for Leave to File Surreply (Doc. 343) is **denied without prejudice** as described above. Any renewed motion for leave to file a sur-reply shall be filed no later than October 29, 2021.

**IT IS SO ORDERED.**

Dated: October 19, 2021

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE