UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CATHY PARKES d/b/a LEVEL UP RN<br><br>　　　　Defendant. | Case No. 2:19-cv-02514 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A BENCH TRIAL**

The Court should grant ATI's motion for a bench trial because Defendant has no right to a jury trial. Defendant knowingly and voluntarily waived any right to a jury *three times*, including twice *after* she graduated from nursing school *to build her business*. But even in the absence of a waiver, neither the Copyright Act nor the Seventh Amendment provides a right to a jury trial when all forms of relief sought are equitable, as they are here. The costs and risks of empaneling any jury, even an advisory one, are unwarranted in these circumstances.

I. **Defendant's Repeated Waiver of a Jury Trial Was Knowing and Voluntary.**

In assessing whether a contractual waiver of a jury trial was knowing and voluntary, the ultimate question is "not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. Western United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fl. 2004). There is no such unfairness here.

Defendant makes two meritless arguments as to why her waiver was not knowing and voluntary. *First*, she argues that, as a student, she was required to accept ATI's Terms and Conditions in order to access the materials she needed for school. *See* Doc. No. 385 at 4. This argument, however, completely ignores the fact that, long after she graduated, Defendant accepted ATI's Terms and Conditions two more times—for the sole purpose of using the ATI exams to create the infringing products at issue in this case. *See* Doc. No. 297-6 at 10; Doc. No. 297-7 at 4. Even when contract terms are not negotiable, courts have enforced jury trial waivers where the individual "simply could have declined the offered terms" but chose to accept them because they found the benefits of the bargain favorable. *Boyd v. U.S. Bank Nat. Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *18–19 (D. Kan. Sept. 26, 2007); *see also PostNet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, No. 06-cv-00125, 2006 WL 1775599, at *3 (D. Colo. June 26, 2006) (enforcing a jury waiver clause that was not subject to negotiation because the

franchisee was "free to reject the Franchise Agreement and to decline to become a . . . franchisee"). Here, Defendant was free to reject ATI's Terms and Conditions. Instead, she repeatedly accepted them, including the jury trial waiver in all three versions of the Terms and Conditions that she accepted, so she could access and use ATI's materials to build her business. Her jury waiver was entirely voluntary.

*Second*, Defendant argues that the jury waiver language in ATI's Terms and Conditions was not conspicuous enough for her to read. But this is not a case where the waiver was "buried in the fine print" of the contract. Courts have rejected arguments that waiver provisions must be "clear, high-lighted, italicized," instead finding that waiver provisions are sufficiently conspicuous where, as here, they were "printed in the same typeface as all other provisions of the contract." *F.D.I.C. v. Ottawa Univ.*, 906 F. Supp. 601, 602 (D. Kan. 1995); *PostNet*, 2006 WL 1775599, at *2 (rejecting "the suggestion that a term of a contract is not conspicuous merely because it is contained on the next to last page of the contract; is not in a distinctive typeface; or does not have a particularized caption summarizing its content"). Furthermore, the waiver language in ATI's Terms and Conditions is in plain English and clear enough for any person to understand, even without a lawyer: "The parties each waive any rights to a jury trial for any cause of action arising out of this Agreement." Doc. No. 14-10 at 8; *see PostNet*, 2006 WL 1775599, at *3 (enforcing waiver clause that was "clear and easy to understand").

In sum, Defendant knowingly and voluntarily waived any right she may have had to a jury trial on multiple occasions so she could use ATI's materials for her business. She should be held to the terms of her agreement with ATI. Enforcing the parties' mutual jury trial waiver here is fair and reasonable.

**II.     Defendant's Jury Waiver Applies to All Claims, Including ATI's Copyright Claim.**

Defendant does not dispute that ATI's breach of contract and trade secret claims arise out

2

of the Terms and Conditions that she accepted and are subject to the jury waiver. She argues only that ATI's copyright claim falls outside of her jury trial waiver because it "arises from the copyright statute, not the contract." Doc. No. 385 at 5. This is a false distinction because the contract between ATI and Defendant expressly prohibits the illegal copying that forms the basis for ATI's copyright infringement claim: "You agree not to copy . . . or create any derivative works of or based on the ATI Products or ATI Services[.]" Doc. No. 14-10 at 3. ATI's claim for copyright infringement thus "arises out of" the same transaction or course of Defendant's conduct as ATI's other claims. *Cf.* Fed. R. Civ. P. 13(a)(1)(A) (defining a compulsory counterclaim as one that "arises out of" the same "transaction or occurrence" as other claims).

### III. Defendant Has No Statutory or Constitutional Right to a Jury Trial for a Copyright Claim That Seeks Only Disgorgement of Profits.

Even in the absence of a jury waiver, Defendant still has no right to a jury trial as to ATI's claim for disgorgement of profits under § 504(b) of the Copyright Act. Defendant argues that she has a jury trial right under the Copyright Act as well as the Seventh Amendment. *See* Doc. No. 385 at 5–11. The Court should reject both of Defendant's arguments.

*First*, there is no statutory right to a jury trial for disgorgement of profits under § 504(b). At least two district courts recently came to this very conclusion. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 408 F. Supp. 3d 1019, 1023–25 (D. Minn. 2019), *aff'd*, 468 F. Supp. 3d 1110 (D. Minn. 2020); *Navarro v. Procter & Gamble Co.*, 529 F. Supp. 3d 742, 747–51 (S.D. Ohio 2021). As these courts noted, there is no reference to a jury trial right anywhere in § 501 of the Copyright Act—the section that expressly authorizes an action for infringement—or in § 504(b). *See, e.g., Fair Isaac*, 408 F. Supp. 3d at 1024 (noting that "§ 501 is simply silent on the question"). The statute's silence is notable because, "[w]hen Congress wants to create a right to trial by jury, it knows how to say so, and it has not done so here." *Navarro*, 529 F. Supp. 3d at 748.

