IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN,<br><br>Defendant. | Case No. 19-2514-JAR |

## MEMORANDUM AND ORDER

On January 5, 2022, the Court filed under seal a Memorandum and Order ("January 5 Order") ruling on the parties' summary judgment motions because many of the parties' exhibits in support were filed under seal.[1] The Court issued a companion Notice of Unsealing and Order, explaining that this status is temporary until the Court can determine the extent to which its Order should be redacted, if at all.[2] The Court provided deadlines for the parties to submit either agreed upon or disputed proposed redactions.

Now before the Court are Plaintiff's Motion to Redact Limited Portions of the Court's January 5, 2022 Memorandum and Order (Doc. 379), and Defendant Cathy Parkes' Motion for Leave to File a Redacted Version of the Court's Order (Doc. 377). The parties agree that certain redactions are appropriate for references to specific questions and/or answers from Plaintiff's proctored exams. They dispute several other redactions proposed by Plaintiff. As described more fully below, the parties' motions are granted in part and denied in part. The Court's unredacted January 5 Order shall remain sealed. Another version of the Order will be filed on

---

[1] Doc. 367.
[2] Doc. 368.

the public docket with the following redactions: (1) specific questions and answers from Plaintiff's proctored exams on pages 54 and 55; (2) the third/final paragraph in the block quote on page 19; and (3) the third/final paragraph in the block quote on page 26.

## I.     Standard

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[3]  The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[4]  "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[5]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6]  Plaintiff cannot meet its burden to overcome the presumption against sealing "simply by pointing out that the records are subject to a protective order in the district court."[7]

## II.    Discussion

The parties' motions present three categories of redactions for the Court's consideration: (1) references to Plaintiff's specific proctored exam questions and answers; (2) excerpted statements from Defendant's videos and deposition that discuss Plaintiff's exam topics; and (3) Plaintiff's internal and customer communications from 2018 and 2019 regarding its Security Test Department's review of Defendant's materials.

---

[3] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[4] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[5] *Id.*; *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016).

[6] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[7] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *JetAway Aviation, LLC v. Bd. of Cnty. Commr's*, 754 F.3d 824, 826–27 (10th Cir. 2017).

The Court must begin with the presumption that the public's interest in accessing the Court's unredacted January 5 Order is paramount. Indeed, the document at issue adjudicated the remaining claims of the parties under the summary judgment standard, made determinations about which claims must go to trial, and ruled on several evidentiary issues. "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[8] The Court finds that this strong presumption applies to its January 5 Order.

A.  **Proctored Exam Questions and Answers**

As to the first category of redactions referencing three specific proctored exam questions and answers, Defendant does not dispute that Plaintiff has articulated a significant interest in sealing that outweighs the public's interest in access. The proctored exam questions and answers are trade secrets, as the Court determined in its January 5, 2022 Order. Plaintiff has a significant interest in protecting the confidentiality of its trade secrets, and that interest outweighs the public's right to access that information.[9] Plaintiff's motion to redact references to specific questions and answers from its proctored exams on pages 54 and 55 of the Court's January 5 Order is granted.

B.  **Defendant's Statements About Exam Topics**

The second category of redactions is related to the first, but mandates a different conclusion. Plaintiff asks the Court to further redact the references to Defendant's statements in her videos that the Court compared to the specific proctored test questions and answers. The Court cannot find that Plaintiff has shown a significant interest in sealing this information. As the Court found in its January 5 Order, there is no genuine issue of material fact that Defendant

---

[8] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[9] *See* 18 U.S.C. § 1835(a)–(b) (directing courts to protect the confidentiality of trade secrets).

3

did not disclose specific test items in her videos; she merely discussed general nursing topics that happened to cover some of the same topics tested on Plaintiff's exams. Defendant's statements on pages 54 and 55 do not reveal Plaintiff's trade secrets; thus, Plaintiff does not have a significant interest in the confidentiality of these statements that outweighs the public's right to access.

Similarly, Plaintiff urges the Court to redact two quoted statements from Defendant's deposition on pages 57 and 58, in which Defendant in turn quotes from her videos and discusses topic areas that she had encountered on Plaintiff's practice exams. Again, Plaintiff cannot demonstrate it has a significant interest in the confidentiality of these statements sufficient to outweigh the strong presumption in favor of public access. These two statements do not disclose trade secret information; they are examples of Defendant's general impression of topics she had encountered on the hundreds of ATI practice exams she had taken. And these statements are part of the Court's substantive determination on summary judgment.

