IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASSESSMENT TECHNOLOGIES INSTITUTE, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>CATHY PARKES d/b/a LEVEL UP RN,<br><br>**Defendant.** | Case No. 19-2514-JAR |

**MEMORANDUM AND ORDER**

This lawsuit is set for trial on April 5, 2022, on Plaintiff Assessment Technologies Institute, LLC's ("ATI") remaining claims against Defendant Cathy Parkes, doing business as Level Up RN, arising out of her sale and distribution of nursing-education study material: copyright infringement under the Copyright Act, misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") and the Kansas Uniform Trade Secrets Act ("KUTSA"), unfair competition under Kansas law, and breach of contract under Kansas law. Before the Court is Plaintiff's Motion for a Bench Trial (Doc. 376). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants Plaintiff's motion for a bench trial.

**I.    Background**

Plaintiff filed this action on August 27, 2019, but did not file a jury trial demand. On October 1, 2019, Defendant filed a Jury Trial Demand in her Answer and in a separate document.[1] On February 25, 2020, the parties submitted a joint report under Rule 26(f) to

---

[1] Docs. 24, 25.

Magistrate Judge Kenneth Gale, contemplating a jury trial; the March 4, 2020 Scheduling Order set this matter for jury trial on November 9, 2021.[2]

At the February 19, 2021 Pretrial Conference before Judge Gale, the parties raised for the first time a dispute about whether this trial should be before the Court or a jury.[3] Judge Gale set briefing deadlines for the parties 45 days before trial on this issue. On February 26, 2021, due to outstanding discovery issues, the parties jointly requested and obtained a continuance of the trial date to April 5, 2022.[4] It remains on the Court's April 5, 2022 trial calendar as a firm trial setting. In its January 5, 2022 Memorandum and Order ruling on the parties' summary judgment motions, this Court directed expedited briefing on Plaintiff's request for a bench trial. That motion is now before the Court and is fully briefed.

**II.     Discussion**

The right to a jury trial "as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."[5] The Seventh Amendment protects the jury trial right "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars."[6] Defendant maintains that she has a right to a jury trial under the Copyright Act and the Seventh Amendment. Plaintiff contends that Defendant has no right to a jury trial under the statute or the Constitution, and that even if she does she waived her jury trial right by agreeing to ATI's Terms and Conditions, which include a jury trial waiver.

---

[2] Doc. 82.
[3] Doc. 234.
[4] Doc. 246.
[5] Fed. R. Civ. P. 38(a).
[6] U.S. Const. amend. VII.

### A. Right to a Jury Trial

Defendant claims she has a statutory and constitutional right to a jury trial because Plaintiff seeks recovery of Defendant's profits. The Supreme Court counsels that "[b]efore inquiring into the applicability of the Seventh Amendment, we must 'first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided.'"[7]

#### 1. The Copyright Act

Under 17 U.S.C. § 504, an infringer is liable either for "the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or" for "statutory damages, as provided by subsection (c)."[8] Here, Plaintiff seeks disgorgement of profits under subsection (b); it does not seek actual damages.[9] Under § 504(b):

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.[10]

This provision does not explicitly grant a right to have a jury assess the infringer's profits; it only explains the respective burdens of the parties in establishing the amount of profits to be disgorged.

---

[7] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345 (1998)).

[8] 17 U.S.C. § 504(a).

[9] Doc. 293 at 19–20.

[10] 17 U.S.C. § 504(b).

In deciding that there was no statutory right to a jury trial for § 504(c) statutory damages, the Supreme Court reasoned in *Feltner v. Columbia Pictures Television, Inc.*:

> The word "court" in [§ 504(c)] appears to mean judge, not jury. In fact, the other remedies provisions of the Copyright Act use the term "court" in contexts generally thought to confer authority on a judge, rather than a jury. *See, e.g.*, § 502 ("court . . . may . . . grant temporary and final injunctions"); § 503(a) (" [T]he court may order the impounding . . . of all copies or phonorecords"); § 503(b) ( "As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords"); § 505 ("[T]he court in its discretion may allow the recovery of full costs" of litigation, and "the court may also award a reasonable attorney's fee"). In contrast, the Copyright Act does not use the term "court" in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief.[11]

Defendant argues that an award of profits under § 504(b) is a legal, rather than equitable, remedy based on this language in *Feltner*.[12] But this Court is not persuaded that the above-quoted language from *Feltner* supports the conclusion that § 504(b) provides a right to a jury trial on disgorgement of profits.