3

Moreover, the history and development of the Copyright Act demonstrates that disgorgement of profits has always been considered an equitable remedy. As the Supreme Court stated, "Prior to the Copyright Act of 1909, 17 U.S.C.A. s 1 et seq., there had been no statutory provision for the recovery of profits, ***but that recovery had been allowed in equity*** both in copyright and patent cases as appropriate equitable relief incident to a decree for an injunction." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940) (emphasis added). Thus, "[g]iven its history as a form of equitable relief, there is little reason to believe that Congress would have intended, by implication, to create a jury trial right when it added this relief to the statute." *Navarro*, 529 F. Supp. 3d at 748. To the contrary, in passing the most recent version of the Copyright Act, Congress made clear that a claim for disgorgement of defendant's profits, when not used as a measure for plaintiff's damages, must be apportioned by a court—not a jury:

> [I]n cases . . . where there have been profits attributable to the copyrighted work but not used as a measure of damages, subsection (b) authorizes the award of both. . . . [W]here some of the defendant's profits result from the infringement and other profits are caused by different factors, ***it will be necessary for the <u>court</u> to make an apportionment***.

*Fair Isaac*, 408 F. Supp. 3d at 1025 (citing H.R. 94-1476, 1976 U.S.C.C.A.N. 5659, 5777 (emphasis added)). A court could not properly perform such an apportionment if the jury, rather than the court, determined the amount of profits in the first instance.

Defendant relies on the unpublished decision in *Huffman v. Activision Publ'g, Inc.*, No. 2:19-CV-00050-RWS-RSP, 2021 WL 2339193 (E.D. Tex. June 8, 2021), where the court reached the opposite conclusion from the *Fair Isaac* and *Navarro* courts. In that case, the court concluded that there was an alternative reasonable reading of § 504(b) incorporating a jury trial right and that such a reading should be adopted to avoid the constitutional question of whether such a right exists. *See id.* at *4. ATI respectfully submits that, in light of the statutory language and history of the Copyright Act as recognized in *Fair Isaac* and *Navarro*, the alternative

interpretation provided by the *Huffman* court is anything but reasonable.  The Court should hold that Defendant has no statutory right to a jury where ATI is seeking only disgorgement of profits.

*Second*, Defendant also has no Seventh Amendment right to a jury trial, which extends only to claims for legal relief, not claims for equitable relief like those asserted in this case.  Not only has the Supreme Court consistently characterized disgorgement of profits as an equitable remedy, it has expressly acknowledged that a court—not a jury—performs the assessment of profits in a copyright case.  *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 687 (2014) ("Should Petrella ultimately prevail on the merits, **the District Court**, in determining appropriate injunctive relief and ***assessing profits***, may take account of her delay in commencing suit.") (emphasis added); *Sheldon*, 309 U.S. at 399 (noting that, prior to enactment of the Copyright Act of 1909, recovery of profits "had been allowed in equity"); *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 352 (1998) (characterizing "actions for disgorgement of improper profits" as "equitable").  The Tenth Circuit has similarly ruled that "[d]isgorgement is by nature an equitable remedy as to which a trial court is vested with broad discretionary powers."  *S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006).[1]

For these reasons, Defendant has no right to a jury trial.  The Court should grant ATI's motion for a bench trial and reject Defendant's eleventh-hour request to burden the Court and the parties with the unnecessary burdens and risks of empaneling and charging a jury, even in an advisory function, during a pandemic.

---

[1] Defendant points to Fifth Circuit and Ninth Circuit cases holding to the contrary, but those cases have been repeatedly questioned and rejected.  *See, e.g.*, *Fair Isaac*, 408 F. Supp. 3d at 1029 (explaining the misreading of precedent underlying *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964), and *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977), *overruled on other grounds*); *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110, 114 (9th Cir. 2020) (Friedland, J., concurring) (arguing *Krofft* was wrongly decided and in tension with other Ninth Circuit precedent).

5

| | |
|---|---|
| Dated: February 22, 2022 | Respectfully submitted,<br><br>STINSON LLP<br><br>/s/ *Sean W. Colligan*<br>Timothy J. Feathers (KS Bar No. 13567)<br>Sean W. Colligan (KS Bar No. 25727)<br>1201 Walnut Street, Suite 2900<br>Kansas City, MO 64106-2150<br>Tel.: 816-691-2754<br>Fax: 816-412-1134<br>*timothy.feathers@stinson.com*<br>*sean.colligan@stinson.com*<br><br>and<br><br>**GOODWIN PROCTER LLP**<br><br>Brett M. Schuman *(Admitted Pro Hac Vice)*<br>Nicholas M. Costanza *(Admitted Pro Hac Vice)*<br>Three Embarcadero Center, 24th Floor<br>San Francisco, CA 94111<br>Tel.: 415-733-6000<br>Fax: 415-677-9041<br>*bschuman@goodwinlaw.com*<br>*ncostanza@goodwinlaw.com*<br><br>I. Neel Chatterjee *(Admitted Pro Hac Vice)*<br>Andrew S. Ong *(Admitted Pro Hac Vice)*<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel.: 650-752-3100<br>Fax:  650-853-1038<br>*nchatterjee@goodwinlaw.com*<br>*aong@goodwinlaw.com*<br><br>*Attorneys for Plaintiff*<br>***ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.*** |

## Certificate of Service

It is hereby certified that on this 22nd day of February, 2022, the above and foregoing was filed with the court through its CM/ECF system which automatically serves all parties of record electronically.

    *Sean W. Colligan*