Plaintiff suggests that the Court should seal Defendant's statements in order to preserve for appeal its unsuccessful argument on summary judgment that she disclosed trade secrets, despite not revealing specific exam questions and answers. Plaintiff's citation to a recent unpublished Sixth Circuit decision in support of this proposition is unavailing.[10] In this short order, the Sixth Circuit merely reaffirmed the uncontroversial principle that documents that reveal trade secrets generally satisfies a party's burden to show a compelling reason to overcome the presumption in favor of access.[11] None of Defendant's statements in the proposed redactions reveal trade secrets; they merely reference topic areas about which Defendant advised

---

[10] *Magnesium Mach., LLC v. Terves, LLC*, No. 20-3998, 2022 U.S. App. LEXIS 1226 (6th Cir. Jan. 14, 2022).

[11] *Id.* at *2–3.

her viewers to be familiar. Plaintiff's motion to redact Defendant's statements on pages 54, 55, 57, and 58 is therefore denied.

### C. Plaintiff's Internal Communications and Communications with Customers

Finally, Plaintiff moves to redact references to Plaintiff's 2018 and 2019 internal communications and communications with customers about its review of Defendant's products and its conclusion that they did not implicate Plaintiff's intellectual property rights. Plaintiff does not argue that these communications are trade secrets. Instead, Plaintiff argues that it has a significant interest in protecting the confidentiality of this information because the materials "reveal the internal operations of ATI's Test Security group," and "the specific actions ATI took in response to reported instances of third-party violations of its intellectual property rights."[12] The Court finds that a particularly strong presumption of access applies to this category of proposed redactions because the Court relied on this evidence in determining that Defendant's affirmative defenses demonstrated a genuine issue of material fact exists on Plaintiff's claims. Specifically, the Court found that the evidence recited on pages 18–21 and 25–26 supported Defendant's equitable estoppel and implied consent affirmative defenses because it demonstrated awareness, and repeated assurances to customers, employees, and Defendant that Plaintiff did not consider her products to be infringing.

Plaintiff does not demonstrate a significant interest in the confidentiality of these materials sufficient to overcome the strong presumption in favor of public access, with two exceptions. The vast majority of proposed redactions do not reference confidential information; they reference in a conclusory fashion that Plaintiff had reviewed Defendant's products and concluded that her products did not violate ATI's intellectual property rights. This is not

---

[12] Doc. 379 at 5.

5

sufficient to overcome the presumption in favor of public access, and nothing in these proposed redactions reference specific measures ATI took to deter third-party violations of its intellectual property rights. The fact that these communications may have been covered by the protective order is not, standing alone, sufficient to establish that sealing reference to them in a summary judgment order is appropriate.[13]

Only two proposed redactions address any specific technique or action Plaintiff took that could potentially put it at a business disadvantage if publicly disclosed. Out of an abundance of caution, the Court will allow these two redactions. First, on page 19, the Court will redact the third/final paragraph in the email block quote from Doc. 336-3 at 2. This is an email from the Test Security Department to a nursing school customer that references specific actions Plaintiff was willing to take to investigate the report. Otherwise, the email constitutes a general statement that Plaintiff reviewed Defendant's products and its conclusions. Second, on page 26, the Court will redact the third/final paragraph in the block quote from Doc. 336-25. This is an internal email that in the final paragraph references specific steps Plaintiff took in response to reports that Defendant's products may infringe on Plaintiff's intellectual property rights. Thus, the Court will redact these two references to specific actions Plaintiff's Test Security Department took in response to reports about Defendant's products. The Court otherwise denies Plaintiff's motion to redact these communications because it fails to meet its burden of showing a significant interest in sealing that outweighs the strong presumption in favor of public access.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Redact Limited Portions of the Court's January 5, 2022 Memorandum and Order (Doc. 379), and

---

[13] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826–27 (10th Cir. 2017).

Defendant Cathy Parkes' Motion for Leave to File a Redacted Version of the Court's Order (Doc. 377) are **granted in part and denied in part**, as set forth above. By **March 4, 2022**, Plaintiff shall submit to the Court by email a copy of the January 5 Order with the redactions provided for in this Order to be filed on the public docket. The unredacted version of the Order will remain sealed.

**IT IS SO ORDERED.**

Dated: February 24, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