The quoted language from *Feltner* is more than mere dicta since it is part of the Court's rationale for concluding that the statute does not confer a right to a jury trial on statutory damages. But the Court did not hold that the absence of the word "court" in subsection (b) confers a right to a jury trial on an award of profits.[13] The Court's citations in support of its statement that § 504(b) remedies "generally are thought to constitute legal relief," are to cases

---

[11] *Feltner*, 523 U.S. at 346 (case citations omitted). The Court ultimately found that there was a Seventh Amendment right on statutory damages under § 504(c). *Id.* at 355.

[12] *See Huffman v. Activision Publ'g, Inc.*, No. 19-cv-00050-RWS-RSP, 2021 WL 2339193, at *3–5 (E.D. Tex. June 8, 2021).

[13] *Feltner*, 523 U.S. at 346.

about damages, not awards of profits.[14]  There is simply no clear provision in the Copyright Act that creates a jury trial right for disgorgement of profits, and this Court declines to infer congressional intent from the absence of the word "court" in § 504(b).[15]

### 2. Seventh Amendment

The Court further finds that Defendant does not have a Seventh Amendment right to have the profits remedy decided by a jury.  Under the Seventh Amendment, the phrase "Suits at common law" "refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'  The nature of the issues presented and the remedies sought determines whether an action qualifies as 'legal.'"[16]  This is a two-part inquiry: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature."[17]  This second part of the inquiry is "more important."[18]  If the historical two-party inquiry does not yield a clear answer, the Court looks to "precedent and functional considerations."[19]

---

[14] *Id.* (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) (holding that "an action for damages based upon a charge of trademark infringement . . . would be no less subject to cognizance by a court of law"); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946) (noting that copyright action for damages under the 1909 Copyright Act is "triable at 'law' and by a jury as of right"); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1014 (7th Cir. 1991) ("There is little question that the right to a jury trial exists in a copyright infringement action when the copyright owner endeavors to prove and recover its *actual* damages"); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.10[B] (1997) (discussing actual damages)).

[15] *Accord Fair Isaac Corp. v. Fed. Ins. Co.*, 468 F. Supp. 3d 1110, 1113–14 (D. Minn. 2019); *Navarro v. Procter & Gamble Co.*, 529 F. Supp. 3d 742, 747 (S.D. Ohio 2020).

[16] *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102 (10th Cir. 2009) (quoting *Teamsters, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)).

[17] *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)).

[18] *Tull*, 481 U.S. at 421.

[19] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 718–19 (1999) (citing *Feltner*, 523 U.S. at 352).

Plaintiff does not dispute that the causes of action it asserts are legal. Thus, the Court assumes without deciding that at least one of Plaintiff's causes of action in this matter—copyright infringement, misappropriation of trade secrets, unfair competition, and breach of contract—encompass legal issues. But, as stated above, the remedies inquiry is more important, so Plaintiff focuses on that issue and argues that the remedies it seeks are strictly equitable. Plaintiff seeks the following relief: (1) "[d]isgorgement of Parkes's profits resulting from her infringement of ATI's copyrights and misappropriation of ATI's trade secrets"; (2) injunctive relief; (3) an accounting; and (4) attorneys' fees and costs.[20] Defendant does not contest that Plaintiff's demand for injunctive relief, an accounting, and attorneys' fees and costs are equitable and properly decided by the Court. But Defendant maintains that disgorgement of profits is legal in nature and therefore a jury trial right attaches.

The general rule is that monetary relief is legal.[21] There is no dispute that there would be a Seventh Amendment right to a jury trial if Plaintiff sought actual damages in this case. But the recovery of profits under § 504(b) is a hybrid remedy, as the Supreme Court explained in *Petrella v. Metro-Goldwyn-Mayer, Inc.*: "Like other restitutional remedies, recovery of profits 'is not easily characterized as legal or equitable,' for it is an 'amalgamation of rights and remedies drawn from both systems.' Given the 'protean character' of the profits-recovery remedy, we regard as appropriate its treatment as 'equitable' in this case."[22] Indeed, the Tenth Circuit has described disgorgement of profits as "by nature an equitable remedy as to which a trial court is

---

[20] Doc. 293 at 19–20.

[21] *Id.* at 710.

[22] 572 U.S. 663, 668 (2014) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 4, cmts. b & c (Am. L. Inst. 2010)).

vested with broad discretionary powers."[23]  The Federal Circuit considered whether the disgorgement of profits remedy was available at law in 1791 for copyright infringement and trade secret misappropriation and concluded that it was not.[24]  Defendant advances no argument that the disgorgement of profits remedy is being used in this case as a proxy for actual damages, which could support a claim that Plaintiff seeks legal relief.[25]  Therefore, the Court follows authority from the Supreme Court, Federal Circuit, and Tenth Circuit and finds that disgorgement of profits, at least in this case, is an equitable claim to which no Seventh Amendment right to a jury trial attaches.[26]

**B.    Waiver**

Even if Defendant demonstrated a right to a jury trial on Plaintiff's disgorgement of profits remedy in this matter, the Court finds that Plaintiff waived this right when she agreed to ATI's Terms and Conditions in 2013, 2018, and 2019.  It was uncontroverted on summary judgment that, as a nursing student, Defendant created an ATI account in order to access its

---

[23] *S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1179 (10th Cir. 2006) (quoting Arnold S. Jacobs, Disclosures & Remedies Under the Securities Laws § 20:109).

[24] *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1324–25 (Fed. Cir. 2018) (citations omitted).

[25] *See, e.g.*, *Fair Isaac Corp. v. Fed. Ins. Co.*, 408 F. Supp. 3d 1019, 1026–27 (D. Minn. 2019) ("When the disgorgement of profits is merely a proxy for actual damages, the remedy is legal rather than equitable in nature." (citing *Texas Advanced Optoelectronic Sols., Inc.*, 895 F.3d at 1320–21)), *aff'd*, 468 F. Supp. 3d 1110 (D. Minn. 2020).

[26] The Court recognizes the contrary circuit authority cited by Defendant.  *See Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964); *Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174–75 (9th Cir. 1977).  But this Court is not persuaded that *Swofford*, on which *Sid & Marty* relied, dictates a different result here.  As the Federal Circuit more recently explained, "[t]he Fifth Circuit did not hold that disgorgement of the defendant's profits was available at law in 1791.  Nor did that court's reasoning apply to any cognizable claim for disgorgement, because the Supreme Court, a month earlier, had ruled that defendants' profits were not available under the Patent Act."  *Texas Advanced Optoelectronic Sols., Inc.*, 895 F.3d at 1326.  Defendant also relies on two unpublished out-of-circuit district court decisions.  *Huffman v. Activision Publ'g, Inc.*, No. 19-cv-00050-RWS-RSP, 2021 WL 2339193, at *3–5 (E.D. Tex. June 8, 2021); *Bertuccelli v. Universal Studios LLC*, No. 19-13045, 2021 WL 2227337 (E.D. La. June 2, 2021).  But the Court is more persuaded by the published district court cases cited above concluding that there is no Seventh Amendment right to a jury trial, particularly given that they are consistent with Tenth Circuit and Federal Circuit authority.  *Fair Isaac Corp.*, 468 F. Supp. 3d at 1113–14; *Navarro v. Procter & Gamble Co.*, 529 F. Supp. 3d 742, 747 (S.D. Ohio 2020).

products. Defendant first accepted ATI's Terms and Conditions in 2013 at the time she created her student account. Defendant accepted ATI's Terms and Conditions again on July 24, 2018, at 4:33 p.m. before accessing an ATI practice exam. And she accepted ATI's Terms and Conditions again on January 8, 2019, at 8:47 p.m. before logging into her account.[27] The Terms and Conditions are thirteen pages long. On page seven, in a section called "Miscellaneous," the Terms and Conditions state: "The parties each waive any rights to a jury trial for any claim or cause of action arising out of this agreement."[28] The Terms and Conditions also include the following provision:

> You agree not to copy, modify, rent, lease, loan, sublicense, sell, distribute, disassemble, decompile, reverse engineer, or create any derivative works of or based on the ATI Products or ATI Services (except as and only to the extent that the foregoing restrictions are not permitted under applicable law or to the extent permitted by the license terms of any open-source components included with the ATI Products or ATI Services).[29]

Defendant argues that the jury trial waiver is not enforceable, and that even if it is, it does not apply to Plaintiff's copyright claim.

Parties may contractually waive the right to a jury trial.[30] But the Court is mindful that "the right of a jury trial is fundamental, [so] courts indulge every reasonable presumption against waiver."[31] The jury trial waiver must be knowing and voluntary.[32] To make this determination, courts consider:

---

[27] Doc. 367 at 15–16.

[28] Doc. 385-1 at 7.

[29] *Id.* at 2.

[30] *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).

[31] *Christianson v. Diversified Builders Inc.*, 331 F.2d 992, 993 (10th Cir. 1964) (citing *Aetna Ins. Co. v. Kenney to Use of Bogash*, 301 U.S. 389, 393 (1937)).

[32] *Walker v. SC Realty Servs., Inc.*, No. 15-CV-9932-JAR-TJJ, 2016 WL 4245487, at *2 (D. Kan. Aug. 11, 2016) (citations omitted).

> (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms.[33]

Here, Defendant argues that all four factors weigh against a finding that she knowingly and voluntarily waived her right to a jury trial. Plaintiff responds that the waiver is enforceable, despite the presence of some of these factors. The Court agrees. The clause was not inconspicuous. It was printed in the same font and typeface as the rest of the Terms and Conditions provisions, with the exception of disclaimers of warranties and limitations of liability provisions that were written in all capital letters.[34] Although there was a disparity in bargaining power, at least when Defendant was a student, and Defendant did not have an opportunity to negotiate the contract, the uncontroverted evidence is that Defendant agreed to the Terms and Conditions three times, including after she had graduated from nursing school and passed her exams. She was not required to continue to be Plaintiff's customer and access its materials after nursing school, yet she agreed to these Terms and Conditions twice more. Under these circumstances, the Court cannot find that the parties' disparate bargaining power caused Defendant's acceptance of the jury trial waiver to be involuntary. Finally, the Court finds that Defendant's professional experience counsels in favor of finding that the waiver was knowing and voluntary. The only reason Defendant would continue to access her account with Plaintiff and agree to its Terms and Conditions in 2018 and 2019 was to advance her professional

---

[33] *Id.* (citations omitted); *see Telum*, 859 F.2d at 837 (stating that cases finding jury trial waivers unenforceable rely "on facts such as inconspicuous fine print or a gross disparity in bargaining power").

[34] *See, e.g.*, *Woodward, Inc. v. ZHRO Sols., LLC*, No. 18-CV-01468-PAB-STV, 2019 WL 1438076, at *2 (D. Colo. Mar. 31, 2019) (collecting cases); *FDIC v. Ottawa Univ.*, 906 F. Supp. 601, 602 (D. Kan. 1995) (upholding waiver where it was printed in the same typeface as all other provisions of the contract and despite failure to highlight or italicize the provision).

endeavors in selling nursing education materials. These factors support a finding that Plaintiff's repeated agreements to abide by Plaintiff's Terms and Conditions were knowing and voluntary.

Finally, the Court considers Defendant's argument that the jury trial waiver does not apply to Plaintiff's copyright claim. The plain language of the waiver applies to claims involving copying or creating derivative works of "ATI Products," which include ATI's Review Modules. The copyright claims are based on Plaintiff's assertion that Defendant copied its Review Modules, or alternatively, that she violated the Copyright Act by unlawfully creating derivative works. These claims therefore "arise out of" her account with ATI and the Terms and Conditions to which she agreed in 2013, 2018, and 2019. Thus, the jury trial waiver applies to all remaining claims alleged by Plaintiff in this action and is an additional reason to grant Plaintiff's motion for a bench trial.

**C      Request for Advisory Jury**

Defendant asks the Court to try this action to an advisory jury under Fed. R. Civ. P. 39(c)(1) if it finds that Plaintiff's motion for a bench trial is meritorious. Under Rule 39(c)(1), even if there is no right to a jury trial, the Court "on motion or on its own . . . may try an issue with an advisory jury." Whether to use an advisory jury on an equitable claim is within the Court's sound discretion.[35] Defendant argues that other courts have used advisory juries to award profits and that an advisory jury would avoid a retrial if the Court of Appeals disagrees with this Court's ruling on the bench trial motion. The Court exercises its discretion to deny the request for an advisory jury because it is not persuaded that an advisory jury would be helpful in deciding the issues in this case. Additionally, empaneling an advisory jury would impose additional expense and burden on the parties and the court system. In light of the enforceable

---

[35] Fed. R. Civ. P. 39(c); Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2335 (4th ed. 2021).

jury trial waiver, the Court declines to exercise its discretion to impose these burdens by empaneling an advisory jury.[36]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for a Bench Trial (Doc. 376) is **granted**.  This case will by tried to the bench beginning on April 5, 2022, as scheduled. The following submissions and deadlines set forth in the February 9, 2022 Pretrial Order are hereby vacated: Proposed Jury Instructions; Objections to Proposed Jury Instructions; Proposed Voir Dire Questions; Objections to Proposed Voir Dire Questions; and Joint Statement of the Case.  The parties shall also disregard the instructions in the Pretrial Order regarding the Jury Electronic Evidence Recording System.  All other deadlines remain operative.

**IT IS SO ORDERED.**

Dated: February 25, 2022

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

[36] *See Seven Seas Petroleum, Inc. v. CIBC World Markets Corp.*, No. CIV.A. 4:08-3048, 2012 WL 175415, at *4 & n.29 (S.D. Tex. Jan. 20, 2012) ("Judicial authority is scarce, and divided, on the issue of whether a contractual jury waiver precludes the Court's use of an advisory jury."); *Hargrove v. Am. Cent. Ins. Co.*, 125 F.2d 225, 228–29 (10th Cir. 1942) ("It follows that the court was not authorized of its own initiative to call a jury in an advisory capacity, when a jury was waived in the absence of a motion by one of the party litigants.").